## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| COLLISION COMMUNICATIONS, INC., | |
| *Plaintiff*, | Case No. 2:23-cv-00587-JRG |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") hereby submit their Answer in response to the First Amended Complaint for Patent Infringement (the "First Amended Complaint") filed by Collision Communications, Inc. ("Collision" or "Plaintiff") as set forth below.

Samsung denies all allegations in the First Amended Complaint, including the purported infringement chart exhibits thereto, unless expressly admitted in the following paragraphs.  Any admissions herein are for purposes of this matter only.  Samsung reserves all rights to amend its pleading, including the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to the filing of this Answer.  Each paragraph of the Answer below responds to the corresponding numbered or lettered paragraph of the First Amended Complaint.

**THE PARTIES[1]**

1.      Samsung admits that Collision purports to be a Delaware corporation with a principal place of business at 20 Depot St., Suite 2A, Peterborough, New Hampshire 03458, but is without actual knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

2.      Samsung admits that Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea, with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

3.      Samsung admits that SEC has waived service under the Hague Convention for purposes of this particular action only.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

4.      Samsung admits that SEC designs, manufactures, and sells certain consumer electronics devices that are capable of operating on cellular networks in at least some parts of the world and in at least some parts of the United States.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

5.      Samsung admits that Samsung Electronics America, Inc. ("SEA") is a New York corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660, and that SEA has facilities located at 6625 Excellence Way, Plano, Texas 75023

---

[1]  For ease of reference, Samsung repeats the headings as set forth in the First Amended Complaint. In doing so, Samsung makes no admissions regarding the substance of the headings or any other allegations of the First Amended Complaint.  Unless explicitly stated otherwise, to the extent a particular heading can be construed as an allegation, Samsung specifically denies all such allegations.

and 12100 Samsung Boulevard, Austin, Texas 78754.  Samsung further admits that SEA is a wholly owned subsidiary of SEC.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

6.      Samsung admits that SEA is registered to do business in Texas.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

7.      Samsung admits that SEA has a registered agent for service of process, CT Corporation System, having an address of 1999 Bryan St., Suite. 900, Dallas, Texas 75201.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

8.      Samsung admits that SEA is involved with domestic sales and distribution of Samsung's consumer electronics products.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

9.      Denied.

## JURISDICTION AND VENUE

10.     Samsung admits that the First Amended Complaint purports to bring an action under the Patent Act, 35 U.S.C. § 1 *et seq*.

11.     Samsung does not dispute that this Court has subject matter jurisdiction but denies that Collision is entitled to any relief.

12.     Samsung does not challenge personal jurisdiction for purposes of this particular action. Except as expressly admitted, Samsung denies any remaining allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

13.     Denied.

14.     Samsung admits that SEA has facilities at 6625 Excellence Way, Plano, Texas 75023. Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

15.    Samsung admits that is maintains an executive briefing center known as the Samsung Networks Innovation Center in Plano, Texas.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

16.    Samsung admits that for purposes of this particular action only, it will not challenge venue.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph, and specifically denies that it has committed any acts of infringement in this or any other judicial district in the United States.

17.    Samsung admits that SEC is not a resident of the United States.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

## THE ASSERTED PATENTS

18.    Samsung admits that Exhibits A-F to the Complaint purport to be U.S. Patent Nos. 7,463,703 ("the '703 patent"), 7,920,651 ("the '651 patent"), 8,089,946 ("the '946 patent"), 7,593,492 ("the '492 patent"), 9,814,071 ("the '071 patent"), and 6,947,505 ("the '505 patent") (collectively, the "Asserted Patents").  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

19.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

20.    Denied.

21.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

22.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

23.     Samsung admits that U.S. patents are generally available from public sources such as the U.S. Patent Office and Google Patents.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

24.     Samsung admits that the '703 patent is titled "Joint Symbol, Amplitude, and Rate Estimator."  Samsung admits that claim 1 of the '703 patent recites "an initial amplitude estimation unit," "a joint amplitude estimator," "a symbol estimator" and "a bank of decoders," but is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

25.     Samsung admits that the '703 patent purports to describe communications technology and signal processing.  Samsung denies that the '703 patent describes any advancements in communications technology and signal processing and denies that the patent provides or enables high quality or real-time processing for multiple access and overloaded systems.  Samsung denies that multiuser detection was associated with the specific challenges recited in this paragraph and denies that the inventors of the '703 patent proposed an efficient means for jointly estimating symbols, channel amplitude, and data rate transmitted in a super saturated communications channel.  Samsung also denies that the approach described in the '703 patent dramatically reduces the number of computations needed or allows for reliable operation or a real-time implementation.  Samsung also denies that the claim limitations themselves are unconventional, considered individually or as an ordered combination.  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

26.     Samsung admits that the '651 patent purports to be a divisional in the same family as the '703 patent and is also titled "Joint Symbol, Amplitude, and Rate Estimator."  Samsung is

without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

27.     Samsung admits that the '946 patent is titled "Bandwidth Efficient Wireless Network Mode."  Samsung denies that the '946 patent is drawn to a modem that provides efficient use of wireless network bandwidth in multi-user interference environments or creates a bandwidth-efficient wireless network model that could exploit the channel densities possible with multiuser receivers.  Samsung also denies that the claim limitations themselves are unconventional, considered individually or as an ordered combination.  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

28.     Samsung admits that the '492 patent is titled "Combinational Hybrid Turbo-MUD."  Samsung denies that the '492 patent addresses problems associated with multi-user detection within a multiuser wireless network where noise is present and denies that existing systems were not able to keep up with real-time transmissions or had poor quality output when there were many users or too much interference.  Samsung denies that the '492 patent improves telecommunications technology.  Samsung also denies that the claim limitations themselves are unconventional, considered individually or as an ordered combination.  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

29.     Samsung admits that the '071 patent is titled "Media Access Control Protocol for Multiuser Detection Enabled Ad-Hoc Wireless Communications."  Samsung denies that the '071 patent allows shared, multiuser networks to share a common communication medium, reducing costs and improving scalability.  Samsung denies that the '071 patent increases the communication

capacity of the wireless ad hoc network up to an order of magnitude or more.  Samsung also denies that the claim limitations themselves are unconventional, considered individually or as an ordered combination.  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

30.    Samsung admits that the '505 patent is titled "System For Parameter Estimation and Tracking of Interfering Digitally Modulated Signals."  Samsung denies that accurate parameter estimation is difficult in a multiuser environment because of the co-channel multiuser interference and because the received power and phase of a signal vary from burst to burst.  Samsung denies that conventional parameter estimation also requires a serial approach, creating blanks and blackout periods where simultaneously occurring signals are being ignored and not tracked. Samsung also denies that the claim limitations themselves are unconventional, considered individually or as an ordered combination.  Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

## ALLEGATIONS OF PATENT INFRINGEMENT

31.    Samsung admits that at least some of its consumer electronics products provide 4G, 5G and/or Wi-Fi connectivity, but specifically denies that any of those products infringe any claim of the Asserted Patents.  Samsung denies the remaining allegations of this paragraph.

32.    Samsung admits that at least some of its consumer electronics products, including at least some of the allegedly exemplary products identified in this paragraph, have 4G connectivity, but denies the remaining allegations of this paragraph.

33.    Samsung admits that at least some of its consumer electronics products, including at least some of the allegedly exemplary products identified in this paragraph, have 5G connectivity, but denies the remaining allegations of this paragraph.

34.    Samsung admits that at least some of its consumer electronics products that have 5G connectivity also have 4G connectivity, but denies the remaining allegations of this paragraph.

35.    Samsung admits that at least some of its consumer electronics products, including at least some of the allegedly exemplary products identified in this paragraph, provide Wi-Fi connectivity, but specifically denies that any of those products infringe any claim of the Asserted Patents.    Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

36.    Samsung admits that at least some of its consumer electronics products that have 4G or 5G connectivity also have Wi-Fi connectivity, but denies the remaining allegations of this paragraph.

37.    Samsung admits that at least some of its network equipment products can be used in connection with supporting network-based LTE and/or 5G network functionalities, but denies the remaining allegations of this paragraph.

38.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Samsung denies the allegations of paragraph 38.

39.    Samsung repeats its responses to paragraphs 1-39 as if fully stated herein.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

51.    Samsung admits it had notice of the Asserted Patents from receipt of the original complaint in this matter, but denies the remaining allegations of this paragraph.

52.    Denied.

53.    Denied.

**COUNT I – INFRINGEMENT OF THE '703 PATENT**

54.    Samsung repeats its responses to paragraphs 1-51 as if fully stated herein.

55.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '703 patent.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

**COUNT II – INFRINGEMENT OF THE '651 PATENT**

62.    Samsung repeats its responses to paragraphs 1-59 as if fully stated herein.

63.     Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '651 patent

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

### COUNT III – INFRINGEMENT OF THE '946 PATENT

70.     Samsung repeats its responses to paragraphs 1-67 as if fully stated herein.

71.     Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '946 patent

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

### COUNT IV – INFRINGEMENT OF THE '492 PATENT

78.     Samsung repeats its responses to paragraphs 1-75 as if fully stated herein.

10

79.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '492 patent

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

### COUNT V – INFRINGEMENT OF THE '071 PATENT

88.    Samsung repeats its responses to paragraphs 1-85 as if fully stated herein.

89.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '071 patent

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

11

96.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

## COUNT VI – INFRINGEMENT OF THE '505 PATENT

97.    Samsung repeats its responses to paragraphs 1-93 as if fully stated herein.

98.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.  Samsung specifically denies that it has ever willfully infringed the '505 patent

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Samsung is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

## PRAYER FOR RELIEF

105.    Samsung denies that Collision is entitled to any of the relief requested in the section of the First Amended Complaint entitled "Prayer for Relief," or any relief in any form from either the Court or from Samsung.  Collision's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Collision should take nothing.  To the extent any statement in the Relief Requested is deemed factual, it is denied.

## JURY TRIAL DEMANDED

106.    Samsung admits that Collision sets forth a demand for a trial by jury.  Samsung likewise demands a trial by jury on all issues so triable raised by the First Amended Complaint or by Samsung's Answer pursuant to Rule 38 of the Federal Rules of Civil Procedure.

12

\*    \*    \*    \*    \*

13

\*    \*    \*    \*    \*

## AFFIRMATIVE AND OTHER DEFENSES

Upon information and belief, and subject to its responses above, Samsung alleges and asserts the following defenses in response to the allegations of the First Amended Complaint, without admitting or acknowledging that Samsung bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Samsung undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Samsung expressly reserves the right to amend or raise additional defenses pursuant to the Docket Control Order as additional information becomes available through further investigation and discovery.

### FIRST DEFENSE – NON-INFRINGEMENT OF THE '703 PATENT

1. Samsung does not infringe and has not infringed the '703 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '703 patent.

### SECOND DEFENSE – NON-INFRINGEMENT OF THE '651 PATENT

2. Samsung does not infringe and has not infringed the '651 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '651 patent.

### THIRD DEFENSE – NON-INFRINGEMENT OF THE '946 PATENT

3. Samsung does not infringe and has not infringed the '946 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '946 patent.

**FOURTH DEFENSE – NON-INFRINGEMENT OF THE '492 PATENT**

4.      Samsung does not infringe and has not infringed the '492 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '492 patent.

**FIFTH DEFENSE – NON-INFRINGEMENT OF THE '071 PATENT**

5.      Samsung does not infringe and has not infringed the '071 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '071 patent.

**SIXTH DEFENSE – NON-INFRINGEMENT OF THE '505 PATENT**

6.      Samsung does not infringe and has not infringed the '505 patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '505 patent.

**SEVENTH DEFENSE – INVALIDITY OF THE '703 PATENT**

7.      The claims of the '703 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**EIGHTH DEFENSE – INVALIDITY OF THE '651 PATENT**

8.      The claims of the '651 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**NINTH DEFENSE – INVALIDITY OF THE '946 PATENT**

9.      The claims of the '946 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### TENTH DEFENSE – INVALIDITY OF THE '492 PATENT

10.     The claims of the '492 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### ELEVENTH DEFENSE – INVALIDITY OF THE '071 PATENT

11.     The claims of the '071 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### TWELFTH DEFENSE – INVALIDITY OF THE '505 PATENT

12.     The claims of the '505 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRTEENTH DEFENSE – STATUTORY LIMIT ON DAMAGES

13.     Collision's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

### FOURTEENTH DEFENSE – NO WILLFUL INFRINGEMENT

14.     Collision is not entitled to enhanced or increased damages for willful infringement because Samsung has not engaged in any conduct that meets the applicable standard for willful infringement.

### FIFTEENTH DEFENSE – NO EXCEPTIONAL CASE

15.     Collision cannot prove that this is an exceptional case justifying award of attorney's fees against Samsung pursuant to 35 U.S.C. § 285.

## SIXTEENTH DEFENSE – WAIVER, EQUITABLE ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS

16.    Collision's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## SEVENTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('703 PATENT)

17.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '703 patent.

## EIGHTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('651 PATENT)

18.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '651 patent.

## NINETEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('946 PATENT)

19.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '946 patent.

## TWENTIETH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('492 PATENT)

20.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '492 patent.

17

**TWENTY FIRST DEFENSE – PROSECUTION HISTORY ESTOPPEL ('071 PATENT)**

21.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '071 patent.

**TWENTY SECOND DEFENSE – PROSECUTION HISTORY ESTOPPEL ('505 PATENT)**

22.    Collision's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '505 patent.

**TWENTY THIRD DEFENSE – STATUTORY LIMITATION**

23.    To the extent certain products accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or the public good, Collision's claims involving Samsung may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**TWENTY FOURTH DEFENSE – LICENSE, IMPLIED LICENSE, EXHAUSTION**

24.    Collision's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Samsung by or by Samsung to any entity or entities having express or implied licenses or covenant not to sue or assert the Asserted Patents and/or (ii) under the doctrine of patent exhaustion.  Additionally, Collision's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Samsung.  Additionally, Collision's claims for patent infringement are precluded in whole or in part by direct

18

or implied licenses and/or covenants not to sue that pertain to Collision or prior assignees affiliations with any defensive patent trust.

### TWENTY FIFTH DEFENSE – NO INJUNCTIVE RELIEF

25.     Collision's claims for relief are barred in whole or in part because Collision is not entitled to injunctive relief.  Any alleged injury to Collision is not immediate or irreparable and Collision has an adequate remedy at law.

### TWENTY SIXTH DEFENSE – FAILURE TO STATE A CLAIM

26.     The First Amended Complaint fails to state a claim upon which relief can be granted.

### TWENTY SEVENTH DEFENSE – STANDING/OWNERSHIP

27.     To the extent that Collision was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Collision lacks standing to bring one or more claims in this lawsuit.

### TWENTY EIGHTH DEFENSE – ACTIONS OF OTHERS

28.     On information and belief, Collision's claims are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

### TWENTY NINTH DEFENSE – FAILURE TO MARK

29.     On information and belief, Collision's claims are limited, in whole or in part, because Collision or its licensees have failed to comply with the marking and notice provisions of 35 U.S.C. § 287(a).

### RESERVATION OF DEFENSES

30.     Discovery in this action has not yet commenced and Samsung continues to investigate the allegations set forth in the First Amended Complaint.  Samsung hereby provides explicit notice to Collision that it intends to rely upon such other defenses as may become available

by law or in equity, or pursuant to statute, as discovery proceeds in this action, and hereby reserves the right to assert such additional defenses.

## **PRAYER FOR RELIEF**

Samsung respectfully prays for the following relief and requests that this Court enter judgment as follows:

A.      That the Court dismiss Collision's claims in its First Amended Complaint against Samsung with prejudice, and enter judgment on the First Amended Complaint in favor of Samsung and against Collision;

B.      That the Court deny all relief requested by Collision in its First Amended Complaint against Samsung;

C.      That the Court enter judgment in favor of Samsung and against Collision on all of Samsung's Defenses;

D.      A judgment that the claims of the Asserted Patents are invalid;

E.      A judgment that Samsung has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Asserted Patents;

F.      A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Samsung is entitled to recover its reasonable attorney's fees upon prevailing in this action;

G.      An award to Samsung of its fees and expenses of litigation, including but not limited to attorney's fees and costs;

H.      A judgment limiting or barring Collision's ability to enforce the Asserted Patents in equity; and

I.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Samsung respectfully demands a trial by jury on all issues so triable in this action.

Dated: January 16, 2025

By    */s/ Victoria F. Maroulis*

Victoria F. Maroulis
California Bar No. 202603 (admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Sean Pak
California Bar No. 219032 (*pro hac vice* forthcoming)
seanpak@quinnemanuel.com
Brian Mack
California Bar No. 275086 (admitted in E.D. Tex.)
brianmack@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

*Counsel for Defendants Samsung Electronics Co., Ltd.
and Samsung Electronics America, Inc.*

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF on January 16, 2025.

*/s/ Melissa R, Smith*
Melissa R. Smith