**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC. <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:23-cv-00587-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF COLLISION COMMUNICATIONS, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>REGARDING MARKING BY APPLE</u>**


**<u>FILED UNDER SEAL</u>**

███████████████████████████████████████████

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ................................................................................................... 1

███ ████████████████████████████████████████████

    B. Samsung's Allegations of Non-Marking .......................................... 2

III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................... 3

IV. STATEMENT OF UNDISPUTED MATERIAL FACTS ...................................... 3

V. LEGAL STANDARD ................................................................................... 4

VI. ARGUMENT .................................................................................................. 5

VII. CONCLUSION.................................................................................................. 8

i

███████████████████████████████████████████

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*
24 F.3d 178 (Fed. Cir. 1994) ........................................................................................ 4

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ........................................................................................................ 4

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ........................................................................................................ 4

*Fundamental Innovation Sys. Int'l LLC v. Anker Innovations Ltd.*
No. CV 21-339-RGA, 2024 WL 2258127 (D. Del. May 17, 2024)............................ 7

*Kuhn Construction, Inc. v. Diamond State Port Corp.*
990 A.2d 393 (Del. 2010)............................................................................................... 8

*Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*
No. 1:05-cv-00064, 2010 WL 3522097 (D. Utah Sept. 8, 2010) ................................. 5

*Saint Louis Univ. v. Medtronic Nav., Inc.*
No. 4:12-cv-01128, 2012 WL 4049018 (E.D. Mo. Sept. 13, 2012)............................ 7

*TransCore, LP v. Elec. Transaction Consultants Corp.*
563 F.3d 1271 (Fed. Cir. 2009) ..................................................................................... 7

*Tulip Comps. Int'l B.V. v. Dell Comp. Corp.*
262 F. Supp. 2d 358 (D. Del. 2003) .......................................................................... 5, 6

*U.S. Ethernet Innovs., LLC v. Acer, Inc.*
No. C 10-3724, 2013 WL 4456161 (N.D. Cal. Aug. 16, 2013) ................................ 6, 7

**Statutes**

35 U.S.C. 287............................................................................................................ passim

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................................... 4

**Other Authorities**

Robert A. Matthews, Jr.
Annotated Patent Digest § 30:155.50 (2025)................................................................ 7

███████████████████████████████████████████████

## I.    INTRODUCTION

In an effort to avoid past damages for its infringement by way of an unjustified windfall, Samsung has identified multiple third-parties in this case—licensees of the asserted patents—as potential distributors of unmarked patented articles allegedly implicating the damages limitation in 35 U.S.C. § 287. As Collision will demonstrate at trial, none of these third-party licensees ever distributed a patent-practicing product for the majority of the Asserted Patents, and in any case Samsung received actual notice of its infringement by way of the parties' nearly decade-long interactions regarding Collision's technology.

But for at least one of the third-parties identified by Samsung, the Court can resolve any marking dispute as a matter of law. Samsung claims that Apple is a licensee of Collision (and thus has sold products "for or under" Collision per the marking statute) ██████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████ ██

████████████████████████████████████████████████

██████████████████████████ the Court should grant summary judgment that Collision has complied with Section 287 with respect to any Apple products.

## II.    BACKGROUND

██    ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



**B.    Samsung's Allegations of Non-Marking**

Samsung identified essentially all Apple Wi-Fi or Cellular products as allegedly unmarked patented articles in its "*Arctic Cat* letter" on March 7, 2025. *See* Ex. D (Samsung's First Supp. Notice Under *Arctic Cat*) at 3–4. Samsung further identified Apple products as products that should have been marked and thus implicate damages in its April 21, 2025 Interrogatory Responses. *See*

2

███████████████████████████████████

████████████████████████████████████████████████

███████     ████████████████████████████████████

███████████████████████████████████████

## III.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.    Whether the marking requirement set forth in 35 U.S.C. § 287 applies to the

████████████████████████████     which explicitly excluded a license to the Patents-in-Suit,

had a limited and fixed term, and expressly preserved the patentee's right to, ██████████████

██████████████, seek damages for any infringing acts ████████████████████

███████████████████

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    ████████████████████████████████████

███████████

██    ██████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

██    ██████████████████████████████████

████████

██    ████████████████████████████████████████

████████████████████

██    ████████████████████████████████████████

███████████████████

██    ████████████████████████████████████████

███████████████████████████████████████

3



## V.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The marking requirement of 35 U.S.C. § 287 applies to those who make or sell patented articles "for or under" the patentee, which includes express or implied licensees. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994). While the form of the agreement at issue is irrelevant, the question of whether a party makes or sells patented articles "for or under" a patentee hinges on whether the patentee has expressly or implicitly authorized the party to do so, such that the party's activities can be imputed to the patentee. *See, e.g., Tulip Comps.*

4

██████████████████████████████████████████████████████

*Int'l B.V. v. Dell Comp. Corp.*, 262 F. Supp. 2d 358, 361–62 (D. Del. 2003) ("[T]he Court, before proceeding to a consideration of the damage limiting provisions of Section 287(a), must first determine whether IBM's activities, in relation to those sales, should be imputed to Tulip."). "[A]n infringer's failure to mark does not implicate Section 287(a)…." *Id.* Whether an agreement provides the requisite authorization to implicate the marking statute is a matter of contract interpretation, and thus may be decided by the Court as a question of law. *See, e.g.*, *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05-cv-00064, 2010 WL 3522097, at *4 (D. Utah Sept. 8, 2010) ("The Court finds that this portion of the summary judgment motion on damages is a matter of contract interpretation and, therefore, a matter of law.").

## VI.    ARGUMENT

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

█



This alone is dispositive. As other courts have found, "an *infringer's* failure to mark does not implicate Section 287(a)...." *Tulip Computers*, 262 F. Supp. 2d at 361–62 (emphasis added).

"§ 287's marking requirement applies to a patentee's *authorization* of other persons to make and sell patented items in whatever form the authorization was given." *U.S. Ethernet Innovs., LLC v. Acer, Inc.*, No. C 10-3724, 2013 WL 4456161, at *8 (N.D. Cal. Aug. 16, 2013) (emphasis added).

---

[1] Samsung's corporate designee on licensing likewise confirmed

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████ *E.g.*, *U.S. Ethernet Innovations*, 2013 WL 4456161, at *8. But the types of covenants not to sue discussed in those cases are different from standstill agreements. Unlike a standstill agreement, a covenant not to sue without any additional limitations may effectively operate as a release from liability with **no recourse for the patentee** for infringement, much like a license. *See id.* ("[T]he covenant not to sue *does unambiguously authorize* Intel's manufacture and sale of products under any of 3Com's covered patents…." (emphasis added)); *id.* ("This term, *without apparent restriction or limitation*, thus authorizes all acts that would otherwise be infringements: making, using, offering for sale, selling, or importing." (quoting *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) (emphasis added)); Robert A. Matthews, Jr., ANNOTATED PATENT DIGEST § 30:155.50 (2025) ("[A] covenant not to sue is often treated the same as a nonexclusive license . . . *to the extent* a covenant not to sue effectively authorizes the recipient to make and sell additional products covered by the patent . . . ." (emphasis added)).

Here, ████████████████████████████████████████████

██████████████████████████████████████████████████████████.

*Cf. Saint Louis Univ. v. Medtronic Nav., Inc.*, No. 4:12-cv-01128, 2012 WL 4049018, at *2 (E.D. Mo. Sept. 13, 2012) ("[I]t is important to distinguish a temporary covenant not to sue (a short-term agreement not to sue another party) from a permanent covenant not to sue (a release of one party from liability to the other). One is a contractual promise not to sue, while the other is a discharge



of liability.").

## VII.  CONCLUSION

As such, Collision respectfully requests the Court grant summary judgment that Collision has complied with 35 U.S.C. § 287 with respect to Apple.

8

██████████████████████████

DATED: June 2, 2025

Respectfully submitted,

*/s/ Christopher S. Stewart*
Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas Bar No. 24079399
Email: cstewart@caldwellcc.com
Hamad M. Hamad
Texas Bar No. 24061268
Email: hhamad@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley
Texas Bar No. 24139895
Email: ahaley@caldwellcc.com
James F. Smith
Texas Bar No. 24129800
Email: jsmith@caldwellcc.com
James Yang (admitted *Pro Hac Vice*)
CA Bar No. 329979
Email: jyang@caldwellcc.com
Alexander J. Gras
Texas Bar No. 24125252
Email: agras@caldwellcc.com
Bailey Alexandria Blaies
Texas Bar No. 24109297
Email: bblaies@caldwellcc.com
James R. Perkins
Texas State Bar No. 24074881
Email: jperkins@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone:   (214) 888-4848
Facsimile:   (214) 888-4849

Andrea Leigh Fair
Texas Bar No. 24078488
Email: andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  (903) 757-6400

██████████████████████████████████████

Facsimile:   (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
COLLISION COMMUNICATIONS, INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via email on June 2, 2025.

*/s/ Christopher S. Stewart*
Christopher S. Stewart


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

*/s/ Christopher S. Stewart*
Christopher S. Stewart