IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD. § <br> and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> *Defendants*. § <br> § | CIVIL ACTION NO. 2:23-CV-00587-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Amend Invalidity Contentions and Take Limited Third-Party Discovery After the Close of Fact Discovery (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"). (Dkt. No. 118.) Having considered the Motion, the Court finds that it should be **DENIED**.

### I. BACKGROUND

Plaintiff Collision Communications, Inc. ("Plaintiff" or "Collision") filed suit against Defendants on December 12, 2023, alleging infringement of six United States patents. (Dkt. No. 1.) On June 3, 2024, Defendants served their invalidity contentions. (Dkt. No. 45 at 3.) Fact discovery closed on April 7, 2025. (Dkt. No. 36 at 3.) Expert discovery closed on May 30, 2025. (Dkt. No. 113 at 3.) Defendants filed the Motion on May 2, 2025. (Dkt. No. 118.)

Defendants seek leave to amend their invalidity contentions to add a new prior art system referred to as the Vertical-Bell Laboratories Layered Space-Time ("V-BLAST") system and take up to two additional third-party depositions. (*Id.* at 1.)

## II. LEGAL STANDARD

Amendment or supplementation of invalidity contentions, other than expressly permitted in P.R. 3-6(a), may be made only by order of the Court upon the movant showing good cause. *See* P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 1366 (Fed. Cir. 2006). This Court applies a four-factor test to determine whether good cause has been shown: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Revolaze LLC v. J.C. Penney Corp., Inc.*, No. 2:19-cv-00043-JRG, 2020 WL 2220158, at *2 (E.D. Tex. May 6, 2020). The burden of proving good cause rests with the party seeking the amendment. *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014).

## III. DISCUSSION

### A. Diligence

Defendants argue they have diligently located additional information and documents regarding the V-BLAST system. (Dkt. No. 118 at 3-6.) Defendants assert that they first discovered the V-BLAST system on March 25, 2025, at the deposition of Dr. Brandon Hombs, an inventor of one of the asserted patents. (*Id.* at 3-4.) Defendants assert that after discovering the V-BLAST system, they diligently notified Plaintiff's counsel of their intent to pursue additional discovery into the system and amended their initial disclosures. (*Id.* at 4.) Defendants argue that they diligently served third-party subpoenas to two of the original V-BLAST developers and reviewed their document productions. (*Id.*) Defendants further assert that they included the V-BLAST system in their invalidity expert report. (*Id.* at 4-5.) Defendants argue that "[t]he only reason these materials were not already included in the initial invalidity contentions is that Samsung was

previously unaware of V-BLAST and its relevance to its invalidity theories … [and] [m]any of the newly discovered documents are also over 25 years old." (*Id.* at 5-6.)

Plaintiff responds that Defendants' diligence argument "rests entirely on its allegedly diligent investigation and disclosure of the V-BLAST system *after* it allegedly first became aware of the system at the end of March 2025." (Dkt. No. 121 at 5 (emphasis in original).) Plaintiff asserts that Defendants have not demonstrated their diligence during that period or "explained in any detail why it took nearly two weeks to issue its subpoenas after the deposition, on the *last day* of fact discovery." (*Id.* (emphasis in original).) Plaintiff also argues that Defendants do not demonstrate why they could not have discovered the V-BLAST system by the initial deadline. (*Id.* at 6-7.) Plaintiff asserts that Defendants "did not even begin seeking third-party discovery on the V-BLAST system until almost a year after the initial deadline had passed, despite identifying other prior art in their initial contentions which spoke at length about V-BLAST." (*Id.*) Plaintiff asserts that the V-BLAST system was discussed in prior art references Defendants have asserted since the beginning of the case and in its IPR filings. (*Id.*) Plaintiff also argues that "the sole fact Mr. Hombs allegedly 'uncovered' for Samsung—that V-BLAST involved using successive interference cancellation in MIMO—is included in the same public information cited above, as well as in the prior art references identified by Samsung or cited as primary references in its IPRs." (*Id.* at 8-9.)

The Court finds that Defendants have not demonstrated the proper diligence. While delays in seeking and analyzing third-party discovery can explain some gap between identifying the prior art and asserting the amendment, what Defendants fail to adequately explain is the over nine-month gap between serving their initial invalidity contentions and "discovery" of the V-BLAST system. The Court is not persuaded by Defendants' argument that they only discovered the V-BLAST system through the deposition of Mr. Hombs. The V-BLAST system was discussed and mentioned

3

in several references Defendants identified in their initial invalidity contentions and their IPR filings. Defendants do not offer any justification for how it could not have discovered the V-BLAST system during its investigation and review of those references or in their prior art search. While the Court appreciates that Defendants have now obtained non-public and technical information regarding the V-BLAST system, Defendants could have sought and obtained this information before its initial invalidity contentions or at least well before the end of fact discovery. The Court will not allow Defendants to add a system prior art reference at the eleventh hour when Defendants were not diligent in locating that prior art.

Accordingly, the Court finds that this factor weighs against granting leave to amend.

### B.     Importance

Defendants argue that the V-BLAST system is important prior art that invalidates the asserted patents. (Dkt. No. 118 at 6-7.) Defendants assert that they expect "to rely on the V-BLAST system, as well as the testimony of the original developers of V-BLAST, as part of its case at trial." (*Id.* at 6.) Defendants assert that "[t]he documents and testimony describing V-BLAST will be important to help show the jury how the V-BLAST system invalidates the alleged inventions." (*Id.*) Defendants also argue that "information about the V-BLAST system is also an important component of Samsung's non-infringement arguments." (*Id.*)

Plaintiff responds that "Samsung barely defends the importance of its requested amendment beyond a rote allegation that it invalidates certain of Collision's patents and will help the jury visualize the prior art." (Dkt. No. 121 at 9-10.) Plaintiff asserts that "Defendants have already charted 12 or more other prior art references against each asserted patent." (*Id.* at 10.) Plaintiff argues that Defendants do not attempt to demonstrate that the V-BLAST system is not cumulative of those references. (*Id.*) Plaintiff also argues that "Samsung's suggestion that this prior art is also relevant to its noninfringement defenses simply makes no sense." (*Id.* at 10.) Plaintiff

4

asserts that "[t]o the extent that Samsung plans to argue at trial that it is merely practicing the prior art, such an argument is plainly at odds with the Federal Circuit." (*Id.*)

The Court finds that Defendants have not met their burden to show that the proposed amendments are sufficiently important. Defendants have not presented more than a mere conclusory statement to justify the importance of the proposed amendments and make no attempt to demonstrate how the V-BLAST system is not cumulative. While Defendants' expert may have included these arguments in his expert report, Defendants failed to include those arguments in the Motion. Further, the Court disagrees with Defendants' contention that the V-BLAST system is relevant to non-infringement. Practicing the prior art is not a defense to infringement.

Accordingly, the Court finds that this factor weighs against granting leave to amend.

**C.   Prejudice**

Defendants argue that there is no danger of unfair prejudice because Plaintiff is on notice of the V-BLAST system. (Dkt. No. 118 at 7-8.) Defendants assert that they have "described the V-BLAST system in sufficient detail in its opening expert report on invalidity to provide more than adequate notice to Collision of Samsung's invalidity theories based on the V-BLAST system." (*Id.* at 7.) Defendants argue that because Plaintiff "was already on notice of this prior art system before the close of fact discovery … Collision will not be unfairly prejudiced." (*Id.*)

Plaintiff responds that permitting Defendants' amendment would prejudice its claim construction and discovery efforts. (Dkt. No. 121 at 10-12.) Plaintiff argues that Defendants' "proposed amendment would require the parties to reopen both fact discovery and expert discovery to accommodate this extremely belated reference." (*Id.*)

The Court finds that Plaintiff will suffer prejudice if the Court grants Defendants leave to amend. This case is at the advanced stage. Both fact and expert discovery have closed, and the

parties have begun dispositive motion briefing. Trial is less than three months away. The Court finds that at this late stage, Plaintiff would suffer clear prejudice.

Accordingly, the Court finds that this factor weighs against granting leave to amend.

### D. Continuance

Neither party seeks a continuance, nor does the Court find that a continuance would be appropriate. (*See* Dkt. No. 118 at 8-9; *see also* Dkt. No. 112 at 10-12.)

## IV. CONCLUSION

The Court finds that the factors, on balance, weigh against granting Defendants' request for leave to amend their invalidity contentions to include the V-BLAST system and to take additional third-party discovery. For the reasons stated above, the Court finds that the Motion (Dkt. No. 118) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 11th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE