*Exhibit 1*

# COMMENTARIES

ON

# EQUITY JURISPRUDENCE

BY

HON. MR. JUSTICE STORY, LL.D.

*Sometime one of the Justices of the Supreme Court of the United States.*

THIRD ENGLISH EDITION.

BY

A. E. RANDALL

*of Lincoln's Inn, Barrister-at-Law.*

LONDON:
SWEET AND MAXWELL, LIMITED,
3 CHANCERY LANE, W.C. 2.

| TORONTO, CANADA: | SYDNEY, N.S.W.: |
|---|---|
| THE CARSWELL COMPANY, LIMITED, | LAW BOOK CO. OF AUSTRALASIA, LIMITED, |
| 145–149 ADELAIDE STREET WEST. | 51–53 ELIZABETH STREET. |

1920.

51111

support (o), and ancient lights (p), if the damage is serious and permanent.

§ 928. It is upon similar grounds that courts of equity interfered before the Judicature Act, 1873, in cases of trespass—that is to say, to prevent irreparable mischief, or to suppress multiplicity of suits and oppressive litigation. For, if the trespass were fugitive and temporary, and adequate compensation could be obtained in an action at law, there was no ground to justify the interposition of courts of equity. Formerly, indeed, courts of equity were extremely reluctant to interfere at all, even in regard to cases of repeated trespasses. But, later did so, if the acts done, or threatened to be done, to the property would be ruinous or irreparable, or would impair the just enjoyment of the property in future. If, indeed, courts of equity had not interfered in cases of this sort, there would (as has been truly said) be a great failure of justice in the country (q). But by the Judicature Act, 1873, s. 25, sub-s. 8, it is provided that if an injunction is asked either before, or at, or after the hearing of any cause or matter to prevent any threatened or apprehended waste or trespass, such injunction may be granted, if the court shall think fit, whether the person against whom such injunction is sought is or is not in possession under any claim of title or otherwise, or, if out of possession, does or does not claim a right to do the act sought to be restrained under any colour of title, and whether the estates claimed by both, or by either of the parties, are legal or equitable (r).

§ 930. It is upon similar principles, to prevent irreparable mischief, or to suppress multiplicity of suits and vexatious litigation, that courts of equity interfere in cases of patents for inventions, and in cases of copyrights, to secure the rights of the inventor, or author, and his assigns and representatives. It is wholly beside the purpose of the present Commentaries to enter upon the subject of the general rights of inventors and authors, or to state the circumstances under which an exclusive property, in virtue of those rights, may be acquired or lost. Our observations will rather be limited to the consideration of the cases in which courts of equity will interfere to protect those rights, when acquired, by granting injunctions.

§ 931. It is quite plain, that, if no other remedy could be given in cases of patents and copyrights than an action at law for damages, the inventor or author might be ruined by the necessity of perpetual litigation, without ever being able to have a final establishment of his rights.

---

(o) *Hunt* v. *Peake*, Johns, 705; *Howley Park Coal and Council Co.* v. *L. & N. W. Ry.*, [1911] A. C. 11.

(p) *Tapling* v. *Jones*, 11 H. L. C. 290; *Colls* v. *Home and Colonial Stores*, [1904] A. C. 179; *Cowper* v. *Laidler*, [1903] 2 Ch. 337; *Higgins* v. *Betts*, [1905] 2 Ch. 210.

(q) *Thomas* v. *Oakley*, 18 Ves. 184; *Haigh* v. *Jaggar*, 2 Coll. 231; *Earl Talbot* v. *Scott*, 1 K. & J. 96; *Harrison* v. *Duke of Rutland*, [1893] 1 Q. B. 142.

(r) *Stannard* v. *Vestry of St. Giles, Camberwell*, 20 Ch. D. 190; *Foxwell* v. *Van Grutten*, [1897] 1 Ch. 64.

§ 932. Indeed, in cases of this nature, it is almost impossible to know the extent of the injury done to the party without a discovery from the party guilty of the infringement of the patent or copyright; and if it were otherwise, mere damages would give no adequate relief. For example, in the case of a copyright, the sale of copies by the defendant is not only in each instance taking from the author the profit upon the individual book, which he might otherwise have sold; but it may also be injuring him, to an incalculable extent, in regard to the value and disposition of his copyright, which no inquiry for the purpose of damages could fully ascertain (*s*).

§ 933. In addition to this consideration, the plaintiff could at law have no preventive remedy, which should restrain the future use of his invention, or the future publication of his work, injuriously to his title and interest. And it is this preventive remedy which constitutes the peculiar feature of equity jurisprudence, and enables it to accomplish the great purposes of justice. Besides, in most cases of this sort, the bill usually seeks an account, in one case of the books printed, and, in the other, of the profits which have arisen from the use of the invention, from the persons who have pirated the same. And this account will, in all cases where the right is established, be decreed as incidental, in addition to the other relief by a perpetual injunction (*t*).

§ 934. In cases, however, where a patent had been granted for an invention, it was not a matter of course for courts of equity to interpose by way of injunction. If the patent had been but recently granted, and its validity had not been ascertained by a trial at law, the court would not formerly act upon its own notions of the validity or invalidity of the patent, and grant an immediate injunction; but it would require it to be ascertained by a trial in a court of law, if the defendant denied its validity, or put the matter in doubt. But, if the patent had been granted for some length of time; and the patentee had put the invention into public use; and had had an exclusive possession of it under his patent for a period of time, which might fairly create the just presumption of an exclusive right, the court would, in such a case, ordinarily interfere by way of preliminary injunction, pending the proceedings; reserving, of course, unto the ultimate decision of the cause, its own final judgment on the merits. But since the Judicature Act, 1873, the validity or invalidity of the patent is determined in the court which grants or refuses the injunction (*u*).

§ 935. Similar principles apply to cases of copyright (*x*). But it does not seem indispensable to relief in either cases, that the party

---

(*s*) *Hogg* v. *Kirby*, 8 Ves. 215 at pp. 224, 225; *Wilkins* v. *Aiken*, 17 Ves. 424.

(*t*) *Colburn* v. *Sims*, 2 Hare 543; *Lever* v. *Goodwin*, 36 Ch. D. 1. There is a statutory jurisdiction to order the delivery up of pirated copies.

(*u*) *Halsey* v. *Brotherhood*, 15 Ch. D. 514.

(*x*) *Wilkins* v. *Aiken*, 17 Ves. 424.