# *Exhibit 2*

# POMEROY'S

# EQUITY JURISPRUDENCE

### AND

# EQUITABLE REMEDIES,

*SIX VOLUMES.*

———————

# POMEROY'S

# EQUITY JURISPRUDENCE,

*IN FOUR VOLUMES.*

By JOHN NORTON POMEROY, LL.D.

THIRD EDITION, ANNOTATED AND MUCH ENLARGED,

AND SUPPLEMENTED BY

# A TREATISE ON EQUITABLE REMEDIES,

*IN TWO VOLUMES.*

By JOHN NORTON POMEROY, Jr.

———————

SAN FRANCISCO:

BANCROFT-WHITNEY COMPANY,

Law Publishers and Law Booksellers.

1905.

Digitized by Google

§ 1347            EQUITY JURISPRUDENCE.                    2680

interests. So far as they do thus sustain and enforce
legal rights, they are, of course, supplementary to or in
lieu of the legal remedies which courts of common law
originally gave, and perhaps now give, by action, under
the same circumstances. For this reason, the general
test as stated in a former paragraph applies with special
force. The inadequacy of the legal remedies is the crite-
rion which determines the exercise of this preventive
jurisdiction; and the criterion is enforced, especially by
the American courts, with great strictness.

§ 1347. **Kinds and Classes of Torts Restrained.**—The legal
remedy is ordinarily considered as adequate in cases of
torts to the person, and to property held by a legal title,
and equity does not interfere.[1] There are, however, cer-
tain species of torts, in respect to each of which, as a class,
it is settled that the legal remedy is generally inadequate,
so that equity will generally interfere to prevent the wrong
by injunction. There are other species of torts, in respect
to each of which, as a class, the legal remedy is adequate,
but may become inadequate, in individual instances, from
their particular circumstances, so that in those instances
an injunction will be granted. In the kind of torts for
which the legal remedy is generally inadequate, so that an
injunction is a proper remedy, the title of the injured party
must be clear, the injury real, and not merely temporary
or transient. They are waste, nuisance, including inter-
ference with easements, servitudes, and similar rights,
infringements of patent rights, of copyrights, of trade-
marks, and of other intangible property rights, the pecu-
niary value of which cannot be certainly estimated, such
as literary property in manuscript writings and good-will.

[1] Injunction never granted to restrain criminal acts: Phillips v. Stone
Mountain, 61 Ga. 386; Life Ass'n v. Boogher, 3 Mo. App. 173; nor arrests:
Davis v. Am. Soc., 6 Daly, 81; 75 N. Y. 362; Cohen v. Comm'rs of Goldsboro,
77 N. C. 2. No preliminary injunction will be granted while the plaintiff's
legal right is really doubtful and unsettled: Nat. Docks R. R. v. Central
R. R., 32 N. J. Eq. 755; overruling Cent. R. R. v. Pa. R. R., 31 N. J. Eq. 475.

Digitized by Google

In ordinary trespasses the injured party is left to his remedy of damages, but the circumstances of a trespass to property — especially to real property — may be such that the compensatory remedy is inadequate, and a court of equity will prevent the wrong by injunction.

§ 1348. Waste.— Waste is the destruction or improper deterioration or material alteration of things forming an essential part of the inheritance, done or suffered by a person rightfully in possession by virtue of a temporary or partial estate,— as, for example, a tenant for life or for years. The rightful possession of the wrong-doer is essential, and constitutes a material distinction between waste and trespass.[1] The remedy by injunction is fully established, and has not only virtually superseded the old common-law " action of waste," but has to a great extent taken the place of the " action on the case " for damages. An injunction will be granted in all cases where a legal action would lie to recover possession of the land wasted, or to recover damages.[2] It will also be granted in many instances where no legal action can be maintained, although the interest of the injured party is legal;[3] and where the

---

[1] Many acts are not waste in this country which would be waste in England, such as cutting timber, and modes of using the soil, when done in accordance with the usual methods of good husbandry in the neighborhood: See Drown v. Smith, 52 Me. 141; Keeler v. Eastman, 11 Vt. 293; Gardiner v. Dering, 1 Paige, 573; Livingston v. Reynolds, 26 Wend. 115; Morehouse v. Cotheal, 22 N. J. Eq. 521; Lynn's Appeal, 31 Pa. St. 44; 72 Am. Dec. 721; McCullough v. Irvine, 13 Pa. St. 438; Crawley v. Timberlake, 2 Ired. Eq. 460; Alexander v. Fisher, 7 Ala. 514.

[2] Pulteney v. Shelton, 5 Ves. 260, note; Twort v. Twort, 16 Ves. 128; Hole v. Thomas, 7 Ves. 589; Smallman v. Onions, 3 Brown Ch. 621; Powys v. Blagrave, 4 De Gex, M. & G. 448; Kekewich v. Marker, 3 Macn. & G. 311; Hawley v. Clowes, 2 Johns. Ch. 122; Kane v. Vanderburgh, 1 Johns. Ch. 11; Watson v. Hunter, 5 Johns. Ch. 169; 9 Am. Dec. 295; Duvall v. Waters, 1 Bland, 569, 576; 18 Am. Dec. 350; Hill v. Bowie, 1 Bland, 593; Markham v. Howell, 33 Ga. 508; Peak v. Hayden, 3 Bush, 125; Northrup v. Trask, 39 Wis. 515; Mut. L. Ins. Co. v. Bigler, 79 N. Y. 568; Vandemark v. Schoonmaker, 9 Hun, 16; Williams v. Peabody, 8 Hun, 271; Le Roy v. Wright, 4 Saw. 530 (plaintiff's legal title disputed).

[3] Garth v. Cotton, 1 Ves. Sr. 524, 556; 1 Dick. 183; 1 Lead. Cas. Eq., 4th Am. ed., 955; Perrot v. Perrot, 3 Atk. 94; Robinson v. Litton, 3 Atk. 209;

Digitized by Google

estate of the injured party is wholly equitable;[4] and where the waste itself is entirely "equitable,"—that is, where, by the terms of the will, deed, settlement, or lease, the tenant holds the land "without impeachment of waste."[5] An injunction will also be granted to restrain threatened waste, although none has actually been committed.[6]

§ 1349. Nuisance—Public.—A court of equity has jurisdiction to restrain existing or threatened public nuisances by injunction, at the suit of the attorney-general in England, and at the suit of the state, or the people, or municipality, or some proper officer representing the common-

Farrant v. Lovel, 3 Atk. 723; Davis v. Leo, 6 Ves. 784, 787; Onslow v. ———, 16 Ves. 173; Pratt v. Brett, 2 Madd. 62; Clement v. Wheeler, 25 N. H. 361; Attaquin v. Fish, 5 Met. 140, 147; Kane v. Vanderburgh, 1 Johns. Ch. 11, 12; Douglass v. Wiggins, 1 Johns. Ch. 435; Kidd v. Dennison, 6 Barb. 10, 15; Sarles v. Sarles, 3 Sand. Ch. 601; Ware v. Ware, 6 N. J. Eq. 117; Duvall v. Waters, 1 Bland, 569, 576; 18 Am. Dec. 350; Lewis v. Christian, 40 Ga. 187; Smith v. Rome, 19 Ga. 89; Lyon v. Hunt, 11 Ala. 295, 305; 46 Am. Dec. 216.

4 Garth v. Cotton, 1 Ves. Sr. 524, 556; 1 Dick. 183; 1 Lead. Cas. Eq. 955; Robinson v. Litton, 3 Atk. 209; Farrant v. Lovel, 3 Atk. 723; Stansfield v. Habergham, 10 Ves. 273, 277; Humphreys v. Harrison, 1 Jacob & W. 581; Wallington v. Taylor, 1 N. J. Eq. 314, 318; Brashear v. Macey, 3 J. J. Marsh. 89. At the suit of the vendee against the vendor under a land contract: Smith and Fleek's Appeal, 69 Pa. St. 474. Between mortgagee and mortgagor, to restrain waste of the mortgaged premises: Brady v. Waldron, 2 Johns. Ch. 148; Robinson v. Preswick, 3 Edw. Ch. 246; Ensign v. Colburn, 11 Paige, 503; Phœnix v. Clark, 6 N. J. Eq. 447; Nelson v. Pinegar, 30 Ill. 473; Bunker v. Locke, 15 Wis. 635; Robinson v. Russell, 24 Cal. 467; Cooper v. Davis, 15 Conn. 556; State v. North, etc. R'y, 18 Md. 193; Parsons v. Hughes, 12 Md. 1; and in other cases of injuries analogous to waste: Litka v. Wilcox, 39 Mich. 94; Patton v. Moore, 16 W. Va. 428; 37 Am. Rep. 789; Frank v. Brunnemann, 8 W. Va. 462.

5 Garth v. Cotton, supra; Vane v. Lord Barnard, 2 Vern. 738; Prec. Ch. 454; Rolt v. Lord Somerville, 2 Eq. Cas. Abr. 759; Aston v. Aston, 1 Ves. Sr. 264; Burges v. Lamb, 16 Ves. 174, 185; Day v. Merry, 16 Ves. 375; Abrahall v. Bubb, 2 Swanst. 172; Morris v. Morris, 15 Sim. 505; Wellesley v. Wellesley, 6 Sim. 497; Micklethwait v. Micklethwait, 1 De Gex & J. 504, 519; Kekewich v. Marker, 3 Macn. & G. 311; Att'y-Gen. v. Duke of Marlborough, 3 Madd. 498, 538; Sowerby v. Fryer, L. R. 8 Eq. 417; Birch-Wolfe v. Birch, L. R. 9 Eq. 683; Bubb v. Yelverton, L. R. 10 Eq. 465; Clement v. Wheeler, 25 N. H. 361.

6 Rodgers v. Rodgers, 11 Barb. 595; Duvall v. Waters, 1 Bland, 569, 576; 18 Am. Dec. 350; Loudon v. Warfield, 5 J. J. Marsh. 196; White Water etc. Co. v. Comegys, 2 Ind. 469.

Digitized by Google

wealth, in this country. A public nuisance must be established by clear evidence, before the preventive remedy will be granted.[1] A public nuisance will also be restrained at the suit of a private person who suffers therefrom a special and particular injury distinct from that suffered by him in common with the public at large; but this injury must be real, and such that the legal remedy of damages would not be adequate.[2]

§ 1350. **Private Nuisance — When Restrained.—** It is a well-settled doctrine that equity will restrain a private nuisance at the suit of the injured party. This remedy will not, however, be granted in every instance of alleged

---

[1] Att'y-Gen. v. Cleaver, 18 Ves. 211, 217; Att'y-Gen. v. Forbes, 2 Mylne & C. 123; Earl of Ripon v. Hobart, 3 Mylne & K. 169, 179; Att'y-Gen. v. Great East. R'y, L. R. 6 Ch. 572; Att'y-Gen. v. Eau Claire, 37 Wis. 400; State v. Eau Claire, 40 Wis. 533; Rochester v. Erickson, 46 Barb. 92; Coast Line R. R. v. Cohen, 50 Ga. 451; Pennsylvania v. Wheeling etc. Bridge Co., 13 How. 518; Miss. & Mo. R. R. v. Ward, 2 Black, 485; Att'y-Gen. v. Cohoes Co., 6 Paige, 133; 29 Am. Dec. 755; Mohawk Bridge Co. v. Utica etc. R. R., 6 Paige, 554; People v. Third Ave. R. R., 45 Barb. 63; Hinchman v. Paterson etc. R. R., 17 N. J. Eq. 75; 86 Am. Dec. 252; Craig v. People, 47 Ill. 487.

[2] Soltau v. De Held, 2 Sim.. N. S., 133; Att'y-Gen. v. Sheffield Gas Co., 3 De Gex, M. & G. 304; Att'y-Gen. v. Cambridge Gas Co., L. R. 4 Ch. 71, 80; Att'y-Gen. v. Gee, L. R. 10 Eq. 131; Original Hartlepool etc. Co. v. Gibb, L. R. 5 Ch. Div. 713; Pettibone v. Hamilton, 40 Wis. 402; Coast Line R. R. v. Cohen, 50 Ga. 451; Thayer v. New Bedford R. R., 125 Mass. 253; Osborne v. Brooklyn etc. R. R., 5 Blatchf. 366; Hartshorn v. South Reading, 3 Allen, 501; Central Bridge Corp. v. Lowell, 4 Gray, 474; Rowe v. Granite Bridge Corp., 21 Pick. 344; Bigelow v. Hartford Bridge Co., 14 Conn. 565; 36 Am. Dec. 502; Frink v. Lawrence. 20 Conn. 117; 50 Am. Dec. 274; Milhau v. Sharp, 27 N. Y. 611; 84 Am. Dec. 314; Knox v. New York, 55 Barb. 404; Smith v. Lockwood, 13 Barb. 209; Mayor etc. v. Baumberger, 7 Rob. (N. Y.) 219; Hudson River R. R. v. Loeb, 7 Rob. (N. Y.) 418; Manhattan etc. Co. v. Barker, 7 Rob. (N. Y.) 523; Peck v. Elder, 3 Sand. 126; Corning v. Lowerre, 6 Johns. Ch. 439; Sparhawk v. Union Pass. R'y, 54 Pa. St. 401; Black v. Phila. etc. R. R., 58 Pa. St. 249; Philadelphia v. Collins, 68 Pa. St. 106; Buck Mt. etc. Co. v. Lehigh etc. Co., 50 Pa. St. 91, 99; 88 Am. Dec. 534; Higbee v. Camden etc. R. R., 19 N. J. Eq. 276; Allen v. Board of Freeholders, 13 N. J. Eq. 68, 74; Zabriskie v. Jersey City etc. R. R., 13 N. J. Eq. 314; Delaware etc. R. R. v. Stump, 8 Gill & J. 479; 29 Am. Dec. 561; Hamilton v. Whitridge, 11 Md. 128; 69 Am. Dec. 184; Savannah etc. R. R. v. Shiels, 33 Ga. 601; Columbus v. Jaques, 30 Ga. 506; Green v. Oakes, 17 Ill. 249; Smith v. Bangs, 15 Ill. 399; Ewell v. Greenwood, 26 Iowa, 377; Sheboygan v. Sheboygan etc. R. R., 21 Wis. 667.

Digitized by Google

nuisance. The present or threatened injury must be real, not trifling, transient, or temporary; it must be one for which, either on account of its essentially irreparable nature, or its repetition or continuance, the legal remedy of damages is inadequate. The title of the plaintiff must also be clear, or at least not subject to any substantial doubt or question. The equitable jurisdiction is therefore based upon the notion of restraining irreparable mischief, or of preventing vexatious litigation, or a multiplicity of suits.[1]

[1] According to the modern decisions, a *mere* denial of the plaintiff's title in defendant's pleading will not prevent an injunction; but if the plaintiff's title is really disputed, or is in any real doubt, it must first be established by a verdict, before equity will interfere with its preventive relief: Att'y-Gen. v. Nichol, 16 Ves. 338, 342; Wynstanley v. Lee, 2 Swanst. 333, 335; Fishmongers' Co. v. East India Co., 1 Dick. 163; Blakemore v. Glamorganshire Canal Navigation, 1 Mylne & K. 154; Squire v. Campbell, 1 Mylne & C. 459, 465, 467; Taylor v. Davis, 3 Beav. 388, note; Whittaker v. Howe, 3 Beav. 383, 387, 395, note; Spencer v. London etc. R'y, 8 Sim. 193; Soltau v. De Held, 2 Sim., N. S., 133; Wood v. Sutcliffe, 2 Sim., N. S., 163; Walter v. Selfe, 4 De Gex & S. 315; Bostock v. North Staffordshire R'y, 5 De Gex & S. 584; St. Helen's Smelting Co. v. Tipping, 11 H. L. Cas. 642; Broadbent v. Imperial Gas Co., 7 De Gex, M. & G. 436, 461, 462; 7 H. L. Cas. 600; Att'y-Gen. v. Sheffield Gas etc. Co., 3 De Gex, M. & G. 304; Crossley v. Lightowler, L. R. 2 Ch. 478; Robson v. Whittingham, L. R. 1 Ch. 442; Att'y-Gen. v. Cambridge etc. Gas Co., L. R. 4 Ch. 71; Goodson v. Richardson, L. R. 9 Ch. 221, 223, 226; Stanford v. Hurlstone, L. R. 9 Ch. 116, 118, 119; Inchbald v. Robinson, L. R. 4 Ch. 388, 395, 397; London etc. R'y v. Lancashire etc. R'y, L. R. 4 Eq. 174, 178; Mayor v. Cardiff Water Co., 4 De Gex & J. 596, 597–599; Elmhirst v. Spencer, 2 Macn. & G. 45, 50; Parker v. Winnipiseogee etc. Co., 2 Black, 545; Barnes v. Hathorn, 54 Me. 124; Coe v. Winnepiseogee etc. Co., 37 N. H. 254, 264; Eastman v. Amoskeag etc. Co., 47 N. H. 71; Burnham v. Kempton, 44 N. H. 78, 90; Bassett v. Salisbury etc. Co., 47 N. H. 426; Wilcox v. Wheeler, 47 N. H. 488; Wesson v. Washburn Iron Co., 13 Allen, 95; 90 Am. Dec. 181; Rhode Island etc. Bank v. Hawkins, 6 R. I. 198; Falls Village etc. Co. v. Tibbetts, 31 Conn. 165; Fish v. Dodge, 4 Denio, 311; 47 Am. Dec. 254; Catlin v. Valentine, 9 Paige, 575; 38 Am. Dec. 567; Brady v. Weeks, 3 Barb. 157; Auburn etc. Co. v. Douglass, 12 Barb. 553; Niagara Falls etc. Co. v. Great Western R'y, 39 Barb. 212; Gilbert v. Mickle, 4 Sand. Ch. 357; Peck v. Elder, 3 Sand. 126; Cleveland v. City Gas Light Co., 20 N. J. Eq. 201; Ross v. Butler, 19 N. J. Eq. 294; 97 Am. Dec. 654; Davidson v. Isham, 9 N. J. Eq. 186; Wolcott v. Melick, 11 N. J. Eq. 204; 66 Am. Dec. 790; Smith v. Cummings, 2 Pars. Cas. 92; Cunningham v. Rome R. R., 27 Ga. 499; Cotton v. Miss. etc. Co., 19 Minn. 497; Carlisle v. Cooper, 21 N. J. Eq. 576, 579, 580, 583–585, 587; Att'y-Gen. v. Steward, 21 N. J. Eq. 340; 20 N. J. Eq. 415; Holsman v. Boiling Spring etc.

Digitized by Google

§ 1351. Same. Instances — Violations of Easements.— Among the nuisances, or wrongs in the nature of nuisances, which equity readily prevents by injunction are those which consist in the interference with, disturbance, or destruction, actual or threatened, of easements and servitudes, whether created by grant or by covenant, or resulting from user. Some of the most common forms of such injuries which equity enjoins are the obstruction of ancient lights in England, and rights of air or of prospect, by erections of any kind; the removal of the lateral support of land by excavations; the interference with water rights by diverting or polluting streams. In fact, every disturbance of an easement or servitude, existing or threatened, will be thus restrained, whenever from the essential nature of the injury, or from its continuous character, the legal remedy is inadequate.[1]  No sufficient notion can be ob-

Co., 14 N. J. Eq. 335, 342–345; Shimer v. Morris C. Co., 27 N. J. Eq. 363; Nat. Docks R'y v. Central R. R., 32 N. J. Eq. 755; Central R. R. v. Pa. R. R., 31 N. J. Eq. 475; Le Roy v. Wright, 4 Saw. 530; Perry v. Parker, 1 Wood. & M. 280, 282; Hart v. Mayor etc. of Albany, 3 Paige, 213; Tuolumne Water Co. v. Chapman, 8 Cal. 392; Hicks v. Michael, 15 Cal. 107, 116; Levaroni v. Miller, 34 Cal. 231; 91 Am. Dec. 692; Olmsted v. Loomis, 9 N. Y. 423; Hacker v. Barton, 84 Ill. 313; Robinson v. Baugh, 31 Mich. 290.

[1] The jurisdiction, where equitable servitudes have been impressed upon land by covenants in deeds of conveyance, etc., has already been examined: See *ante*, § 1342.

*Interfering with easement of light and air:* Att'y-Gen. v. Nichol, 16 Ves. 338; Wynstanley v. Lee, 2 Swanst. 333; Back v. Stacy, 2 Russ. 121; Tapling v. Jones, 11 H. L. Cas. 290; Aynsley v. Glover, L. R. 10 Ch. 283; Hackett v. Baiss, L. R. 20 Eq. 494; Smith v. Smith, L. R. 20 Eq. 500; Ecclesiastical Comm'rs v. Kino, L. R. 14 Ch. Div. 213; Thruston v. Minke, 32 Md. 487; Robeson v. Pittenger, 2 N. J. Eq. 57; 32 Am. Dec. 412; Irwin v. Dixion, 9 How. 10.

*Removal of lateral support of land:* Hunt v. Peake, Johns. 705; 6 Jur., N. S., 1071.

*Interfering with water rights by diverting streams, polluting streams, etc.:* The cases on this subject are very numerous. The jurisdiction is exercised alike against private persons and against public bodies, municipalities, boards, commissioners, etc.: Lane v. Newdigate, 10 Ves. 192; Chalk v. Wyatt, 3 Mer. 688; Att'y-Gen. v. Birmingham, 4 Kay & J. 528; Wood v. Sutcliffe, 2 Sim., N. S., 163; Lingwood v. Stowmarket Co., L. R. 1 Eq. 77, 336; Att'y-Gen. v. Richmond, L. R. 2 Eq. 306; Goldsmid v. Tunbridge etc. Comm'rs, L. R. 1 Ch. 349; 1 Eq. 161; Clowes v. Staffordshire etc. Co., L. R. 8 Ch. 125; Att'y-Gen. v. Guardians, L. R. 20 Ch. Div. 595, 604–610;

Digitized by Google

tained of the scope and efficiency of this injunctive juris-
diction, except from an actual examination of the numer-

Metropolitan Board v. London etc. R'y, L. R. 17 Ch. Div. 246; Att'y-Gen.
v. Birmingham Board, L. R. 17 Ch. Div. 685, 691; Pugh v. Golden V. R'y,
L. R. 15 Ch. Div. 330; Glassop v. Heston etc. Board, L. R. 12 Ch. Div. 102,
109; Newington etc. Board v. Cottingham etc. Board, 12 Ch. Div. 725, 734;
West Cumberland etc. Co. v. Kenyon, L. R. 11 Ch. Div. 782; 6 Ch. Div. 773;
Taylor v. Corporation of St. Helens, L. R. 6 Ch. Div. 264; Flower v. Local
Board etc., L. R. 5 Ch. Div. 347, 352; Pennington v. Brinsopp etc. Co.,
L. R. 5 Ch. Div. 769; Att'y-Gen. v. Great East. R'y, L. R. 6 Ch. 572; Att'y-
Gen. v. Leeds Corporation, L. R. 5 Ch. 583; Att'y-Gen. v. Colney Hatch etc.
Asylum, L. R. 4 Ch. 146; Baxendale v. McMurray, L. R. 2 Ch. 790; Crossley
v. Lightowler, L. R. 2 Ch. 478; Nuneaton L. Board v. General Sewage Co.,
L. R. 20 Eq. 127; Compton v. Lea, L. R. 19 Eq. 115, 121; Holt v. Corporation
of Rochdale, L. R. 10 Eq. 354, 361; Carlisle v. Cooper, 21 N. J. Eq. 568,
579, 583, 585; Att'y-Gen. v. Steward, 21 N. J. Eq. 340; 20 N. J. Eq. 415;
Shimer v. Morris Canal Co., 27 N. J. Eq. 363; Holsman v. Boiling Spring
etc. Co., 14 N. J. Eq. 335; Jacobs v. Allard, 42 Vt. 303; 1 Am. Rep. 331;
Bull v. Valley Falls Co., 8 R. I. 42; Frink v. Lawrence, 20 Conn. 117; 50
Am. Dec. 274; Fisk v. Wilber, 7 Barb. 305; Pollitt v. Long, 58 Barb. 20;
Olmsted v. Loomis, 6 Barb. 152; Gardner v. Newburgh, 2 Johns. Ch. 162, 165;
7 Am. Dec. 526; Van Bergen v. Van Bergen, 2 Johns. Ch. 272; 3 Johns.
Ch. 282; 8 Am. Dec. 511; Reid v. Gifford, Hopk. Ch. 416; Hammond v.
Fuller, 1 Paige, 197; Arthur v. Case, 1 Paige, 447; Belknap v. Trimble, 3
Paige, 577, 600; Babcock v. New Jersey etc. Co., 20 N. J. Eq. 296; Spangler's
Appeal, 64 Pa. St. 387; Sanderson v. Pennsylvania Coal Co., 86 Pa. St.
401; 27 Am. Rep. 711; Lewis v. Stein, 16 Ala. 214; 50 Am. Dec. 177;
Burden v. Stein, 27 Ala. 104; 62 Am. Dec. 758.

The California reports are so rich in most instructive cases that I may
properly cite freely from them: Fitzgerald v. Urton, 5 Cal. 308; Burdge
v. Underwood, 6 Cal. 45; Tenney v. Miners' D. Co., 7 Cal. 335; Tuolumne
W. Co. v. Chapman, 8 Cal. 392; Weimer v. Lowery, 11 Cal. 104; Boggs v.
Merced M. Co., 14 Cal. 279, 379; Henshaw v. Clark, 14 Cal. 460; Hicks v.
Michael, 15 Cal. 107; Weaver v. Eureka Lake Co., 15 Cal. 271; Hicks
v. Compton, 18 Cal. 206; Bensley v. Mt. Lake W. Co., 13 Cal. 306; 73 Am.
Dec. 575; Logan v. Driscoll, 19 Cal. 623; 81 Am. Dec. 90; McLaughlin v.
Kelly, 22 Cal. 212; Kittle v. Pfeiffer, 22 Cal. 484; Rupley v. Welch, 23 Cal.
452; Robinson v. Russell, 24 Cal. 467; Wixon v. Bear River etc. Co., 24 Cal.
367; 85 Am. Dec. 69; Leach v. Day, 27 Cal. 643; Ferrea v. Knipe, 28 Cal.
340; 87 Am. Dec. 128; Grigsby v. Burtnett, 31 Cal. 406; More v. Massini,
32 Cal. 590; Hill v. Smith, 32 Cal. 166; Levaroni v. Miller, 34 Cal. 231;
91 Am. Dec. 692; Yolo Co. v. Sacramento, 36 Cal. 193; Grigsby v. Clear
Lake W. Co., 40 Cal. 396; Gregory v. Nelson, 41 Cal. 278; Cowell v.
Martin, 43 Cal. 605; Cave v. Crafts, 53 Cal. 135; Robinson v. Black Dia-
mond Coal Co., 50 Cal. 460; 57 Cal. 412; 40 Am. Rep. 118; and see the
very important case of Woodruff v. North Bloomfield etc. M. Co., 8 Saw.
628, to enjoin several hydraulic mining companies from discharging their
mining *débris* into a river, by which the lands of the adjoining proprietors

ous and varying instances in which it has been exercised
by the modern decisions.

below were destroyed, and the navigation of the river was impeded. Several
of these California cases are very instructive with respect to injunctions
against trespass.

*Miscellaneous examples — Encroachments upon public parks, squares, and
the like:* Corning v. Lowerre, 6 Johns. Ch. 439; Hills v. Miller, 3 Paige, 254;
24 Am. Dec. 218; Trustees of Watertown v. Cowen, 4 Paige, 510.

*Corporations encroaching upon the rights of adjoining proprietors:* Coats
v. Clarence R'y, 1 Russ. & M. 181; Bonaparte v. Camden etc. R. R., Bald.
205, 231; Mohawk etc. R. R. v. Artcher, 6 Paige, 83; Drake v. Hudson
River R. R., 7 Barb. 508; Att'y-Gen. v. Tudor Ice Co., 104 Mass. 239; 6
Am. Rep. 227; Morris etc. R. R. v. Prudden, 20 N. J. Eq. 530.

*Disturbance of a burying-ground:* Beatty v. Kurtz, 2 Pet. 566, 584.

*Ringing of church bells:* Soltau v. De Held, 2 Sim., N. S., 133.

*Illustrations of various other nuisances:* Vernon v. Vestry of St. James,
L. R. 16 Ch. Div. 449; Hedley v. Bates, L. R. 13 Ch. Div. 498; Sturges
v. Bridgman, L. R. 11 Ch. Div. 852; Theed v. Debenham, L. R. 2 Ch. Div.
165; Broder v. Saillard, L. R. 2 Ch. Div. 692; Umfreville v. Johnson, L. R.
10 Ch. 580; Goodson v. Richardson, L. R. 9 Ch. 221; Att'y-Gen. v. Terry,
L. R. 9 Ch. 423; Ball v. Ray, L. R. 8 Ch. 467; Thorpe v. Brumfitt, L. R. 8
Ch. 650; Gaunt v. Fynney, L. R. 8 Ch. 8; Hext v. Gill, L. R. 7 Ch. 699;
Staight v. Burn, L. R. 5 Ch. 163; Inchbald v. Robinson, L. R. 4 Ch.
388: Att'y-Gen. v. Mid-Kent R'y, L. R. 3 Ch. 100; Clarke v. Clark, L. R.
1 Ch. 16; Tipping v. St. Helen's etc. Co., L. R. 1 Ch. 66; Ivimey v. Stocker,
L. R. 1 Ch. 396; Smith v. Smith, L. R. 20 Eq. 500; Fenwick v. East
London R'y, L. R. 20 Eq. 544; Allen v. Martin, L. R. 20 Eq. 462; Mott
v. Shoolbred, L. R. 20 Eq. 22; Dyers's Co. v. King, L. R. 9 Eq. 438;
Walker v. Brewster, L. R. 5 Eq. 25; Beadel v. Perry, L. R. 3 Eq. 465;
Crump v. Lambert, L. R. 3 Eq. 409; Martin v. Headon, L. R. 2 Eq. 425,
434; Dent v. Auction Mart Co., L. R. 2 Eq. 238, 244, 246, 247; Broadbent
v. Imperial Gas Co., 7 De Gex, M. & G. 436, 460, 462; 7 H. L. Cas. 600;
St. Helen's etc. Co. v. Tipping, 11 H. L. Cas. 642; Watson v. Sutherland,
5 Wall. 74; Parker v. Winnipiseogee etc. Co., 2 Black, 545; Cadigan v
Brown, 120 Mass. 493; Richmond Mfg. Co. v. Atlantic etc. Co., 10 R. I.
106; 14 Am. Rep. 658; Duncan v. Hayes, 22 N. J. Eq. 25; Meigs v. Lister,
25 N. J. Eq. 199; O'Riley v. McChesney, 3 Lans. 278; Snow v. Williams,
16 Hun, 468; Rothery v. N. Y. Rubber Co., 24 Hun, 172; Seaman v. Lee,
10 Hun. 607; Beach v. Elmira, 22 Hun, 158; Henderson v. N. Y. Cent.
R. R., 78 N. Y. 423; Lynch v. Mayor etc., 76 N. Y. 60; 32 Am. Rep. 271;
Adams v. Popham, 76 N. Y. 410; Campbell v. Seaman, 63 N. Y. 568; 20
Am. Rep. 567; Olmsted v. Loomis, 9 N. Y. 423; Davis v. Lambertson, 56
Barb. 480; Owen v. Phillips, 73 Ind. 284; Wahle v. Reinbach, 76 Ill. 322;
Greene v. Nunnemacher, 36 Wis. 50; Pettibone v. Hamilton, 40 Wis. 402;
Lewis v. Stein, 16 Ala. 214; 50 Am. Dec. 177; Ex parte Martin, 13 Ark.
198; 58 Am. Dec. 321; Lamborn v. Covington Co., 2 Md. Ch. 409.

It is only by examining a large number of decisions that any adequate
notion can be obtained of the wide extent of this jurisdiction, as well as of

Digitized by Google

§§ 1352, 1353    EQUITY JURISPRUDENCE.    2688

§ 1352. **Patent Rights and Copyrights.**— When the existence of a patent right or of a copyright is conceded, or has been established by an action at law, the jurisdiction of equity to restrain an infringement is too well settled and familiar to require the citation of authorities in its support. From the nature of the right and of the wrong,— the violation being a continuous act,— the legal remedy is necessarily inadequate. The ordinary form of relief is an accounting of profits and an injunction in equity; indeed, the action at law is seldom resorted to, except for the purpose of establishing the validity of the patent or copyright by the verdict of a jury when it is really contested. Under the constitution of the United States, the cognizance of suits for the infringement of these rights belongs exclusively to the federal courts.[1]

§ 1353. **Literary Property as Distinct from Copyright.**— In analogy to the protection of copyrights, a jurisdiction has become well established by modern decisions to restrain the invasion or piracy of literary property in the product of intellectual labor, which still remains in the form of manuscript, or which, if printed, has not been published, and over which, as a consequence, no statutory copyright has been obtained; and to restrain an invasion of the similar right which an artist has in his pictures, and other original works of his creative art. This jurisdiction belongs to the state courts. It will be exercised to restrain the unauthorized publication of *unpublished* manuscript or printed matter in violation of the rights of the person entitled thereto;[1] the unauthorized publication, perform-

its limitations. These cases show that the jurisdiction is not exercised merely in exceptional cases, as might be inferred from some judicial language.

§ 1352, [1] Hogg v. Kirby, 8 Ves. 215, 223; Nicol v. Stockdale, 3 Swanst. 687; Bacon v. Jones, 4 Mylne & C. 433, 436; Saunders v. Smith, 3 Mylne & C. 711, 728; Martin v. Wright, 6 Sim. 297. See Curtis on Patent and Copyrights, and Webster's Patent Cases.

§ 1353, [1] Duke of Queensberry v. Shebbeare, 2 Eden, 329; Pope v. Curl, 2 Atk. 342; Southey v. Sherwood, 2 Mer. 435, 437; Keene v. Wheatley, 9 Am. Law Reg. 33; Folsom v. Marsh, 2 Story, 100; Grigsby v. Breckenridge, 3 Bush, 480; 92 Am. Dec. 509.

Digitized by Google