*Exhibit 3*

**Horton v Maltby.**
See S.C. Romillys Notes 5. vol. 123.

In Chancery
July 23. 1753

A Patentee of
an Invention
may in the 1st
instance file
his bill in this
Cot to have
machines used
by Dft in preju
dice of that pa
tent deliv.d up
& for an Injon
to restrain the
use of them in
the mean time
&c. & need not
establish his
right by any
action at law
the patent being
sufficit. to main
tain it And a
Demurrer
will not
lie to such a
Bill

The Bill stated an invention of a
Machine for making Stockings in some
particr. manner for wch the plt had obtain
ed a patent & it charged that the dfts had
made use of those Machines & engines &
prayed an acco.t of all such Machines &
engines used by the dfts in that branch
of their business & to have them delivered
up or destroyed & for an acco.t of the profit
made by sale of the Stockings & for a satis
faction to the plt in respect thereof & for
an Injunctn. to restrain the dfts from
making furr. use of such Machines &
Engines.

The dfts demurred to the whole bill for
that the same did not contain any matter
of equity And that the plt ought to establish
his right to the premes at law before he is
intitd. to pray an Injunction in this Court.

Aunge for the plt said the bill was
perfectly of course that the usual way of

All images © The Honourable Society of Lincoln's Inn. Reproduced with permission of the Benchers of Lincoln's Inn.

11

*Horton v Maltby.*
*E. Leicester v Sidney.*

proceeding in these cases was to get an Injunction on affid<sup>t</sup>. then upon coming in of the Ans<sup>r</sup>. the pties were usually sent to try the right at law & if the pltf succeeded he came back here for his acco<sup>t</sup>. And he ment<sup>d</sup>. of *Morris v Unwin*

*Gibbs v Cole*. 3. Atk. 255. — *Liardet & Adam v Johnston* on a patent for stucco. *Anon* 1. Vez. 476.

For the Demurrer it was said that the demand was merely what wo<sup>d</sup>. be the substance of a decision at law that it was merely to establish a right in this Court instead of a Co<sup>t</sup>. of law w<sup>ch</sup> was never allow ed. *Ld Teynham v Herbert*. 2. Atk 483. *Whitchurch v Hide*. 2. Atk. 391.

Lord Com<sup>r</sup> *Ashurst* — I think this Demurrer ought not to be allowed I cannot distinguish this case from that of the copy rights; there the party as<sup>d</sup>. whom

All images © The Honourable Society of Lincoln's Inn. Reproduced with permission of the Benchers of Lincoln's Inn.

the Injunction is prayed may in the
mean time print off a number of copies
to the irreparable injury of the Owner The
same kind of injury may be done to the
plt in this Case. — This Demurrer there
fore must be disallowed.

    <u>Lord Com.r Hotham</u> agreed.

    From Mr Cox's Notes.

In Chancery
July. 23.d 1783

    Earl of Leicester v Sydney.

1 Bro. 305

Where a bill
is filed for a
discovery of
deeds & to prevent
dft from setting
up an inequit
able defence to
a writ of right a
Plea that the
writ of right has
been tried is a
good plea in bar
to the discovery
and so it will
be tho' it sho.d
turn out that a
part of the lands
in respect of
which the disc.y
was required was
not comprised
in y.e Writ of right
since the bill

Bill filed by plt for a discovery of
deeds and writings & for preventing dfts
from setting up some deeds or instrum.ts
by plt upon trial of a writ of right.

    The Writ of right was in the mean
time tried & Verdict for tenant. This the
dfts pleaded & that therefore the only object
of plts bill was at an end.

    It was said on the part of the plts
that a discovery was required by the bill
of deeds relating to some lands not com
prized in the Writ of right & that therefore

All images © The Honourable Society of Lincoln's Inn.  Reproduced with permission of the Benchers of Lincoln's Inn.