## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br><br>Defendants. | Case No. 2:23-cv-00587-JRG<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF JOHN M. KOWALSKI, PH.D.
## IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION

I, John M. Kowalski, under penalty of perjury, declare and state as follows:

1. I have been retained as an expert witness to the above-captioned case. This declaration is based on my personal knowledge, my education, my expertise, and my investigation. If called as a witness, I could and would testify competently to the contents herein.

2. My personal background and experience are set forth in my April 25, 2025 Opening Expert Report.

## I. COLLISION'S PROPOSED INJUNCTION IS NARROWLY TAILORED.

3. I have reviewed the proposed permanent injunction that Collision is seeking in its motion and have concluded that it is reasonably tailored to Samsung's infringement.

4. The proposed injunction would stop Samsung from making, selling, offering to sell, using or importing Samsung's cell phones and tablets with technology that infringes the '492 Patent.

5.    For cell phones and tablets that are in production, the proposed injunction only requires that Samsung modify the software, firmware, and/or hardware code to not include selecting between SU-MIMO detector algorithms based on rank or modulation schemes, such as selecting between DR-MLM and DF-MMSE and reduced complexity DR-MLM and DF-MMSE. These are the specific features that I identified during trial in connection with the infringement analysis of the '492 Patent. *See* Trial Transcript at 471:22–472:9, 479:18–484:3; *see also* 444:1–449:25, 622:22–623:3, 623:16–18.

## II.    SAMSUNG COULD COMPLY WITH THE PROPOSED INJUNCTION WITHOUT HARDSHIP.

6.    From a technical perspective, it would not be difficult for Samsung to comply with the proposed injunction.

7.    For phones and tables that are in the process of being manufactured, Samsung could modify the modem chipset software and firmware to remove the infringing functionality, by removing selection of SU-MIMO detector algorithms based on modulation scheme and rank, including removing selection of DR-MLM and DF-MMSE algorithms based on rank and selection of reduced complexity DF-MMSE and DR-MLM algorithms based on modulation scheme.

8.    Samsung could then offer to sell and sell cell phones and tablets with the modified chipsets if the proposed injunction were entered.

9.    Modifying the software, firmware, and/or hardware would not be unduly difficult. For example, Samsung's website explains that it can make available software updates for its phones or tablets.



https://www.samsung.com/us/support/answer/ANS10002027/?msockid=31dae2fde4f76a993409f

75be5836b48

10.    This means that not only does Samsung have the technical know-how and capability to modify the software, firmware, and/or hardware code, but that Samsung already has the necessary mechanisms in place to be able to modify the same.

11.    Moreover, Samsung would be able to comply with the injunction by using a subset of existing code and algorithms in its current products.  Compliance could be obtained simply through disabling or removing portions of SU-MIMO detection code.  For example, Samsung could simply use one of DR-MLM or DF-MMSE for all SU-MIMO ranks.  Similarly, Samsung could simply remove or disable reduced complexity[1] algorithms for all SU-MIMO modulation schemes.

12.    The proposed injunction order gives Samsung ample time to implement a . software, firmware, or hardware update to change its phones and tablets.  Considering that

---

[1] Reduced complexity refers to modes that perform algorithms across a subset of constellation points.

Samsung already has the mechanisms in place to modify cell phones and tablets, including specifically to disable technology that infringes the '492 Patent, Samsung could readily comply with the proposed injunctions.  I am not aware of any reason why Samsung could not comply with the injunction within the proposal's one month timeframe.

13.    I declare under penalty of perjury under the laws of the United States of America and the State of Texas that the below is true and correct.


Executed on:  December 10, 2025


_____

John M. Kowalski, Ph.D.