# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

June 2, 2026

## NOTICE OF DOCKETING

**Federal Circuit Docket No.:** 2026-1893

**Federal Circuit Short Caption:** Collision Communications, Inc. v. Samsung Electronics Co., Ltd.

**Date of Docketing:** June 2, 2026

**Originating Tribunal:** United States District Court for the Eastern District of Texas

**Originating Case No.:** 2:23-cv-00587-JRG

**Appellant:** Collision Communications, Inc.

A notice of appeal has been filed and assigned the above Federal Circuit case number. The court's official caption is included as an attachment to this notice. Unless otherwise noted in the court's rules, the assigned docket number and official caption or short caption must be included on all documents filed with this Court. It is the responsibility of all parties to review the Rules for critical due dates. The assigned deputy clerk is noted below and all case questions should be directed to the Case Management section at (202) 275-8055.

The following filings are due within 14 days of this notice:

- [Entry of Appearance](#) or [Notice of Unrepresented Person](#). (Fed. Cir. R. 47.3.)
- [Certificate of Interest](#). (Fed. Cir. R. 47.4; not required for unrepresented and federal government parties unless disclosing information under Fed. Cir. R. 47.4(a)(6))
- [Docketing Statement](#). Note: No docketing statement is required in cases with an unrepresented party.
- [Statement Concerning Discrimination](#) in MSPB or arbitrator cases. (Fed. Cir. R. 15(c); completed by petitioner only)
- Fee payment or appropriate fee waiver request, if the docketing fee was not prepaid (see Fee Payment below).

**FILING DOCUMENTS:** Each counsel representing a party must be a member of the court's bar and registered for the court's electronic filing system. Parties represented by counsel must make all filings through the court's electronic filing system.

Unrepresented parties may choose to submit case filings to the court either in paper or through the court's electronic filing system; electronic filing will only be permitted for unrepresented parties after successful registration for the court's electronic filing system and submission of a completed Notice of Unrepresented Person Appearance. Fed. Cir. R. 25(a). The court's Electronic Filing Procedures may be accessed here.

**CONTACT INFORMATION:** Electronic filers, or unrepresented parties registered to receive electronic service, must update their contact information in their PACER service center profile whenever their contact information changes. Counsel must file an amended Entry of Appearance and unrepresented parties must file an amended Notice of Unrepresented Person Appearance whenever contact information changes. Fed. Cir. R. 25(a)(5).

**FEE PAYMENT:** Unless the filing fee was prepaid, fee payment must be submitted within fourteen days after this notice. Fed. Cir. R. 52(d). For outstanding docketing fees due to this court, electronic filers must pay the fee using the event Pay Docketing Fee through the court's electronic filing system. Fed. Cir. R. 52(e). Docketing fees due to other courts, such as U.S. District Courts, the U.S. Court of Appeals for Veterans Claims, and non-vaccine cases at the U.S. Court of Federal Claims, must be submitted to those courts in accordance with their procedures. A filer wishing to proceed without fee payment must submit a motion for leave to proceed in forma pauperis, or other fee waiver request, within fourteen days.

**OFFICIAL CAPTION:** The court's official caption is attached and reflects the lower tribunal's caption pursuant to Fed. R. App. P. 12(a), 15(a), and 21(a). Please review the caption carefully and promptly advise this court in writing of any improper or inaccurate designations.



Jarrett B. Perlow
Clerk of Court


By: M. Ames, Deputy Clerk

**Attachments:**

- Official caption
- Paper Copies of General Information and Forms (to unrepresented parties only):
  - [General Information and Overview of a Case in the Federal Circuit](#)
  - [Notice of Unrepresented Person Appearance](#)
  - [Informal Brief](#)
  - [Informal Reply Brief](#) (to be completed only after receiving the opposing party's response brief)
  - [Motion and Affidavit for Leave to Proceed in Forma Pauperis](#) (only to filers owing the docketing fee)
  - [Supplemental in Forma Pauperis Form for Prisoners](#) (only to filers in a correctional institution)
  - [Statement Concerning Discrimination](#) (only to petitioners in MSPB or arbitrator case)

**cc:** United States District Court for the Eastern District of Texas

## Official Caption

**COLLISION COMMUNICATIONS, INC.,**
*Plaintiff-Appellant*

**v.**

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,**
*Defendants-Appellees*

## Short Caption

Collision Communications, Inc. v. Samsung Electronics Co., Ltd.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

COLLISION COMMUNICATIONS, INC.

    Plaintiff,

    *v.*

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC.,

    Defendants.

Case No. 2:23-cv-00587-JRG

JURY TRIAL DEMANDED

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 1292(a)(1) and Federal Rules of Appellate Procedure 3(b)(2) and 4(a)(1)(A), Plaintiff Collision Communications, Inc. ("Collision") hereby gives notice that it appeals to the United States Court of Appeals for the Federal Circuit from the order denying Collision's motion for a permanent injunction ("Order") that was entered in this action on May 18, 2026 (Dkt. No. 400), and from any adverse prior rulings, orders, and determinations antecedent to and/or merged into the Order.

Collision files this Notice earlier than required by FRAP 4(a)(1)(A), and separate from any appeal of the Court's forthcoming rulings on other posttrial motions, because Collision intends to move to expedite the appeal proceedings under Federal Rule of Appellate Procedure 27. Expediting the appeal is necessary given the ongoing irreparable harm to Collision's interests and the '492 patent's limited remaining term. And, consistent with the associated Federal Circuit Practice Notes, Collision believes that a prompt Notice of Appeal is a necessary first step toward achieving expedited treatment above.

Nevertheless, to the extent practicable, Collision still intends to consolidate or coordinate this appeal with any subsequent appeal (by either party) of the remaining issues before the Court. The interlocutory appeal of this Order does not divest the Court of jurisdiction over the remaining aspects of the case, including rulings on post-trial motions. *See Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) ("A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal."); *cf. Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1146 (Fed. Cir. 2011) ("Thus, on its face, the district court's order denying Bosch's request for a permanent injunction in a patent case falls within the scope of § 1292(a)(1), (c)(1)."); 28 U.S.C. §§ 1292(a)(1), (c)(1) (describing jurisdiction over appeals of interlocutory orders).  Thus, once the Court issues additional orders resolving the remaining disputes, should either party take an appeal from those issues, Collision will, if possible, work to coordinate those proceedings with the appeal taken via this Notice.

DATED: May 27, 2026

Respectfully submitted,

/s/ Austin Curry
Austin Curry (TX Bar No. 24059636)
acurry@caldwellcc.com
Bradley W. Caldwell (TX Bar No. 24040630)
bcaldwell@caldwellcc.com
Jason D. Cassady (TX Bar No. 24045625)
jcassady@caldwellcc.com
Justin T. Nemunaitis (TX Bar No. 24065815)
jnemunaitis@caldwellcc.com
Christopher S. Stewart (TX Bar No. 24079399)
cstewart@caldwellcc.com
Hamad M. Hamad (TX Bar No. 24061268)
hhamad@caldwellcc.com
Robert Seth Reich Jr. (TX Bar No. 24088283)
sreich@caldwellcc.com
John F. Summers (TX Bar No. 24079417)
jsummers@caldwellcc.com
Aisha M. Haley (TX Bar No. 24139895)
ahaley@caldwellcc.com
James F. Smith (TX Bar No. 24129800)
jsmith@caldwellcc.com
James Yang (admitted Pro Hac Vice)
CA Bar No. 329979
jyang@caldwellcc.com
Alexander J. Gras (TX Bar No. 24125252)
agras@caldwellcc.com
Bailey A. Blaies (TX Bar No. 24109297)
bblaies@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Andrea Leigh Fair (TX Bar No. 24078488)
andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Paul D. Clement (*admitted pro hac vice*)
VA Bar No. 37915

paul.clement@clementmurphy.com
C. Harker Rhodes IV (*admitted pro hac vice*)
VA Bar No. 99759
harker.rhodes@clementmurphy.com
Camilo Garcia (*admitted pro hac vice*)
DC Bar No. 90004901
Camilo.garcia@clementmurphy.com
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandra, VA  22314
Phone:  (202) 742-8900
Facsimile:  (703) 997-6207

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Austin Curry*
Austin Curry

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Marshall)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00587-JRG

Collision Communications, Inc. v. SAMSUNG ELECTRONICS
CO., LTD. et al
Assigned to: District Judge Rodney Gilstrap
Cause: 35:271 Patent Infringement

Date Filed: 12/12/2023
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**Elliott Brown**

**Technical Advisor**

**Michael Dean Paul**
26110 High Timber Pass St.
San Antonio, TX 78620
(210) 473-8696
*mdeanpaul@gmail.com*

**Plaintiff**

**Collision Communications, Inc.**



represented by **Bradley Wayne Caldwell**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
(214) 888-4848
Fax: 214-888-4849
Email: bcaldwell@caldwellcc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aisha Mahmood Haley**
Caldwell Cassady Curry PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4847
Email: ahaley@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Alexander Joseph Gras**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4961
Fax: 214-888-4849
Email: agras@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Andrea Leigh Fair**
Miller Fair Henry PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Email: andrea@millerfairhenry.com
*ATTORNEY TO BE NOTICED*

**Austin Curry**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4848
Fax: 214-888-4849
Email: acurry@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Bailey Alexandra Blaies**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214.888.4855
Fax: 214.888.4849
Email: bblaies@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**C. Harker Rhodes , IV**
Clement & Murphy PLLC
706 Duke St.
706 Duke Street
Alexandria, VA 22314
202-742-8900
Email: harker.rhodes@clementmurphy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Camilo Garcia**
Clement & Murphy, PLLC
706 Duke Street
706 Duke Street
Alexandria, VA 22314
202-742-8890
Email: camilo.garcia@clementmurphy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Everingham , IV**
Charles Everingham IV P.C.
13441 Davidson Road
Diana, TX 75640
903-241-3842

Email: chad@everinghampc.com
*TERMINATED: 04/15/2026*

**Christopher S Stewart**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4848
Fax: 214-888-4849
Email: cstewart@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Garrett C. Parish**
Miller Fair Henry PLLC
TX
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Email: garrett@millerfairhenry.com
*ATTORNEY TO BE NOTICED*

**Hamad M Hamad**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4848
Fax: 214-888-4849
Email: hhamad@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**James Robert Perkins**
Caldwell Cassady Curry PC
2121 N. Pearl St.
Ste. 1200
Dallas, TX 75201
214-888-4959
Fax: 201-888-4849
Email: jperkins@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**James F Smith**
Caldwell Cassady Curry PC
None
2121 N Pearl St.
Ste. 1200
Dallas, TX 75201
214-888-4856
Fax: 214-888-4849
Email: jsmith@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**James Yang**

Caldwell Cassady Curry P.C.
2121 N. Pearl Street
Suite 1200
Dallas, TX 75201
214-888-4972
Email: jyang@caldwellcc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Dodd Cassady**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4848
Fax: 214-888-4849
Email: jcassady@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**John Franklin Summers**
Caldwell Cassady Curry PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4858
Fax: 214-888-4849
Email: jsummers@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Justin Thomas Nemunaitis**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214/888-4848
Fax: 214/888-4849
Email: jnemunaitis@caldwellcc.com
*ATTORNEY TO BE NOTICED*

**Paul D. Clement**
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
202-742-8900
Email: paul.clement@clementmurphy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Seth Reich , Jr**
Caldwell Cassady & Curry, PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214-888-4844

Fax: 214-888-4849
Email: sreich@caldwellcc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SAMSUNG ELECTRONICS CO., LTD.**          represented by     **Gregory F. Laufer**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Email: glaufer@paulweiss.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Austin Buscher**
555 Twin Dolphin
Ste Fifth Floor
Redwood Shores, CA 94065
509-432-5948
Email: austinbuscher@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brady Huynh**
Quinn Emanuel Urquhart & Sullivan
555 Twin Dolphin Dr.
5th Floor
Redwood City, CA 94065
650-801-5094
Email: bradyhuynh@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian E Mack**
Quinn Emanuel Urquhart & Sullivan LLP -
San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415.875.6600
Fax: 415.875.6700
Email: brianmack@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Brice Lynch**
Quinn Emanuel Urquhart & Sullivan LLP -
Redwood
555 Twin Dolphin Drive
5th Floor

Redwood Shores, CA 94065
650.801.5000
Fax: 650.801.5100
Email: bricelynch@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Aaron Nelson**
Quinn Emanuel Urquhart & Sullivan LLP
191 N. Wacker Drive
Ste 2700
Chicago, IL 60606
312-705-7465
Fax: 312-705-7401
Email: davenelson@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**John Franklin Bash , III**
Quinn, Emanuel, Urquhart & Sullivan, LLP
300 West 6th Street
Suite 2010
Austin, TX 78701
737-667-6101
Fax: 737-667-6110
Email: johnbash@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**John Thomas McKee**
Quinn Emanuel Urquhart & Sullivan
295 Fifth Avenue
New York, NY 10016
212-849-7000
Fax: 212-849-7100
Email: johnmckee@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Joseph Reed**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
Ste 5th Floor
Redwood Shores, CA 94065
650-801-5107
Email: joereed@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Hardy**
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW
Suite 600
Washington, DC 20004
202-538-8240
Fax: 202-538-8100
Email: kevinhardy@quinnemanuel.com

*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Nagendra Setty**
Quinn Emanuel Urquhart & Sullivan, LLP
1109 First Avenue
Suite 210
Seattle, WA 98101
206-905-7118
Email: nicksetty@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Olga Slobodyanyuk**
Quinn Emanuel Urquhart & Sullivan LLP -
Redwood
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5114
Fax: 650-801-5100
Email:
olgaslobodyanyuk@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick James Stafford**
Quinn, Emanuel, Urquhart & Sullivan LLP -
Washington
1300 I Street NW
Suite 900
Washington, DC 20005
202-538-8188
Fax: 202-538-8100
Email: patrickstafford@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Sean S. Pak**
Quinn Emanuel Urquhart & Sullivan LLP -
San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: seanpak@quinnemanuel.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Victoria Fishman Maroulis**
Quinn Emanuel Urquhart & Sullivan LLP -
Redwood
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650/801-5000
Fax: 650/801-5100
Email:
victoriamaroulis@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

<table>
<tr><td><b>SAMSUNG ELECTRONICS AMERICA, INC.</b></td><td>represented by</td><td><b>Gregory F. Laufer</b><br>(See above for address)<br><i>LEAD ATTORNEY</i><br><i>PRO HAC VICE</i><br><i>ATTORNEY TO BE NOTICED</i></td></tr>
</table>

**Sean S. Pak**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Austin Buscher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brady Huynh**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian E Mack**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brice Lynch**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Aaron Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Franklin Bash , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Thomas McKee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Reed**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Hardy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nagendra Setty**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Olga Slobodyanyuk**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick James Stafford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Victoria Fishman Maroulis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**United States of America**                    represented by    **Andrew DeLaney**
DOJ-Atr
Antitrust Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
914-256-0514
Fax: 202-514-0536
Email: andrew.delaney@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Nicholas Theodore Matich , IV**
U.S. Patent and Trademark Office
Office of the General Counsel
600 Dulany Street
Ste Mde 10a15
Alexandria, VA 22314
571-272-7000
Email: nicholas.matich1@uspto.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2023 | 1 | COMPLAINT *for Patent Infringement* against SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. ( Filing fee $ 405 receipt number ATXEDC-9865821.), filed by Collision Communications, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Civil Cover Sheet)(Caldwell, Bradley) (Entered: 12/12/2023) |
| 12/12/2023 | | Case assigned to District Judge Rodney Gilstrap. (ch, ) (Entered: 12/12/2023) |
| 12/12/2023 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 12/12/2023) |
| 12/12/2023 | 2 | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 12/12/2023) |
| 12/12/2023 | 3 | DEMAND for Trial by Jury by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 12/12/2023) |
| 12/12/2023 | 4 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Caldwell, Bradley) (Entered: 12/12/2023) |
| 12/12/2023 | 5 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Collision Communications, Inc. (Caldwell, Bradley) (Entered: 12/12/2023) |
| 12/12/2023 | 6 | NOTICE of Attorney Appearance by Jason Dodd Cassady on behalf of Collision Communications, Inc. (Cassady, Jason) (Entered: 12/12/2023) |
| 12/12/2023 | 7 | NOTICE of Attorney Appearance by John Austin Curry on behalf of Collision Communications, Inc. (Curry, John) (Entered: 12/12/2023) |
| 12/13/2023 | 8 | NOTICE of Attorney Appearance by Justin Thomas Nemunaitis on behalf of Collision Communications, Inc. (Nemunaitis, Justin) (Entered: 12/13/2023) |
| 12/13/2023 | 9 | NOTICE of Attorney Appearance by John Franklin Summers on behalf of Collision Communications, Inc. (Summers, John) (Entered: 12/13/2023) |
| 12/13/2023 | 10 | SUMMONS Issued as to SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Additional Attachment(s))(ch, ) (Entered: 12/13/2023) |
| 12/13/2023 | 11 | NOTICE of Attorney Appearance by Alexander Joseph Gras on behalf of Collision Communications, Inc. (Gras, Alexander) (Entered: 12/13/2023) |
| 12/13/2023 | 12 | NOTICE of Attorney Appearance by Hamad M Hamad on behalf of Collision Communications, Inc. (Hamad, Hamad) (Entered: 12/13/2023) |
| 12/14/2023 | 13 | SUMMONS Returned Executed by Collision Communications, Inc.. SAMSUNG ELECTRONICS AMERICA, INC. served on 12/13/2023. (Caldwell, Bradley) (Entered: 12/14/2023) |

| 12/15/2023 | 14 | WAIVER OF SERVICE Returned Executed by SAMSUNG ELECTRONICS CO., LTD.. SAMSUNG ELECTRONICS CO., LTD. waiver sent on 12/14/2023, answer due 3/13/2024. (Smith, Melissa) (Entered: 12/15/2023) |
|---|---|---|
| 12/15/2023 | 15 | UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE, ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS COMPLAINT AND WAIVER OF FOREIGN SERVICE REQUIREMENT by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 12/15/2023) |
| 12/18/2023 | 16 | NOTICE of Attorney Appearance by Aisha Mahmood Haley on behalf of Collision Communications, Inc. (Mahmood Haley, Aisha) (Entered: 12/18/2023) |
| 12/18/2023 | 17 | ORDER granting 15 UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE, ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS COMPLAINT AND WAIVER OF FOREIGN SERVICE REQUIREMENT. Signed by District Judge Rodney Gilstrap on 12/18/2023. (ch, ) (Entered: 12/18/2023) |
| 02/14/2024 | 18 | SCHEDULING ORDER: Scheduling/Case Management Conference set for 3/25/2024 at 10:00 AM before District Judge Rodney Gilstrap.. Signed by District Judge Rodney Gilstrap on 2/14/2024. (ch, ) (Entered: 02/14/2024) |
| 02/16/2024 | 19 | NOTICE of Attorney Appearance by Andrea Leigh Fair on behalf of Collision Communications, Inc. (Fair, Andrea) (Entered: 02/16/2024) |
| 03/04/2024 | 20 | JOINT MOTION to Extend the Deadline *to Serve Infringement and Invalidity Contentions* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order) (Fair, Andrea) (Entered: 03/04/2024) |
| 03/05/2024 | 21 | ORDER granting 20 JOINT MOTION to Extend the Deadline to Serve Infringement and Invalidity Contentions. Signed by District Judge Rodney Gilstrap on 3/5/2024. (ch, ) (Entered: 03/06/2024) |
| 03/13/2024 | 22 | ANSWER to 1 Complaint, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..(Smith, Melissa) (Entered: 03/13/2024) |
| 03/13/2024 | 23 | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 03/13/2024) |
| 03/13/2024 | 24 | DEMAND for Trial by Jury by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 03/13/2024) |
| 03/13/2024 | 25 | NOTICE of Attorney Appearance by Brian E Mack on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Mack, Brian) (Entered: 03/13/2024) |
| 03/13/2024 | 26 | NOTICE of Attorney Appearance by Kevin Hardy on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Hardy, Kevin) (Entered: 03/13/2024) |
| 03/13/2024 | 27 | NOTICE of Attorney Appearance by Victoria Fishman Maroulis on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Maroulis, Victoria) (Entered: 03/13/2024) |
| 03/25/2024 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Scheduling Conference/Case Management Conference held on 3/25/2024. Counsel for the parties appeared. Court asked whether they consented to trial before the U.S. Magistrate Judge. Court proceeded to give counsel Claim Construction and Jury |

| | | |
|---|---|---|
| | | Selection/Trial dates. (Court Reporter Shawn McRoberts) (aeb) (Entered: 03/26/2024) |
| 03/26/2024 | 28 | PAPER TRANSCRIPT REQUEST by Collision Communications, Inc. for proceedings held on 03/25/2024 Scheduling Conference/Case Management Conference before Judge Rodney Gilstrap. (Nemunaitis, Justin) (Forwarded to Shawn McRoberts on 3/27/2024) (ljw). (Entered: 03/26/2024) |
| 03/27/2024 | 29 | PAPER TRANSCRIPT REQUEST by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. for proceedings held on 3/25/204 before Judge Hon. Rodney Gilstrap. (Mack, Brian) (Forwarded to Shawn McRoberts on 3/27/2024) (ljw). (Entered: 03/27/2024) |
| 03/28/2024 | 30 | NOTICE of Attorney Appearance - Pro Hac Vice by Sean S. Pak on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. Filing fee $ 100, receipt number ATXEDC-10055943. (Pak, Sean) (Entered: 03/28/2024) |
| 03/28/2024 | 31 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Scheduling Conference Proceedings held on 03/25/2024 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 4/18/2024. Release of Transcript Restriction set for 6/26/2024. (SMM) (Entered: 03/28/2024) |
| 04/03/2024 | 32 | NOTICE of Attorney Appearance by Patrick James Stafford on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Stafford, Patrick) (Entered: 04/03/2024) |
| 04/08/2024 | 33 | UNOPPOSED MOTION for Entry of Docket Control Order by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 04/08/2024) |
| 04/08/2024 | 34 | JOINT MOTION for Entry of Discovery Order by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 04/08/2024) |
| 04/15/2024 | 35 | JOINT MOTION to Amend/Correct 33 UNOPPOSED MOTION for Entry of Docket Control Order by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 04/15/2024) |
| 04/17/2024 | 36 | DOCKET CONTROL ORDER granting 35 JOINT MOTION to Amend/Correct denying as moot 33 UNOPPOSED MOTION for Entry of Docket Control Order filed by Collision Communications, Inc., 33 UNOPPOSED MOTION for Entry of Docket Control Order. Pretrial Conference set for 8/4/2025 at 09:00 AM before District Judge Rodney Gilstrap., Jury Selection set for 9/8/2025 at 09:00AM before District Judge Rodney Gilstrap., Markman Hearing set for 3/10/2025 at 09:00 AM before District Judge Rodney Gilstrap.). Signed by District Judge Rodney Gilstrap on 4/17/2024. (CH) (Entered: 04/17/2024) |

| 04/17/2024 | 92 | DISCOVERY ORDER. Signed by District Judge Rodney Gilstrap on 04/17/2024. (KLC) (KLC). (Entered: 04/17/2024) |
|---|---|---|
| 04/22/2024 | 37 | JOINT MOTION for Protective Order by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 04/22/2024) |
| 04/23/2024 | 38 | NOTICE OF COMPLIANCE by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. *Regarding Initial Disclosures* (Smith, Melissa) (Entered: 04/23/2024) |
| 04/23/2024 | 39 | NOTICE OF COMPLIANCE by Collision Communications, Inc. *regarding Service of Initial Disclosures* (Caldwell, Bradley) (Entered: 04/23/2024) |
| 04/24/2024 | 40 | PROTECTIVE ORDER granting 37 JOINT MOTION for Protective Order. Signed by District Judge Rodney Gilstrap on 4/24/2024. (CH) (Entered: 04/24/2024) |
| 05/10/2024 | 41 | NOTICE of Attorney Appearance by Bailey Alexandra Blaies on behalf of Collision Communications, Inc. (Blaies, Bailey) (Entered: 05/10/2024) |
| 05/20/2024 | 42 | UNOPPOSED MOTION FOR ENTRY OF E-DISCOVERY ORDER by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 05/20/2024) |
| 05/22/2024 | 43 | E-DISCOVERY ORDER, Motions terminated: 42 UNOPPOSED MOTION FOR ENTRY OF E-DISCOVERY ORDER = (Motion(s) 42 terminated). Signed by District Judge Rodney Gilstrap on 5/22/2024. (CH) (Entered: 05/23/2024) |
| 09/04/2024 | 44 | JOINT MOTION for Protective Order *Stipulated Supplemental Protective Order between Non-Party Qualcomm Incorporated, Plaintiff and Defendants* by Collision Communications, Inc.. (Attachments: # 1 Exhibit A-Stipulated Supplemental Protective Order)(Caldwell, Bradley) (Entered: 09/04/2024) |
| 09/05/2024 | 45 | **WITHDRAWN PER ORDER 70** OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration of Brian Mack In Support of Motion for Leave, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order Granting Motion for Leave)(Mack, Brian) Modified on 12/12/2024 (KLC). (Entered: 09/05/2024) |
| 09/05/2024 | 46 | STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY QUALCOMM INCORPORATED, PLAINTIFF AND DEFENDANT (Motion(s) 44 terminated). Signed by District Judge Rodney Gilstrap on 9/5/2024. (CH) (Entered: 09/06/2024) |
| 09/06/2024 | 47 | UNOPPOSED SEALED MOTION *to Approve Request for International Judicial Assistance in Procuring Evidence from Foreign Third Parties* by Collision Communications, Inc.. (Attachments: # 1 Appendix A-Collision Letter Rogatory to Realtek (Taiwan), # 2 Appendix B-Collision Letter Rogatory to Mediatek (Taiwan), # 3 Appendix C-Collision Letter Rogatory to UNISOC (PRC), # 4 Proposed Order)(Caldwell, Bradley) (Entered: 09/06/2024) |
| 09/06/2024 | 48 | NOTICE of Attorney Appearance by Christopher S Stewart on behalf of Collision Communications, Inc. (Stewart, Christopher) (Entered: 09/06/2024) |
| 09/06/2024 | 49 | NOTICE of Attorney Appearance by James F Smith on behalf of Collision Communications, Inc. (Smith, James) (Entered: 09/06/2024) |
| 09/09/2024 | 50 | NOTICE of Attorney Appearance - Pro Hac Vice by James Yang on behalf of Collision Communications, Inc.. Filing fee $ 100, receipt number ATXEDC- |

| | | |
|---|---|---|
| | | 10345301. (Yang, James) (Entered: 09/09/2024) |
| 09/10/2024 | 51 | REDACTION to 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Affidavit/Declaration of Brian Mack ISO Motion for Leave)(Mack, Brian) (Entered: 09/10/2024) |
| 09/18/2024 | 52 | ORDER denying 47 UNOPPOSED SEALED MOTION to Approve Request for International Judicial Assistance in Procuring Evidence from Foreign Third Parties. Signed by District Judge Rodney Gilstrap on 9/18/2024. (CH) (Entered: 09/18/2024) |
| 09/20/2024 | 53 | RESPONSE in Opposition re 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS filed by Collision Communications, Inc..* (Stewart, Christopher) (Entered: 09/20/2024) |
| 09/24/2024 | 54 | UNOPPOSED MOTION to Amend/Correct *Motion to Approve Request for International Judicial Assistance in Procuring Evidence From Foreign Third Parties [Dkt. 47]* by Collision Communications, Inc.. (Attachments: # 1 Appendix A, # 2 Appendix B - Filed Under Seal, # 3 Appendix C, # 4 Proposed Order)(Stewart, Christopher) (Entered: 09/24/2024) |
| 09/24/2024 | 55 | SEALED ADDITIONAL ATTACHMENT to 54 Unopposed Motion to Amend Motion to Approve Request for International Judicial Assistance in Procuring Evidence From Foreign Third Parties 47 . (Stewart, Christopher) (Entered: 09/24/2024) |
| 09/27/2024 | | NOTICE of TELEPHONIC Hearing on Motion 54 UNOPPOSED MOTION to Amend/Correct *Motion to Approve Request for International Judicial Assistance in Procuring Evidence From Foreign Third Parties [Dkt. 47]* : TELEPHONIC Motion Hearing set for 10/10/2024 at 11:30 AM before District Judge Rodney Gilstrap. Plaintiff's counsel is responsible for making sure all participants are on the call before dialing Judge's Chambers' direct number of (903) 923-7466. Once received, the call will thereafter be transferred to Chambers' dedicated conference line. (aeb) (Entered: 09/27/2024) |
| 09/27/2024 | 56 | SEALED REPLY to Response re 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration of Brian E. Mack ISO Reply)(Mack, Brian) (Entered: 09/27/2024) |
| 10/04/2024 | 57 | SUR-REPLY to Reply to Response re 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS filed by Collision Communications, Inc..* (Stewart, Christopher) (Entered: 10/04/2024) |
| 10/09/2024 | 58 | NOTICE of Attorney Appearance - Pro Hac Vice by Brice Lynch on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. Filing fee $ 100, receipt number ATXEDC-10410987. (Lynch, Brice) (Entered: 10/09/2024) |
| 10/09/2024 | 59 | NOTICE *Regarding Amended Motion to Approve Request for International Judicial Assistance (Dkt. 54)* by Collision Communications, Inc. re 54 UNOPPOSED MOTION to Amend/Correct *Motion to Approve Request for International Judicial Assistance in Procuring Evidence From Foreign Third Parties [Dkt. 47]* (Stewart, Christopher) (Entered: 10/09/2024) |

| 10/10/2024 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: TELEPHONIC Motion Hearing held on 10/10/2024. Counsel announced attendance. Court conducted telephonic discussion and addressed Dkt. Nos. 54 and 59. (11:30 AM to 11:38 AM) (No exhibits)(Court Reporter Shawn McRoberts) (aeb) (Entered: 10/10/2024) |
|---|---|---|
| 10/16/2024 | 60 | ORDER - The Court issues this Order sua sponte. It is hereby ORDERED that Plaintiff and Defendants must file a notice in the above-captioned case that identifies their lead counsel within five (5) days of entry of this Order. Signed by District Judge Rodney Gilstrap on 10/16/2024. (NKL) (Entered: 10/16/2024) |
| 10/16/2024 | 61 | NOTICE *OF DESIGNATION OF LEAD COUNSEL* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 10/16/2024) |
| 10/16/2024 | 62 | NOTICE *OF DESIGNATION OF LEAD COUNSEL* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 10/16/2024) |
| 10/16/2024 | 63 | AMENDED MOTION Request for International Judicial Assistance in Procuring Evidence From Foreign Third Parties by Collision Communications, Inc.. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Proposed Order)(Stewart, Christopher) (Entered: 10/16/2024) |
| 10/18/2024 | 64 | PAPER TRANSCRIPT REQUEST by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. for proceedings held on October 10, 2024 Telephonic Motion Hearing before Judge Rodney Gilstrap. (Smith, Melissa) (Forwarded to Shawn McRoberts on 10/18/24) Modified on 10/18/2024 (bga). (Entered: 10/18/2024) |
| 10/18/2024 | 65 | PAPER TRANSCRIPT REQUEST by Collision Communications, Inc. for proceedings held on October 10, 2024 Telephonic Motion Hearing before Judge Rodney Gilstrap. (Nemunaitis, Justin) (Forwarded to Shawn McRoberts on 10/18/24) Modified on 10/18/2024 (bga). (Entered: 10/18/2024) |
| 10/29/2024 | 66 | ORDER denying as Moot 54 Motion to Amend/Correct; granting 63 Motion. Signed by District Judge Rodney Gilstrap on 10/29/2024. (KLC) (Entered: 10/29/2024) |
| 11/05/2024 | 67 | NOTICE OF COMPLIANCE by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. *REGARDING P.R. 4-1 DISCLOSURES* (Smith, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | 68 | NOTICE OF COMPLIANCE by Collision Communications, Inc. *REGARDING SERVICE OF PR 4-1 DISCLOSURES* (Caldwell, Bradley) (Entered: 11/05/2024) |
| 12/10/2024 | 69 | UNOPPOSED MOTION to Withdraw 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS* by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 12/10/2024) |
| 12/12/2024 | 70 | ORDER granting 69 Motion to Withdraw 45 OPPOSED SEALED MOTION *FOR LEAVE TO SERVE AMENDED INVALDITY CONTENTIONS*,. Signed by District Judge Rodney Gilstrap on 12/11/2024. (KLC) (Entered: 12/12/2024) |
| 12/16/2024 | 71 | Joint Claim Construction and Prehearing Statement by Collision Communications, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit Bs, # 3 Exhibit C)(Smith, James) (Entered: 12/16/2024) |
| 12/17/2024 | 72 | JOINT MOTION FOR LEAVE TO AMEND INVALIDITY AND INFRINGEMENT CONTENTIONS by SAMSUNG ELECTRONICS CO., LTD., |

| | | |
|---|---|---|
| | | SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Proposed Order) (Smith, Melissa) (Entered: 12/17/2024) |
| 12/17/2024 | 73 | UNOPPOSED MOTION for Entry of Email Discovery Order by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Gras, Alexander) (Entered: 12/17/2024) |
| 12/19/2024 | 74 | ORDER granting 72 Motion for Leave to Amend Invalidity and Infringement Contentions. Signed by District Judge Rodney Gilstrap on 12/18/2024. (NKL) (Entered: 12/19/2024) |
| 12/19/2024 | 75 | ORDER REGARDING E-MAIL DISCOVERY re 73 Motion for Entry of Email Discovery Order. Signed by District Judge Rodney Gilstrap on 12/18/2024. (NKL) (Entered: 12/19/2024) |
| 01/02/2025 | 76 | FIRST AMENDED COMPLAINT *FOR PATENT INFRINGEMENT* against All Defendants, filed by Collision Communications, Inc.. (Attachments: # 1 Exhibit M) (Caldwell, Bradley) (Entered: 01/02/2025) |
| 01/03/2025 | 77 | ORDER APPOINTING Technical Advisor. Michael D. Paul appointed. Signed by District Judge Rodney Gilstrap on 1/3/2025. (jmb) (Entered: 01/03/2025) |
| 01/08/2025 | 78 | JOINT MOTION for Entry of Stipulated Supplemental Protective Order Between Non-Party Intel Corporation, Plaintiff and Defendants by Collision Communications, Inc.. (Attachments: # 1 Exhibit A)(Stewart, Christopher) (Entered: 01/08/2025) |
| 01/10/2025 | 79 | STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY INTEL CORP., PLAINTIFF, AND DEFENDANTS. Signed by District Judge Rodney Gilstrap on 01/10/2025. (KLC) (Entered: 01/10/2025) |
| 01/16/2025 | 80 | ANSWER to 76 Amended Complaint by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC..(Smith, Melissa) (Entered: 01/16/2025) |
| 01/23/2025 | 81 | JOINT MOTION for Entry of Order Focusing Patent Claims and Prior Art to Reduce Costs by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Stewart, Christopher) (Entered: 01/23/2025) |
| 01/24/2025 | 82 | ORDER granting 81 Motion for Entry of Order Focusing Patent Claims and Prior Art to Reduce Costs. Signed by District Judge Rodney Gilstrap on 01/24/2025. (KLC) (Entered: 01/24/2025) |
| 01/27/2025 | 83 | NOTICE OF COMPLIANCE by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. *Regarding Technical Tutorial* (Smith, Melissa) (Entered: 01/27/2025) |
| 01/27/2025 | 84 | CLAIM CONSTRUCTION BRIEF filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit A - 7,463,703, # 3 Exhibit B - 7,920,651, # 4 Exhibit C - 6,947,505, # 5 Exhibit D - 9,814,071, # 6 Exhibit E - 7,593,492, # 7 Exhibit F - Multiuser Detection, # 8 Exhibit G - Kowalski Declaration, # 9 Exhibit H - 703 Petition Final, # 10 Exhibit I - 703 Min Declaration, # 11 Exhibit J - 651 Petition Final, # 12 Exhibit K - 651 Min Declaration, # 13 Exhibit L - 071 POPR)(Caldwell, Bradley) (Entered: 01/27/2025) |
| 01/27/2025 | 85 | JOINT NOTICE of *Updated Claim Construction Disputes* by Collision Communications, Inc. re 71 Claim Construction Chart or Claim Construction and Prehearing Statement (Attachments: # 1 Exhibit A - Agreed Terms, # 2 Exhibit B - Amended JCCS)(Stewart, Christopher) (Entered: 01/27/2025) |

| | | |
|---|---|---|
| 01/27/2025 | 86 | NOTICE OF COMPLIANCE by Collision Communications, Inc. *Regarding Technical Tutorial* (Caldwell, Bradley) (Entered: 01/27/2025) |
| 02/04/2025 | 87 | NOTICE of Attorney Appearance by John Thomas McKee on behalf of All Defendants (McKee, John) (Entered: 02/04/2025) |
| 02/06/2025 | | Markman Hearing set for 3/10/2025 at 02:00 PM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. **NOTE: ONLY THE TIME HAS CHANGED. (aeb) (Entered: 02/06/2025) |
| 02/10/2025 | 88 | RESPONSIVE CLAIM CONSTRUCTION BRIEF filed by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Smith, Melissa) (Entered: 02/10/2025) |
| 02/18/2025 | 89 | Reply CLAIM CONSTRUCTION BRIEF filed by Collision Communications, Inc. (Stewart, Christopher) (Entered: 02/18/2025) |
| 02/21/2025 | 90 | NOTICE of Attorney Appearance - Pro Hac Vice by Brady Huynh on behalf of SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.. Filing fee $ 100, receipt number ATXEDC-10690332. (Huynh, Brady) (Entered: 02/21/2025) |
| 02/24/2025 | 91 | Joint Claim Construction Chart by Collision Communications, Inc. (Stewart, Christopher) (Entered: 02/24/2025) |
| 03/07/2025 | 93 | JOINT NOTICE *of Updated Claim Construction Disputes* by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mack, Brian) (Entered: 03/07/2025) |
| 03/10/2025 | 94 | NOTICE of Attorney Appearance by Charles Everingham, IV on behalf of Collision Communications, Inc. (Everingham, Charles) (Entered: 03/10/2025) |
| 03/10/2025 | 95 | NOTICE of Attorney Appearance by James Robert Perkins on behalf of Collision Communications, Inc. (Perkins, James) (Entered: 03/10/2025) |
| 03/10/2025 | 96 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Markman Hearing held on 3/10/2025 from 01:53 PM - 03:54 PM. No exhibits. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 03/10/2025) |
| 03/10/2025 | 97 | NOTICE *of Filing Hearing Presentation* by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. (Attachments: # 1 Markman Presentation)(Smith, Melissa) (Entered: 03/10/2025) |
| 03/10/2025 | 98 | PAPER TRANSCRIPT REQUEST by SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. for proceedings held on March 10, 2025 Markman Hearing before Judge Rodney Gilstrap. (Smith, Melissa) (Forwarded to Shawn McRoberts on 3/11/2025) (ljw). (Entered: 03/10/2025) |
| 03/10/2025 | 99 | PAPER TRANSCRIPT REQUEST by Collision Communications, Inc. for proceedings held on March 10, 2025 Markman Hearing before Judge Rodney Gilstrap. (Caldwell, Bradley) (Forwarded to Shawn McRoberts on 3/11/2025) (ljw). (Entered: 03/10/2025) |
| 03/11/2025 | 100 | NOTICE *of Filing Hearing Presentation* by Collision Communications, Inc. (Attachments: # 1 Plaintiff's Markman Presentation)(Stewart, Christopher) (Entered: 03/11/2025) |
| 03/13/2025 | 101 | JOINT MOTION for Leave to Amend Invalidity and Infringement Contentions by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Stewart, |

| | | |
|---|---|---|
| | | Christopher) (Entered: 03/13/2025) |
| 03/13/2025 | 102 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Markman Hearing Proceedings held on 03/10/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 4/3/2025. Release of Transcript Restriction set for 6/11/2025. (SMM) (Entered: 03/13/2025) |
| 03/21/2025 | 103 | NOTICE of Attorney Appearance - Pro Hac Vice by Olga Slobodyanyuk on behalf of SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.. Filing fee $ 100, receipt number ATXEDC-10740352. (Slobodyanyuk, Olga) (Entered: 03/21/2025) |
| 03/25/2025 | 104 | NOTICE of Attorney Appearance - Pro Hac Vice by Austin Buscher on behalf of SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.. Filing fee $ 100, receipt number ATXEDC-10744880. (Buscher, Austin) (Entered: 03/25/2025) |
| 04/02/2025 | 105 | ORDER granting 101 Motion for Leave to Amend Invalidity and Infringement Contentions. Signed by District Judge Rodney Gilstrap on 04/02/2025. (KLC) (Entered: 04/02/2025) |
| 04/07/2025 | 106 | NOTICE of Attorney Appearance by Nagendra Setty on behalf of All Defendants (Setty, Nagendra) (Entered: 04/07/2025) |
| 04/07/2025 | 107 | NOTICE *of Subpoena to Nokia of America Corp.* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Setty, Nagendra) (Entered: 04/07/2025) |
| 04/07/2025 | 108 | NOTICE *of Subpoena to Nokia of America Corp.* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. re 107 Notice (Other) (Setty, Nagendra) (Entered: 04/07/2025) |
| 04/07/2025 | 109 | JOINT MOTION for Extension of Time to Complete Discovery *for Limited-Purpose* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order) (Stewart, Christopher) (Entered: 04/07/2025) |
| 04/07/2025 | 110 | **WITHDRAWN PER ORDER 117** SEALED MOTION *to Compel Samsung Source Code* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Proposed Order) (Stewart, Christopher) Modified on 5/1/2025 (mdj). (Entered: 04/07/2025) |
| 04/11/2025 | 111 | JOINT MOTION to Amend/Correct *the Docket Control Order* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Stewart, Christopher) (Entered: 04/11/2025) |
| 04/14/2025 | 112 | ORDER granting 109 Motion for Extension of Time to Complete Fact Discovery. Signed by District Judge Rodney Gilstrap on 4/14/2025. (jmb) (Entered: 04/14/2025) |

| | | |
|---|---|---|
| 04/14/2025 | | Set/Reset Scheduling Order Deadlines: Discovery due by 4/21/2025. (jmb) (Entered: 04/14/2025) |
| 04/14/2025 | 113 | FIRST AMENDED DOCKET CONTROL ORDER (Motion(s) 111 terminated). Signed by District Judge Rodney Gilstrap on 04/14/2025. (KLC) (Entered: 04/14/2025) |
| 04/22/2025 | 114 | SEALED RESPONSE re 110 SEALED MOTION *to Compel Samsung Source Code* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Lynch, # 2 Proposed Order) (Smith, Melissa) (Entered: 04/22/2025) |
| 04/28/2025 | | NOTICE of TELEPHONIC Hearing on Motion 110 SEALED MOTION *to Compel Samsung Source Code* : Motion Hearing set for 5/2/2025 at 10:00 AM before District Judge Rodney Gilstrap. Plaintiff's counsel is responsible for making sure all participants are on the call before dialing Judge's Chambers' direct number of (903) 923-7466. The call will thereafter be transferred to Chambers' dedicated conference line. Mandatory attendance by lead and local counsel for both parties. (aeb) (Entered: 04/28/2025) |
| 04/30/2025 | 115 | JOINT NOTICE *of Resolution* by Collision Communications, Inc. re 110 SEALED MOTION *to Compel Samsung Source Code* (Stewart, Christopher) (Entered: 04/30/2025) |
| 05/01/2025 | 116 | UNOPPOSED MOTION to Withdraw 110 SEALED MOTION *to Compel Samsung Source Code* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Stewart, Christopher) (Entered: 05/01/2025) |
| 05/01/2025 | 117 | ORDER granting 116 Motion to Withdraw. Signed by District Judge Rodney Gilstrap on 05/01/2025. (mdj) (Entered: 05/01/2025) |
| 05/01/2025 | | *** The Court ORDERS that the telephonic hearing set for May 2, 2025, at 10:00 am is hereby CANCELED. (mdj) (Entered: 05/01/2025) |
| 05/02/2025 | 118 | SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Proposed Order)(Smith, Melissa) (Entered: 05/02/2025) |
| 05/02/2025 | 119 | UNOPPOSED MOTION TO SHORTEN TIME re 118 SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 05/02/2025) |
| 05/05/2025 | 120 | ORDER granting 119 Motion to Shorten Time on Defendants' Motion for Leave to Amend and Take Third Party Discovery. Signed by District Judge Rodney Gilstrap on 05/05/2025. (mdj) (Entered: 05/05/2025) |
| 05/12/2025 | 121 | RESPONSE in Opposition re 118 SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY filed by Collision Communications, Inc..* (Attachments: # 1 Affidavit/Declaration of Alexander J. Gras, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Stewart, Christopher) (Entered: 05/12/2025) |

| | | |
|---|---|---|
| 05/15/2025 | 122 | SEALED REPLY to Response re 118 SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 13, # 3 Exhibit 14, # 4 Exhibit 15) (Smith, Melissa) (Entered: 05/15/2025) |
| 05/16/2025 | 123 | REDACTION to 118 SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Proposed Order)(Smith, Melissa) (Entered: 05/16/2025) |
| 05/20/2025 | 124 | SEALED SUR-REPLY to Reply to Response re 118 SEALED MOTION *FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND TAKE LIMITED THIRD-PARTY DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Alexander J. Gras, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Stewart, Christopher) (Entered: 05/20/2025) |
| 05/22/2025 | 125 | REDACTION to 122 Sealed Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 13, # 3 Exhibit 14, # 4 Exhibit 15)(Smith, Melissa) (Entered: 05/22/2025) |
| 05/29/2025 | 126 | JOINT SEALED MOTION *for Limited-Purpose Extension of Time to Complete Expert Discovery and File Daubert Motion* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Mahmood Haley, Aisha) (Entered: 05/29/2025) |
| 06/01/2025 | 127 | UNOPPOSED MOTION for Leave to File Excess Pages by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order Granting Unopposed Motion)(Mack, Brian) (Entered: 06/01/2025) |
| 06/02/2025 | 128 | SEALED MOTION *for Partial Summary Judgment Regarding Marking by Apple* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Stewart, Christopher) (Entered: 06/02/2025) |
| 06/02/2025 | 129 | Sealed Document SAMSUNG'S NOTICE OF SUPPLEMENTAL EVIDENCE REGARDING CLAIM CONSTRUCTION (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/02/2025 | 130 | SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,593,492 AND 6,947,505* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/02/2025 | 131 | SEALED MOTION *to Strike Certain Portions of the Expert Report of Julia Rowe* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Stewart, Christopher) (Entered: 06/02/2025) |

| 06/02/2025 | 132 | SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
|---|---|---|
| 06/02/2025 | 133 | SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,463,703 AND 7,920,651* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration J. McKee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/02/2025 | 134 | SEALED MOTION *Omnibus Motion for Summary Judgment* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Proposed Order)(Stewart, Christopher) (Entered: 06/02/2025) |
| 06/02/2025 | 135 | SEALED MOTION *for Summary Judgment on Written Description* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Stewart, Christopher) (Entered: 06/02/2025) |
| 06/02/2025 | 136 | SEALED MOTION *to Strike Certain Portions of the Expert Reports of Dr. Mark Mahon* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Stewart, Christopher) (Entered: 06/02/2025) |
| 06/02/2025 | 137 | SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/02/2025 | 138 | SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. DAVID FRANKLYN* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/02/2025 | 139 | SEALED MOTION *TO EXCLUDE EXPERT OPINIONS OF JOHN M. KOWALSKI, PH.D.* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit |

| | | |
|---|---|---|
| | | 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Proposed Order)(Smith, Melissa) (Entered: 06/02/2025) |
| 06/03/2025 | 140 | Sealed Document. Plaintiff's Notice of Supplemental Evidence Regarding Claim Construction (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nemunaitis, Justin) (Entered: 06/03/2025) |
| 06/04/2025 | 141 | ORDER granting 126 Sealed Motion. Signed by District Judge Rodney Gilstrap on 06/02/2025. (mdj) (Entered: 06/04/2025) |
| 06/04/2025 | 142 | ORDER granting 127 Motion to Extend Page Limits. Signed by District Judge Rodney Gilstrap on 06/02/2025. (mdj) (Entered: 06/04/2025) |
| 06/05/2025 | 143 | SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. JIM BERGMAN* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Proposed Order)(Smith, Melissa) (Entered: 06/05/2025) |
| 06/09/2025 | 144 | REDACTION to 130 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,593,492 AND 6,947,505* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |
| 06/09/2025 | 145 | REDACTION to 138 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. DAVID FRANKLYN* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |
| 06/09/2025 | 146 | REDACTION to 132 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |
| 06/09/2025 | 147 | REDACTION to 133 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,463,703 AND 7,920,651* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration J. McKee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |

| 06/09/2025 | 148 | REDACTION to 137 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |
| 06/09/2025 | 149 | REDACTION to 139 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS OF JOHN M. KOWALSKI, PH.D.* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Proposed Order)(Smith, Melissa) (Entered: 06/09/2025) |
| 06/09/2025 | 150 | REDACTION to 126 JOINT SEALED MOTION *for Limited-Purpose Extension of Time to Complete Expert Discovery and File Daubert Motion* by Collision Communications, Inc.. (Mahmood Haley, Aisha) (Entered: 06/09/2025) |
| 06/09/2025 | 151 | REDACTION to 128 SEALED MOTION *for Partial Summary Judgment Regarding Marking by Apple* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/09/2025 | 152 | REDACTION to 131 SEALED MOTION *to Strike Certain Portions of the Expert Report of Julia Rowe* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/09/2025 | 153 | REDACTION to 134 SEALED MOTION *Omnibus Motion for Summary Judgment* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Proposed Order)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/09/2025 | 154 | REDACTION to 135 SEALED MOTION *for Summary Judgment on Written Description* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/09/2025 | 155 | REDACTION to 136 SEALED MOTION *to Strike Certain Portions of the Expert Reports of Dr. Mark Mahon* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/09/2025 | 156 | REDACTION to 140 Sealed Document *Plaintiff's Notice of Supplemental Evidence Regarding Claim Construction* by Collision Communications, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Stewart, Christopher) (Entered: 06/09/2025) |
| 06/11/2025 | 157 | ORDER denying 118 Sealed Motion. Signed by District Judge Rodney Gilstrap on 06/11/2025. (mdj) (Entered: 06/11/2025) |
| 06/12/2025 | 158 | REDACTION to 143 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. JIM BERGMAN* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Proposed Order)(Smith, Melissa) (Entered: 06/12/2025) |
| 06/16/2025 | 159 | NOTICE *OF NON-OPPOSITION* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. re 128 SEALED MOTION *for Partial Summary Judgment Regarding Marking by Apple* (Smith, Melissa) (Entered: 06/16/2025) |
| 06/16/2025 | 160 | SEALED RESPONSE re 134 SEALED MOTION *Omnibus Motion for Summary Judgment filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Proposed Order)(Smith, Melissa) (Entered: 06/16/2025) |
| 06/16/2025 | 161 | SEALED RESPONSE re 131 SEALED MOTION *to Strike Certain Portions of the Expert Report of Julia Rowe filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order)(Smith, Melissa) (Entered: 06/16/2025) |
| 06/16/2025 | 162 | SEALED RESPONSE re 135 SEALED MOTION *for Summary Judgment on Written Description filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Smith, Melissa) (Entered: 06/16/2025) |
| 06/16/2025 | 163 | SEALED RESPONSE re 136 SEALED MOTION *to Strike Certain Portions of the Expert Reports of Dr. Mark Mahon filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Proposed Order)(Smith, Melissa) (Entered: 06/16/2025) |
| 06/16/2025 | 164 | SEALED RESPONSE re 137 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
| 06/16/2025 | 165 | SEALED RESPONSE re 132 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II, # 37 Exhibit JJ, # 38 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |

| 06/16/2025 | 166 | SEALED RESPONSE re 133 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,463,703 AND 7,920,651* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
|---|---|---|
| 06/16/2025 | 167 | SEALED RESPONSE re 138 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. DAVID FRANKLYN* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
| 06/16/2025 | 168 | SEALED RESPONSE re 139 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS OF JOHN M. KOWALSKI, PH.D.* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
| 06/16/2025 | 169 | SEALED RESPONSE re 143 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. JIM BERGMAN* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
| 06/16/2025 | 170 | SEALED RESPONSE re 130 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,593,492 AND 6,947,505* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Caldwell, Bradley) (Entered: 06/16/2025) |
| 06/17/2025 | 171 | CLAIM CONSTRUCTION OPINION AND ORDER. Signed by District Judge Rodney Gilstrap on 06/16/2025. (mdj) (Entered: 06/17/2025) |
| 06/23/2025 | 172 | REDACTION to 160 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Proposed Order)(Smith, Melissa) (Entered: 06/23/2025) |
| 06/23/2025 | 173 | REDACTION to 161 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order)(Smith, Melissa) (Entered: 06/23/2025) |
| 06/23/2025 | 174 | SEALED REPLY to Response re 135 SEALED MOTION *for Summary Judgment on Written Description* filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 175 | REDACTION to 162 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Smith, Melissa) (Entered: 06/23/2025) |
| 06/23/2025 | 176 | REDACTION to 163 Sealed Response to Motion,, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Proposed Order)(Smith, Melissa) (Entered: 06/23/2025) |
| 06/23/2025 | 177 | SEALED REPLY to Response re 131 SEALED MOTION *to Strike Certain Portions of the Expert Report of Julia Rowe* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James R. Perkins, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 178 | SEALED REPLY to Response re 134 SEALED MOTION *Omnibus Motion for Summary Judgment* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Alexander J. Gras, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 179 | SEALED REPLY to Response re 136 SEALED MOTION *to Strike Certain Portions of the Expert Reports of Dr. Mark Mahon* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 180 | REDACTION to 164 Sealed Response to Motion,, by Collision Communications, Inc.. (Attachments: # 1 Additional Attachment(s) of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 181 | REDACTION to 165 Sealed Response to Motion,,, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II, # 37 Exhibit JJ, # 38 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 182 | REDACTION to 166 Sealed Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order) (Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 183 | REDACTION to 167 Sealed Response to Motion,, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 |

| | | |
|---|---|---|
| | | Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 184 | REDACTION to 168 Sealed Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 185 | REDACTION to 169 Sealed Response to Motion,, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/23/2025 | 186 | REDACTION to 170 Sealed Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Caldwell, Bradley) (Entered: 06/23/2025) |
| 06/24/2025 | 187 | SEALED REPLY to Response re 143 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. JIM BERGMAN* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 188 | SEALED REPLY to Response re 139 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS OF JOHN M. KOWALSKI, PH.D.* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 15)(Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 189 | SEALED REPLY to Response re 132 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 190 | SEALED REPLY to Response re 130 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,593,492 AND 6,947,505* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 191 | SEALED REPLY to Response re 133 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,463,703 AND 7,920,651* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 192 | SEALED REPLY to Response re 137 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 14)(Smith, Melissa) (Entered: 06/24/2025) |
| 06/24/2025 | 193 | SEALED REPLY to Response re 138 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. DAVID FRANKLYN* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/24/2025) |

| 06/30/2025 | 194 | REDACTION to 174 Sealed Reply to Response to Motion by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 06/30/2025) |
|---|---|---|
| 06/30/2025 | 195 | REDACTION to 177 Sealed Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James R. Perkins, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Caldwell, Bradley) (Entered: 06/30/2025) |
| 06/30/2025 | 196 | REDACTION to 178 Sealed Reply to Response to Motion by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Alexander J. Gras, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 06/30/2025) |
| 06/30/2025 | 197 | REDACTION to 179 Sealed Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 06/30/2025) |
| 06/30/2025 | 198 | SEALED SUR-REPLY to Reply to Response re 136 SEALED MOTION *to Strike Certain Portions of the Expert Reports of Dr. Mark Mahon* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/30/2025) |
| 06/30/2025 | 199 | SEALED SUR-REPLY to Reply to Response re 134 SEALED MOTION *Omnibus Motion for Summary Judgment* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/30/2025) |
| 06/30/2025 | 200 | SEALED SUR-REPLY to Reply to Response re 135 SEALED MOTION *for Summary Judgment on Written Description* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/30/2025) |
| 06/30/2025 | 201 | SEALED SUR-REPLY to Reply to Response re 131 SEALED MOTION *to Strike Certain Portions of the Expert Report of Julia Rowe* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 06/30/2025) |
| 06/30/2025 | 202 | SEALED MOTION *to Clarify the Court's Construction of "Multiple Users" and for Leave to Supplement Dr. Kowalski's Infringement Report* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Caldwell, Bradley) (Entered: 06/30/2025) |
| 07/01/2025 | | Pretrial Conference previously set for 8/4/2025 has been RESET for 8/26/2025 at 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 07/01/2025) |
| 07/01/2025 | 203 | NOTICE of Attorney Appearance by Robert Seth Reich, Jr on behalf of Collision Communications, Inc. (Reich, Robert) (Entered: 07/01/2025) |
| 07/01/2025 | 204 | REDACTION to 187 Sealed Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/01/2025) |
| 07/01/2025 | 205 | REDACTION to 188 Sealed Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 15)(Smith, Melissa) (Entered: 07/01/2025) |

| 07/01/2025 | 206 | REDACTION to 189 Sealed Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/01/2025) |
| --- | --- | --- |
| 07/01/2025 | 207 | REDACTION to 190 Sealed Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/01/2025) |
| 07/01/2025 | 208 | REDACTION to 191 Sealed Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/01/2025) |
| 07/01/2025 | 209 | REDACTION to 192 Sealed Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 14)(Smith, Melissa) (Entered: 07/01/2025) |
| 07/01/2025 | 210 | REDACTION to 193 Sealed Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/01/2025) |
| 07/01/2025 | 211 | SEALED SUR-REPLY to Reply to Response re 132 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James R. Perkins, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 212 | SEALED SUR-REPLY to Reply to Response re 138 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. DAVID FRANKLYN* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit N-2)(Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 213 | SEALED SUR-REPLY to Reply to Response re 130 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,593,492 AND 6,947,505* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit C)(Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 214 | SEALED SUR-REPLY to Reply to Response re 139 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS OF JOHN M. KOWALSKI, PH.D.* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 215 | SEALED SUR-REPLY to Reply to Response re 137 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 216 | SEALED SUR-REPLY to Reply to Response re 143 SEALED MOTION *TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF MR. JIM BERGMAN* filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/01/2025 | 217 | SEALED SUR-REPLY to Reply to Response re 133 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NOS. 7,463,703 AND 7,920,651* filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/01/2025) |
| 07/02/2025 | 218 | JOINT NOTICE *REGARDING MEDIATION* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 07/02/2025) |

| | | |
|---|---|---|
| 07/07/2025 | 219 | REDACTION to 202 SEALED MOTION *to Clarify the Court's Construction of "Multiple Users" and for Leave to Supplement Dr. Kowalski's Infringement Report* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Caldwell, Bradley) (Entered: 07/07/2025) |
| 07/08/2025 | 220 | REDACTION to 198 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/08/2025) |
| 07/08/2025 | 221 | REDACTION to 199 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/08/2025) |
| 07/08/2025 | 222 | REDACTION to 200 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/08/2025) |
| 07/08/2025 | 223 | REDACTION to 201 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/08/2025) |
| 07/08/2025 | 224 | REDACTION to 211 Sealed Sur-Reply to Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James R. Perkins, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 225 | REDACTION to 212 Sealed Sur-Reply to Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit N-2)(Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 226 | REDACTION to 213 Sealed Sur-Reply to Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit C)(Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 227 | REDACTION to 214 Sealed Sur-Reply to Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 228 | REDACTION to 215 Sealed Sur-Reply to Reply to Response to Motion by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 229 | REDACTION to 216 Sealed Sur-Reply to Reply to Response to Motion by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/08/2025 | 230 | REDACTION to 217 Sealed Sur-Reply to Reply to Response to Motion by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 07/08/2025) |
| 07/12/2025 | 231 | JOINT MOTION to Amend/Correct *the Docket Control Order* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Mack, Brian) (Entered: 07/12/2025) |
| 07/14/2025 | 232 | SEALED MOTION *IN LIMINE* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Proposed Order)(Smith, Melissa) (Entered: 07/14/2025) |
| 07/14/2025 | 233 | AGREED MOTION in Limine by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) Modified on 7/15/2025 (mdj). (Entered: |

| | | 07/14/2025) |
|---|---|---|
| 07/14/2025 | 234 | SEALED MOTION *IN LIMINE* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Proposed Order)(Caldwell, Bradley) Modified on 7/15/2025 (mdj). (Entered: 07/14/2025) |
| 07/15/2025 | | Clerk's LR CV-10(d) Notice of Deficiency as to 234 Sealed Motion, - LR CV-7(i) or LR CR-47(a)(3) requires this document to include a certificate of conference that complies with the rule. Recommended cure: Within one day, Filer must refile with the word *Corrected* in the title of the document. The filer should use the same ECF event and when offered the docket text enhancement dropdown, select CORRECTED so it will also appear in the docket text. (mdj) (Entered: 07/15/2025) |
| 07/15/2025 | | Clerk's LR CV-10(d) Notice of Deficiency as to 233 Motion in Limine - LR CV-7(i) or LR CR-47(a)(3) requires this document to include a certificate of conference that complies with the rule. Recommended cure: Within one day, Filer must refile with the word *Corrected* in the title of the document. The filer should use the same ECF event and when offered the docket text enhancement dropdown, select CORRECTED so it will also appear in the docket text. (mdj) (Entered: 07/15/2025) |
| 07/15/2025 | 235 | CORRECTED SEALED MOTION *IN LIMINE* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Proposed Order)(Smith, Melissa) (Entered: 07/15/2025) |
| 07/15/2025 | 236 | AGREED MOTION in Limine *CORRECTED* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 07/15/2025) |
| 07/15/2025 | 237 | CORRECTED SEALED MOTION *IN LIMINE* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Proposed Order)(Caldwell, Bradley) (Entered: 07/15/2025) |
| 07/15/2025 | 238 | ORDER Appointing Mediator. Elliott Brown added as Mediator. Signed by District Judge Rodney Gilstrap on 07/15/2025. (mdj) (Entered: 07/15/2025) |
| 07/15/2025 | 239 | SEALED RESPONSE re 202 SEALED MOTION *to Clarify the Court's Construction of "Multiple Users" and for Leave to Supplement Dr. Kowalski's Infringement Report filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 07/15/2025) |
| 07/21/2025 | 240 | REDACTION to 235 CORRECTED SEALED MOTION *IN LIMINE* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Proposed Order)(Smith, Melissa) (Entered: 07/21/2025) |
| 07/21/2025 | 241 | REDACTION to 239 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 07/21/2025) |

| 07/22/2025 | 242 | REDACTION to 237 CORRECTED SEALED MOTION *IN LIMINE* by Collision Communications, Inc.. (Attachments: # 1 Additional Attachment(s) of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Proposed Order)(Caldwell, Bradley) (Entered: 07/22/2025) |
|---|---|---|
| 07/22/2025 | 243 | SEALED REPLY to Response re 202 SEALED MOTION *to Clarify the Court's Construction of "Multiple Users" and for Leave to Supplement Dr. Kowalski's Infringement Report* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Caldwell, Bradley) (Entered: 07/22/2025) |
| 07/23/2025 | 244 | NOTICE *OF CHANGE OF FIRM AFFILIATION AND CONTACT INFORMATION FOR N. SETTY* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 07/23/2025) |
| 07/28/2025 | 245 | SEALED RESPONSE re 235 CORRECTED SEALED MOTION *IN LIMINE* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Caldwell, Bradley) (Entered: 07/28/2025) |
| 07/28/2025 | 246 | SEALED RESPONSE re 237 CORRECTED SEALED MOTION *IN LIMINE filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order)(Smith, Melissa) (Entered: 07/28/2025) |
| 07/29/2025 | 247 | SEALED SUR-REPLY to Reply to Response re 202 SEALED MOTION *to Clarify the Court's Construction of "Multiple Users" and for Leave to Supplement Dr. Kowalski's Infringement Report filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 07/29/2025) |
| 07/30/2025 | 248 | REDACTION to 243 Sealed Reply to Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of John F. Summers, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Caldwell, Bradley) (Entered: 07/30/2025) |
| 08/04/2025 | 249 | SUPPLEMENTAL PROTECTIVE ORDER. Signed by District Judge Rodney Gilstrap on 8/4/2025. (NKL) (Entered: 08/04/2025) |
| 08/04/2025 | 250 | REDACTION to 246 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration B. Mack, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order)(Smith, Melissa) (Entered: 08/04/2025) |
| 08/04/2025 | 251 | REDACTION to 247 Sealed Sur-Reply to Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 08/04/2025) |
| 08/04/2025 | 252 | REDACTION to 245 Sealed Response to Motion, by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Caldwell, Bradley) (Entered: 08/04/2025) |
| 08/05/2025 | 253 | SEALED REPLY to Response re 237 CORRECTED SEALED MOTION *IN LIMINE* filed by Collision Communications, Inc.. (Attachments: # 1 |

|  |  | Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B)(Caldwell, Bradley) (Entered: 08/05/2025) |
| --- | --- | --- |
| 08/06/2025 | 254 | NOTICE *of Request for Daily Transcripts and Real Time Reporting of Court Proceedings* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 08/06/2025) |
| 08/06/2025 | 255 | NOTICE *OF REQUEST FOR DAILY TRANSCRIPTS AND REAL TIME REPORTING OF COURT PROCEEDINGS* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 08/06/2025) |
| 08/08/2025 | 256 | NOTICE *PURSUANT TO 35 U.S.C. § 282* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 08/08/2025) |
| 08/12/2025 | 257 | SEALED SUR-REPLY to Reply to Response re 237 CORRECTED SEALED MOTION *IN LIMINE filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.*. (Smith, Melissa) (Entered: 08/12/2025) |
| 08/12/2025 | 258 | REDACTION to 253 Sealed Reply to Response to Motion by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of R. Seth Reich Jr., # 2 Exhibit A, # 3 Exhibit B)(Caldwell, Bradley) (Entered: 08/12/2025) |
| 08/13/2025 | 259 | Sealed Document. Proposed Joint Final Pretrial Order (Attachments: # 1 Exhibit 1 - Collision Deposition Designations, # 2 Exhibit 2 - Samsung Deposition Designations, # 3 Exhibit 3 - Collision's Witness List, # 4 Exhibit 4 - Samsungs Objections to Collision's Witness List, # 5 Exhibit 5 - Samsung's Witness List, # 6 Exhibit 6 - Collision's Objections to Samsung's Witness List, # 7 Exhibit 7 - Joint Exhibit List, # 8 Exhibit 8 - Collision's Exhibit List, # 9 Exhibit 9 - Samsung's Exhibit List, # 10 Exhibit 10 - Proposed Jury Instructions, # 11 Exhibit 11 - Collision's Proposed Verdict Form, # 12 Exhibit 12 - Samsung's Proposed Verdict Form)(Caldwell, Bradley) (Entered: 08/13/2025) |
| 08/15/2025 |  | Set/Reset Hearings: Jury Selection followed by Trial Day 1 previously set for 9/8/2025 has been RESET for FRIDAY 9/5/2025 at 01:00 PM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 08/15/2025) |
| 08/19/2025 | 260 | ORDER REGARDING EXHIBITS. Signed by District Judge Rodney Gilstrap on 08/18/2025. (mdj) (Entered: 08/19/2025) |
| 08/19/2025 | 261 | ORDER TO PURCHASE JURY MEALS. Signed by District Judge Rodney Gilstrap on 08/18/2025. (mdj) (Entered: 08/19/2025) |
| 08/19/2025 | 262 | REDACTION to 257 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 08/19/2025) |
| 08/21/2025 | 263 | NOTICE of Attorney Appearance - Pro Hac Vice by Joseph Reed on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. Filing fee $ 100, receipt number ATXEDC-11042194. (Reed, Joseph) (Entered: 08/21/2025) |
| 08/21/2025 | 264 | MEDIATION REPORT(mdj) (Entered: 08/21/2025) |
| 08/25/2025 | 265 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 259 Sealed Document, Collision's Revised Trial Exhibit List,. (Caldwell, Bradley) (Entered: 08/25/2025) |

| 08/25/2025 | 266 | JOINT MOTION for Leave to Take Deposition of Third Party BAE Systems, Inc. Out of Time by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 08/25/2025) |
|---|---|---|
| 08/26/2025 | 267 | JOINT NOTICE *OF AGREEMENT REGARDING DEFENDANTS MOTION IN LIMINE #5* by Collision Communications, Inc. re 235 CORRECTED SEALED MOTION *IN LIMINE* (Fair, Andrea) (Entered: 08/26/2025) |
| 08/26/2025 | 268 | NOTICE *OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION TO STRIKE KOWALSKI, DKT. 139* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Attachments: # 1 Exhibit 1)(Smith, Melissa) (Entered: 08/26/2025) |
| 08/26/2025 | 269 | Supplemental Claim Construction Opinion and Order. Signed by District Judge Rodney Gilstrap on 08/26/2025. (aeb) (Entered: 08/26/2025) |
| 08/26/2025 | 270 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Final Pretrial Conference Day 1 held on 8/26/2025 from 09:02 AM - 05:33 PM. No exhibits. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 08/28/2025) |
| 08/27/2025 | 271 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Final Pretrial Conference Day 2 held on 8/27/2025 from 09:02 AM - 11:27 AM. No exhibits. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 08/29/2025) |
| 08/29/2025 | 272 | ORDER granting 266 Joint Motion for Leave to Take Deposition of Third Party BAE Systems, Inc. Out of Time. Signed by District Judge Rodney Gilstrap on 8/29/2025. (jmb) (Entered: 08/29/2025) |
| 08/29/2025 | 273 | NOTICE *of Final Election of Asserted Claims* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 08/29/2025) |
| 09/02/2025 | 274 | NOTICE *OF FINAL INVALIDITY THEORIES AND PRIOR ART REFERENCES/COMBINATION* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 09/02/2025) |
| 09/02/2025 | 275 | Paper Transcript Request by Collision Communications, Inc. for proceedings held on 8/26/2025 and 8/27/2025 Pretrial Conference before Judge Rodney Gilstrap. (Caldwell, Bradley) (Forwarded to Shawn McRoberts on 9/2/2025) (ljw). (Entered: 09/02/2025) |
| 09/03/2025 | 276 | Paper Transcript Request by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. for proceedings held on August 26, 2025 & August 27, 2025 Pretrial Conference before Judge Rodney Gilstrap. (Smith, Melissa) (Forwarded to Shawn McRoberts on 9/3/2025) (ljw). (Entered: 09/03/2025) |
| 09/04/2025 | | Set/Reset Hearings: Jury Selection followed by Trial Day 1 has been RESET for 9/22/2025 at 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 09/04/2025) |
| 09/04/2025 | 277 | NOTICE *of Trial Conflict Regarding Expert David Franklyn* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 09/04/2025) |
| 09/04/2025 | 278 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Pretrial Conference (Volume 1) Proceedings held on 08/26/2025 before Judge Rodney Gilstrap. Court |

Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546.

**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 9/25/2025. Release of Transcript Restriction set for 12/3/2025. (SMM) (Entered: 09/04/2025)

| | | |
|---|---|---|
| 09/04/2025 | 279 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Pretrial Conference (Volume 2) Proceedings held on 08/27/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 9/25/2025. Release of Transcript Restriction set for 12/3/2025. (SMM) (Entered: 09/04/2025) |
| 09/09/2025 | 280 | SEALED MOTION *for Leave to Supplement the Expert Report of Dr. Kowalski* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Caldwell, Bradley) (Entered: 09/09/2025) |
| 09/10/2025 | 281 | JOINT MOTION to Expedite *Briefing Schedule on Collision's Motion for Leave to Supplement Dr. Kowalski's Report* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 09/10/2025) |
| 09/10/2025 | 282 | SEALED RESPONSE re 280 SEALED MOTION *for Leave to Supplement the Expert Report of Dr. Kowalski* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration of John McKee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Proposed Order)(McKee, John) (Entered: 09/10/2025) |
| 09/11/2025 | 283 | SEALED REPLY to Response re 280 SEALED MOTION *for Leave to Supplement the Expert Report of Dr. Kowalski* filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 09/11/2025) |
| 09/12/2025 | 284 | SEALED SUR-REPLY to Reply to Response re 280 SEALED MOTION *for Leave to Supplement the Expert Report of Dr. Kowalski* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit 1)(McKee, John) (Entered: 09/12/2025) |

| 09/16/2025 | 285 | UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS OF MARK MAHON by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order) (Smith, Melissa) (Entered: 09/16/2025) |
|---|---|---|
| 09/17/2025 | 286 | MEMORANDUM OPINION AND ORDER re 280 Sealed Motion for Leave to Supplement. Signed by District Judge Rodney Gilstrap on 09/17/2025. (mdj) (Entered: 09/17/2025) |
| 09/18/2025 | 287 | NOTICE *OF FINAL INVALIDITY THEORIES AND PRIOR ART REFERENCES/COMBINATION* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 09/18/2025) |
| 09/18/2025 | 288 | UNOPPOSED MOTION TO APPOINT HEEJOO HAM AS INTERPRETER by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Smith, Melissa) (Entered: 09/18/2025) |
| 09/19/2025 | 289 | ORDER denying 281 Motion to Expedite Briefing. Signed by District Judge Rodney Gilstrap on 09/19/2025. (mdj) (Entered: 09/19/2025) |
| 09/19/2025 | 290 | ORDER denying 231 Motion to Amend/Correct the DCO. Signed by District Judge Rodney Gilstrap on 09/19/2025. (mdj) (Entered: 09/19/2025) |
| 09/19/2025 | 291 | ORDER Granting 288 Motion to Appoint HeeJoo Ham as Interpreter. Signed by District Judge Rodney Gilstrap on 09/19/2025. (mdj) (Entered: 09/19/2025) |
| 09/21/2025 | 292 | NOTICE *Regarding October 6th Trial Setting* by Collision Communications, Inc. (Caldwell, Bradley) (Entered: 09/21/2025) |
| 09/22/2025 | 293 | MOTION TO CONTINUE THE TRIAL DATE by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 09/22/2025) |
| 09/22/2025 |  | Set/Reset Hearings: Jury Selection followed by Trial Day 1 has been RESET for FRIDAY 10/3/2025 at 01:00 PM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 09/22/2025) |
| 09/22/2025 | 294 | RESPONSE in Opposition re 293 MOTION TO CONTINUE THE TRIAL DATE *filed by Collision Communications, Inc..* (Attachments: # 1 Proposed Order) (Caldwell, Bradley) (Entered: 09/22/2025) |
| 09/22/2025 | 295 | REPLY to Response re 293 MOTION TO CONTINUE THE TRIAL DATE *filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 09/22/2025) |
| 09/26/2025 | 296 | ORDER denying 293 Motion to Continue the Trial Date. Signed by District Judge Rodney Gilstrap on 09/26/2025. (KLC) (Entered: 09/26/2025) |
| 09/29/2025 | 297 | ORDER denying as Moot 202 Sealed Motion. Signed by District Judge Rodney Gilstrap on 09/26/2025. (KLC) (Entered: 09/29/2025) |
| 09/29/2025 | 298 | ORDER granting 285 Motion for Leave to Supplement the Expert Reports of Mark Mahon. Signed by District Judge Rodney Gilstrap on 09/26/2025. (KLC) (Entered: 09/29/2025) |
| 09/29/2025 | 299 | REDACTION to 282 Sealed Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 |

| | | Affidavit/Declaration John McKee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Proposed Order)(Smith, Melissa) (Entered: 09/29/2025) |
|---|---|---|
| 09/29/2025 | 300 | REDACTION to 284 Sealed Sur-Reply to Reply to Response to Motion, by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration John McKee, # 2 Exhibit 1)(Smith, Melissa) (Entered: 09/29/2025) |
| 09/29/2025 | 301 | NOTICE of Attorney Appearance by Garrett C. Parish on behalf of Collision Communications, Inc. (Parish, Garrett) (Entered: 09/29/2025) |
| 09/29/2025 | 302 | ORDER ON PRETRIAL MOTIONS, MOTIONS IN LIMINE, AND EXHIBITS. Signed by District Judge Rodney Gilstrap on 09/29/2025. (KLC) (Entered: 09/29/2025) |
| 10/01/2025 | 303 | REDACTION to 280 SEALED MOTION *for Leave to Supplement the Expert Report of Dr. Kowalski* by Collision Communications, Inc.. (Attachments: # 1 of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Caldwell, Bradley) (Entered: 10/01/2025) |
| 10/01/2025 | 304 | REDACTION to 283 Sealed Reply to Response to Motion by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 10/01/2025) |
| 10/01/2025 | 305 | UNOPPOSED MOTION to Withdraw *U.S. Patent Nos. 8,089,946 and 9,814,071 & Dismiss Counts 3 and 5 of Plaintiffs First Amended Complaint Without Prejudice* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 10/01/2025) |
| 10/02/2025 | 306 | ORDER granting 305 Motion to Withdraw. Accordingly, it is ORDERED that the 946 and 071 Patents are WITHDRAWN. It is further ORDERED that Counts 3 and 5 of the FAC (Dkt. No. 76) are DISMISSED WITHOUT PREJUDICE. Signed by District Judge Rodney Gilstrap on 10/02/2025. (mdj) (Entered: 10/02/2025) |
| 10/03/2025 | 307 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Selection followed by Trial Day 1 held on 10/3/2025 from 12:50 PM - 05:51 PM. No exhibits. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/05/2025) |
| 10/06/2025 | 308 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 2 held on 10/6/2025 from 08:29 AM - 05:51 PM. Exhibits admitted. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/06/2025) |
| 10/07/2025 | 309 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 3 held on 10/7/2025 from 08:27 AM - 06:29 PM. Exhibits admitted. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/07/2025) |
| 10/08/2025 | 310 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 4 held on 10/8/2025 from 08:28 AM - 05:13 PM. Exhibits admitted. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/08/2025) |
| 10/09/2025 | 311 | NOTICE *OF OFFER OF PROOF PURSUANT TO FED. R. EVID. 103* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Mack, Brian) (Entered: 10/09/2025) |

| 10/09/2025 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Informal Charge Conference held on 10/9/2025. No exhibits. (Court Reporter - Not Recorded) (aeb) (Entered: 10/09/2025) |
|---|---|---|
| 10/09/2025 | 324 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 5 held on 10/9/2025 from 08:17 AM - 06:14 PM. Exhibits admitted. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/15/2025) |
| 10/10/2025 | 312 | JURY VERDICT. (aeb) (Entered: 10/10/2025) |
| 10/10/2025 | 313 | SEALED JURY VERDICT. (aeb) (Entered: 10/10/2025) |
| 10/10/2025 | 314 | SEALED Jury Note. (aeb) (Entered: 10/10/2025) |
| 10/10/2025 | 315 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 1) Proceedings held on 10/03/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) (Entered: 10/10/2025) |
| 10/10/2025 | 316 | Sealed Trial (Volume 2) Transcript. (SMM) (Entered: 10/10/2025) |
| 10/10/2025 | 317 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 2) Proceedings held on 10/06/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) (Entered: 10/10/2025) |
| 10/10/2025 | 318 | Sealed Trial (Volume 3) Transcript. (SMM) (Entered: 10/10/2025) |
| 10/10/2025 | 319 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 3) Proceedings held on 10/07/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely** |

electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) (Entered: 10/10/2025)

| 10/10/2025 | 320 | Sealed Trial (Volume 4) Transcript. (SMM) (Entered: 10/10/2025) |
|---|---|---|
| 10/10/2025 | 321 | **REDACTED AT #336** NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 4) Proceedings held on 10/08/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) Modified on 11/24/2025 (KLC). (Entered: 10/10/2025) |
| 10/10/2025 | 322 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 5) Proceedings held on 10/09/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) (Entered: 10/10/2025) |
| 10/10/2025 | 323 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial (Volume 6) Proceedings held on 10/10/2025 before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shawn McRoberts,Telephone number: (903) 923-8546. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due |

| | | 10/31/2025. Release of Transcript Restriction set for 1/8/2026. (SMM) (Entered: 10/10/2025) |
|---|---|---|
| 10/10/2025 | 325 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial completed on 10/10/2025 from 09:30 AM - 09:41 AM. No exhibits. (Court Reporter - Shawn McRoberts) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 10/15/2025) |
| 10/15/2025 | 326 | NOTICE *of Intent to Request Redaction* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Smith, Melissa) (Entered: 10/15/2025) |
| 10/16/2025 | 327 | UNOPPOSED SEALED MOTION *TO REDACT PORTIONS OF THE OCTOBER 8, 2025 TRIAL TRANSCRIPT* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Smith, Melissa) (Entered: 10/16/2025) |
| 10/27/2025 | 328 | UNOPPOSED SEALED MOTION *to Seal Certain Trial Exhibits* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 10/27/2025) |
| 11/12/2025 | 329 | ORDER granting 328 Sealed Motion to Seal. Signed by District Judge Rodney Gilstrap on 11/10/2025. (mdj) (Entered: 11/12/2025) |
| 11/12/2025 | 330 | ORDER granting 327 Sealed Motion to Redact. Signed by District Judge Rodney Gilstrap on 11/10/2025. (mdj) (Entered: 11/12/2025) |
| 11/12/2025 | 331 | FINAL JUDGMENT. Signed by District Judge Rodney Gilstrap on 11/10/2025. (mdj) (Entered: 11/12/2025) |
| 11/12/2025 | 332 | NOTICE of Attorney Appearance by John Franklin Bash, III on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Bash, John) (Entered: 11/12/2025) |
| 11/12/2025 | 333 | NOTICE of Attorney Appearance by David Aaron Nelson on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. (Nelson, David) (Entered: 11/12/2025) |
| 11/17/2025 | 334 | UNOPPOSED MOTION to Withdraw as Attorney by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Fair, Andrea) (Entered: 11/17/2025) |
| 11/19/2025 | 335 | JOINT MOTION *for Entry of Stipulated Briefing Schedule on Post-Verdict Motions* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 11/19/2025) |
| 11/21/2025 | 336 | Redaction of 321 Trial (Volume 4) Transcript. (SMM) (Entered: 11/21/2025) |
| 12/02/2025 | 337 | NOTICE of Attorney Appearance - Pro Hac Vice by Paul D. Clement on behalf of Collision Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-11236837. (Clement, Paul) (Entered: 12/02/2025) |
| 12/02/2025 | 338 | NOTICE of Attorney Appearance - Pro Hac Vice by C. Harker Rhodes, IV on behalf of Collision Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-11236848. (Rhodes, C. Harker) (Entered: 12/02/2025) |
| 12/02/2025 | 339 | NOTICE of Attorney Appearance - Pro Hac Vice by Camilo Garcia on behalf of Collision Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-11236849. (Garcia, Camilo) (Entered: 12/02/2025) |

| 12/09/2025 | | 340 | JOINT MOTION for Extension of Time to File *Bill of Costs* by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 12/09/2025) |
|---|---|---|---|
| 12/10/2025 | | 341 | JOINT MOTION TO ENTER STIPULATED ORDER ON EXECUTION OF JUDGMENT AGAINST DEFENDANTS by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Smith, Melissa) (Entered: 12/10/2025) |
| 12/10/2025 | | 342 | UNOPPOSED MOTION for Leave to File Excess Pages by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Caldwell, Bradley) (Entered: 12/10/2025) |
| 12/10/2025 | | 343 | MOTION for Supplemental Damages, Prejudgment, and Postjudgment Interest by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Jared Fry, # 2 Affidavit/Declaration of Jim W. Bergman, # 3 Proposed Order)(Caldwell, Bradley) (Entered: 12/10/2025) |
| 12/10/2025 | | 344 | SEALED MOTION *for Exceptional Case Attorneys' Fees* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Caldwell, Bradley) Modified on 4/15/2026 (KLC). (Entered: 12/10/2025) |
| 12/10/2025 | | 345 | SEALED MOTION *for Enhanced Damages* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Caldwell, Bradley) (Entered: 12/10/2025) |
| 12/10/2025 | | 346 | MOTION for Permanent Injunction by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Austin Curry, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Affidavit/Declaration of Jared Fry, # 6 Affidavit/Declaration of John M. Kowalski, Ph.D., # 7 Proposed Order)(Curry, Austin) (Entered: 12/10/2025) |
| 12/10/2025 | | 347 | SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B)* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 12/10/2025) |
| 12/10/2025 | | 348 | SEALED MOTION *FOR A NEW TRIAL UNDER RULE 59* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration J. McKee, # 2 Exhibit 1, # 3 Proposed Order)(Smith, Melissa) (Entered: 12/10/2025) |
| 12/15/2025 | | 349 | UNOPPOSED SEALED MOTION *for Bill of Costs* by Collision Communications, Inc.. (Attachments: # 1 Exhibit A - Bill of Costs, # 2 Proposed Order)(Caldwell, Bradley) (Entered: 12/15/2025) |
| 12/17/2025 | | 350 | REDACTION to 344 SEALED MOTION *for Exceptional Case Attorneys' Fees* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Caldwell, Bradley) (Entered: 12/17/2025) |
| 12/17/2025 | | 351 | REDACTION to 345 SEALED MOTION *for Enhanced Damages* by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Aisha M. Haley, # |

| | | |
|---|---|---|
| | | 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Caldwell, Bradley) (Entered: 12/17/2025) |
| 12/19/2025 | 352 | REDACTION to 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B)* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order) (Smith, Melissa) (Entered: 12/19/2025) |
| 12/19/2025 | 353 | REDACTION to 348 SEALED MOTION *FOR A NEW TRIAL UNDER RULE 59* by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Affidavit/Declaration J. McKee, # 2 Exhibit 1, # 3 Proposed Order)(Smith, Melissa) (Entered: 12/19/2025) |
| 01/07/2026 | 354 | SEALED RESPONSE re 343 MOTION for Supplemental Damages, Prejudgment, and Postjudgment Interest filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order) (Smith, Melissa) (Entered: 01/07/2026) |
| 01/07/2026 | 355 | SEALED RESPONSE re 344 SEALED MOTION *for Exceptional Case Attorneys' Fees* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/07/2026) |
| 01/07/2026 | 356 | SEALED RESPONSE re 345 SEALED MOTION *for Enhanced Damages* filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/07/2026) |
| 01/07/2026 | 357 | SEALED RESPONSE re 346 MOTION for Permanent Injunction filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/07/2026) |
| 01/07/2026 | 358 | SEALED RESPONSE re 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B)* filed by Collision Communications, Inc.. (Attachments: # 1 Declaration of James F. Smith, # 2 Exhibit A, # 3 Proposed Order)(Caldwell, Bradley) (Entered: 01/07/2026) |
| 01/07/2026 | 359 | RESPONSE re 348 SEALED MOTION *FOR A NEW TRIAL UNDER RULE 59 filed by Collision Communications, Inc..* (Attachments: # 1 Proposed Order) (Caldwell, Bradley) (Entered: 01/07/2026) |
| 01/08/2026 | 360 | NOTICE of Change of Address by Kevin Hardy. (E-filers are reminded that they must also use their PACER account to submit an address change to the NextGen ECF system.) (Hardy, Kevin) (Entered: 01/08/2026) |
| 01/14/2026 | 361 | REDACTION to 354 Sealed Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/14/2026) |
| 01/14/2026 | 362 | REDACTION to 355 Sealed Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/14/2026) |
| 01/14/2026 | 363 | REDACTION to 356 Sealed Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/14/2026) |
| 01/14/2026 | 364 | REDACTION to 357 Sealed Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 01/14/2026) |

| 01/15/2026 | 365 | REDACTION to 358 Sealed Response to Motion, by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 01/15/2026) |
| 01/21/2026 | 366 | UNOPPOSED MOTION for Leave to File Excess Pages by Collision Communications, Inc.. (Attachments: # 1 Proposed Order)(Curry, Austin) (Entered: 01/21/2026) |
| 01/21/2026 | 367 | SEALED REPLY to Response re 343 MOTION for Supplemental Damages, Prejudgment, and Postjudgment Interest filed by Collision Communications, Inc.. (Caldwell, Bradley) (Entered: 01/21/2026) |
| 01/21/2026 | 368 | REPLY to Response re 344 SEALED MOTION *for Exceptional Case Attorneys' Fees filed by Collision Communications, Inc..* (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 01/21/2026) |
| 01/21/2026 | 369 | SEALED REPLY to Response re 345 SEALED MOTION *for Enhanced Damages* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 01/21/2026) |
| 01/21/2026 | 370 | REPLY to Response re 346 MOTION for Permanent Injunction *filed by Collision Communications, Inc..* (Curry, Austin) (Entered: 01/21/2026) |
| 01/21/2026 | 371 | SEALED REPLY to Response re 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B) filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 01/21/2026) |
| 01/21/2026 | 372 | SEALED REPLY to Response re 348 SEALED MOTION *FOR A NEW TRIAL UNDER RULE 59 filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 01/21/2026) |
| 01/26/2026 | 373 | REDACTION to 371 Sealed Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 01/26/2026) |
| 01/26/2026 | 374 | REDACTION to 372 Sealed Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 01/26/2026) |
| 02/04/2026 | 375 | UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Proposed Order)(Smith, Melissa) (Entered: 02/04/2026) |
| 02/04/2026 | 376 | SEALED SUR-REPLY to Reply to Response re 343 MOTION for Supplemental Damages, Prejudgment, and Postjudgment Interest *filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 02/04/2026) |
| 02/04/2026 | 377 | SEALED SUR-REPLY to Reply to Response re 345 SEALED MOTION *for Enhanced Damages filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 02/04/2026) |
| 02/04/2026 | 378 | SEALED SUR-REPLY to Reply to Response re 344 SEALED MOTION *for Exceptional Case Attorneys' Fees filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD..* (Smith, Melissa) (Entered: 02/04/2026) |

| 02/04/2026 | 379 | SEALED SUR-REPLY to Reply to Response re 346 MOTION for Permanent Injunction *filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.*. (Smith, Melissa) (Entered: 02/04/2026) |
|---|---|---|
| 02/04/2026 | 380 | SUR-REPLY to Reply to Response re 348 SEALED MOTION *FOR A NEW TRIAL UNDER RULE 59 filed by Collision Communications, Inc.*. (Attachments: # 1 Affidavit/Declaration of Christopher S. Stewart, # 2 Exhibit A)(Caldwell, Bradley) (Entered: 02/04/2026) |
| 02/04/2026 | 381 | SEALED SUR-REPLY to Reply to Response re 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B)* filed by Collision Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of James F. Smith, # 2 Exhibit 1, # 3 Exhibit 2)(Caldwell, Bradley) (Entered: 02/04/2026) |
| 02/12/2026 | 382 | REDACTION to 376 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 02/12/2026) |
| 02/12/2026 | 383 | REDACTION to 377 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 02/12/2026) |
| 02/12/2026 | 384 | REDACTION to 378 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 02/12/2026) |
| 02/12/2026 | 385 | REDACTION to 379 Sealed Sur-Reply to Reply to Response to Motion by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. (Smith, Melissa) (Entered: 02/12/2026) |
| 02/27/2026 | 386 | NOTICE *Statement of Interest* by United States of America (Attachments: # 1 Additional Attachment(s) Notice of Appearance Pro Hac Vice)(DeLaney, Andrew) (Entered: 02/27/2026) |
| 03/16/2026 | 387 | RESPONSE to 386 Notice (Other) *filed by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.*. (Smith, Melissa) (Entered: 03/16/2026) |
| 03/27/2026 | 388 | UNOPPOSED MOTION for Leave to File *Response to the Statement of Interest by the United States of America [Dkt. 386]* by Collision Communications, Inc.. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Curry, Austin) (Entered: 03/27/2026) |
| 03/30/2026 | 389 | NOTICE of Attorney Appearance - Pro Hac Vice by Gregory F. Laufer on behalf of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.. Filing fee $ 100, receipt number ATXEDC-11453285. (Laufer, Gregory) (Entered: 03/30/2026) |
| 03/31/2026 | 390 | ORDER granting 388 Motion for Leave to File. Signed by District Judge Rodney Gilstrap on 03/31/2026. (mdj) (Entered: 03/31/2026) |
| 04/13/2026 | 391 | ORDER Setting Hearing on Motion 346 MOTION for Permanent Injunction ( Motion Hearing set for 5/11/2026 at 09:00 AM before District Judge Rodney Gilstrap.). Signed by District Judge Rodney Gilstrap on 04/13/2026. (mdj) (Entered: 04/13/2026) |
| 04/15/2026 | 392 | ORDER Granting 342 366 375 Motions for Leave to File Excess Pages. Signed by District Judge Rodney Gilstrap on 04/14/2026. (mdj) (Entered: 04/15/2026) |

| 04/15/2026 | 393 | ORDER Granting 334 UNOPPOSED MOTION to Withdraw as Attorney filed by Collision Communications, Inc., Attorney Charles Everingham, IV terminated. Signed by District Judge Rodney Gilstrap on 04/14/2026. (mdj) (Entered: 04/15/2026) |
|---|---|---|
| 05/08/2026 | 394 | NOTICE of Attorney Appearance by Nicholas Theodore Matich, IV on behalf of United States of America (Matich, Nicholas) (Entered: 05/08/2026) |
| 05/11/2026 | 395 | Paper Transcript Request by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. for May 11, 2026 Motion Hearing before Judge Rodney Gilstrap. (Smith, Melissa) (Forwarded to Shelly Holmes on 5/11/2026) (ljw). (Entered: 05/11/2026) |
| 05/11/2026 | 396 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Motion Hearing held on 5/11/2026 from 09:00 AM - 11:12 AM re 346 MOTION for Permanent Injunction filed by Collision Communications, Inc. No exhibits. (Court Reporter - Shelly Holmes) (Attachments: # 1 Attendance Sheet) (aeb) (Entered: 05/11/2026) |
| 05/11/2026 | 397 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Permanent Injunction Hearing held on 5/11/26 before Judge Rodney Gilstrap. Pursuant to LR CV-5.2/LR CR-49.1, this transcript is available for 90 days by viewing in a TXED courthouse lobby or by purchase from Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR, Telephone number: (903) 794-1018 (Shelly_Holmes@txed.uscourts.gov). Thereafter, it will be remotely available via PACER unless redacted or otherwise ordered.<br><br>**The parties have seven (7) days to file a Notice of Intent to Request Redaction to seek redaction of personal identifiers listed in FRCP 5.2/FRCrP 49.1. If redaction is requested, the Redaction Request form is due within 21 days. To seek additional redactions, e-file the motion using the *Motion to Redact Transcript* event.**<br><br>. Redaction request due 6/1/2026. Release of Transcript Restriction set for 8/10/2026. (Holmes, Shelly) (Entered: 05/11/2026) |
| 05/12/2026 | 398 | Paper Transcript Request by Collision Communications, Inc. for May 11, 2026 Hearing on Motion for Preliminary Injunction before Judge Rodney Gilstrap. (Curry, Austin) (forwarded to Shelly Holmes on 5/12/2026) (ljw). (Entered: 05/12/2026) |
| 05/12/2026 | 399 | CORRECTED Paper Transcript Request by Collision Communications, Inc. for May 11, 2026 Hearing on Motion for Permanent Injunction before Judge Rodney Gilstrap. (Curry, Austin) (Forwarded to Shelly Holmes on 5/12/2026) (ljw). (Entered: 05/12/2026) |
| 05/18/2026 | 400 | MEMORANDUM OPINION AND ORDER denying 346 Motion for Permanent Injunction. Signed by District Judge Rodney Gilstrap on 05/17/2026. (mdj) (Entered: 05/18/2026) |
| 05/27/2026 | 401 | NOTICE OF INTERLOCUTORY APPEAL to the Federal Circuit as to 400 Order on Motion for Permanent Injunction by Collision Communications, Inc.. Filing fee $605, receipt number ATXEDC-11567707. Copy of NOA to be sent by US Mail to appellees not electronically noticed.<br><br>(Clerk Note: Follow internal procedures found here to notify the Federal Circuit.) (Curry, Austin) (Entered: 05/27/2026) |

Case: 25-1893   Document: 42   Page: 504   Filed: 06/04/2026   (54 of 72)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COLLISION COMMUNICATIONS, INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00587-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Permanent Injunction (the "Motion") filed by Plaintiff Collision Communications, Inc. ("Collision"). (Dkt. No. 346.) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") oppose. (Dkt. No. 357.) The United States, through the Department of Justice ("DOJ") Antitrust Division and the United States Patent and Trademark Office ("USPTO") filed a Statement of Interest of the United States of America (the "Statement of Interest"). (Dkt. No. 386.) The Court held a hearing regarding the Motion on May 11, 2026. (Dkt. No. 397.)

### I. BACKGROUND

Collision filed the above-captioned suit against Samsung on December 12, 2023, alleging infringement of six U.S. patents. (Dkt. No. 1.) The case proceeded to trial on October 3, 2025 (Dkt. No. 307), with Collision asserting at trial infringement of four U.S. patents. (Dkt. No. 273.) On October 10, 2026, the jury returned its verdict. (Dkt. No. 313.) The jury found infringement of all asserted claims and that none of the asserted claims were invalid. (*Id.* at 4-6.) The jury further found that Samsung's infringement was willful. (*Id.* at 9.) The jury awarded damages in the form

of a reasonable royalty in the amount of $445,494,160.00, such reasonable royalty structured as a running royalty and not a lump sum. (*Id*. at 8.) The Court entered its Final Judgment based on the verdict on November 12, 2025. (Dkt. No. 331.)

Collision filed the instant Motion on December 10, 2025, seeking to permanently enjoin Samsung from further infringement of one of the four patents-in-suit—U.S. Patent No. 7,593,492 (the "'492 patent"). (Dkt. No. 346.) The Motion is now fully briefed, including both Collision and Samsung's responses to the DOJ and USPTO's Statement of Interest. (*See* Dkt. Nos. 357, 370, 379, 386, 387, 388-1.) At the hearing on the Motion, Collision indicated that it is seeking injunctive relief only as to the '492 patent because the remaining terms of the other three patents-in-suit were negligible. (Dkt. No. 397 at 5.)

## II.     LEGAL AUTHORITY

Congress has authorized district courts to issue injunctions "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. The Supreme Court provided guidance in 2006 that the same generally applicable four-factor test for permanent injunctive relief must also be applied in patent cases. *See eBay Inc. v. MercExchange, L.C.C.*, 547 U.S. 388, 391 (2006). Accordingly, "a plaintiff seeking a permanent injunction… must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id*.

Prior to *eBay*, the Federal Circuit "followed the general rule that a permanent injunction will issue once infringement and validity have been adjudged, absent a sound reason to deny such

2

relief." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011) (citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989)).

Meanwhile, the district court which initially took up the *eBay* case applied categorical rules in the opposite direction, such as that "the evidence of the plaintiff's willingness to license its patents, its lack of commercial activity in practicing the patents, and its comments to the media as to its intent with respect to enforcement of its patent rights, are sufficient to rebut the presumption that it will suffer irreparable harm if an injunction does not issue." *MercExchange L.L.C. v. eBay, Inc.*, 275 F. Supp. 2d 695, 712 (E.D. Va. Aug. 6, 2003).

The Supreme Court expressly rejected both approaches in *eBay*, stating that "traditional equitable principles do not permit such broad classifications," and that "[n]either the District Court nor the Court of Appeals below fairly applied [] traditional equitable principles in deciding [the] motion for a permanent injunction." 547 U.S. at 393. "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and [] such discretion must be exercised consistent with traditional principles of equity." *Id*. at 394.

While nothing in *eBay* closed the door on permanent injunctions as an avenue for relief in patent cases, in the 20 years since *eBay* monetary damages have become the presumptive remedy in practice. This shift has been aided by the Federal Circuit's determination that "awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007). In *Paice*, the Federal Circuit established that "where the district court determines that a permanent injunction is not warranted…[and] the parties fail to come to any agreement [regarding a license], the district court could step in to assess a reasonable royalty in light of the ongoing infringement." *Id*. Such ongoing royalty has often been structured with an elevated or enhanced rate per unit in light of the knowing

3

nature of the continuing infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016) (citing 35 U.S.C.A. § 284).

### III. ANALYSIS

Collision asserts that injunctive relief was granted as "ordinary relief" in the English Courts of Chancery in 1789, and that "[u]nderstanding [the] factors according to how they were understood in 1789 confirms that the four-factor equitable test will typically warrant a permanent injunction in patent infringement cases." (Dkt. No. 346 at 4, 6.) Samsung responds that such constitutes the "same argument for presumptive permanent injunctions" that *eBay* rejected. (Dkt. No. 357 at 3, 5.) The Court holds that there is **no** presumptive remedy in patent cases. Either a plaintiff seeks an injunction and shows that it meets the *eBay* test, or if not, money damages apply. In this context, the Court takes up each of the *eBay* factors as they apply in this case.

#### A. Irreparable Harm

Collision makes two distinct arguments as to why the Court should find it has suffered irreparable harm. It asserts both that this Court should find that ongoing patent infringement is irreparable harm as a matter of law, and that there are additional harms it has suffered which demonstrate irreparable harm "[u]nder any approach." The Court now looks to each of these arguments, and addresses a broad assertion raised by Samsung regarding non-practicing entities.

##### i. Irreparable Harm as a Matter of Law

Collision asserts that "it is a traditional principle of equity that ongoing patent infringement is irreparable harm," (Dkt. No. 346 at 6 (citing *Horton v. Maltby*, LT Misc MS 112, p. 10 (Ch. 1783)), and that "requiring a plaintiff to show something more than ongoing infringement to establish irreparable harm would be an ahistorical approach to equity" (Dkt. No. 346 at 13). It states that this Court can and should determine that "certain categories of torts," including patent

infringement, "are irreparable harm as a matter of law," and that "nothing in *eBay* prohibits courts from" reaching this conclusion. (*Id*. at 10.) It argues that the Federal Circuit's opinion in *VidStream LLC v. Twitter, Inc.*—holding that a categorical rule that ongoing infringement is sufficient to establish irreparable harm is impermissible under *eBay*—should not be persuasive to this Court since it was decided before *Trump v. CASA*, "when it was perhaps less clear that the historical approach to federal equity is the governing approach." (*Id*. at 14, citing *VidStream LLC v. Twitter, Inc.*, 2024 WL 4820802, at *1 (Fed. Cir. 2024).)

In response to the argument that Collision should be entitled to a finding of irreparable harm as a matter of law, Samsung responds that "*eBay* and its progeny [] stand for the proposition that the Federal Circuit's prior presumption of irreparable harm in patent cases is ***inconsistent with*** traditional principles of equity." (Dkt. No. 357 at 5 (emphasis in original).) Samsung asserts that Collision's reading of *Trump v. CASA*, as overturning Federal Circuit opinions applying *eBay* such as *VidStream*, is "an extreme misreading of *CASA*," which considered circumstances far removed from the permanent injunction factors in a patent case. (Dkt. No. 357 at 4.) Samsung further argues that Collision's own evidence from British practice does not support its conclusion that ongoing patent infringement was automatically deemed irreparable harm at the final-injunction stage of litigation. (*Id*. at 7.)

The DOJ and USPTO respond to this argument from Collision as well. In the Statement of Interest, the United States urges that Collision's position that ongoing infringement is irreparable harm as a matter of law under 18th-century principles of equity is "inconsistent with *eBay*, and the United States does not argue for such a standard." (Dkt. No. 386 at 6 n.1.)

The Court finds that this proposed categorical rule, that ongoing infringement constitutes irreparable harm as a matter of law, is inconsistent with *eBay*. The Federal Circuit has rejected the

notion that any presumption of irreparable harm governs this inquiry. *See Robert Bosch*, 659 F.3d at 1149 ("*eBay* jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief"); *see also VidStream*, 2024 WL 4820802, at *1 ("VidStream's argument [that the district court had no discretion to require additional harm beyond ongoing infringement VidStream established] clearly runs afoul of the Supreme Court's decision in [*eBay*], which rejected such a 'broad' and 'categorical rule' in deciding motions for injunctive relief in the context of patent infringement").

As the Federal Circuit has held, "a successful patent infringement plaintiff can no longer rely on presumptions or other short-cuts to support a request for a permanent injunction." *Robert Bosch*, 659 F.3d at 1149. The Court declines Collision's invitation to find that *Trump v. CASA*, in stating that "a judge's oath to follow the law" requires "[o]bserving… the boundaries of the Judiciary Act of 1789," 606 U.S. at 858, has overturned the Federal Circuit in directly addressing the question at hand. Indeed, it would be difficult to say this Court has followed *eBay* if it were to adopt the categorical rule urged by Collision, that evidence of ongoing infringement automatically establishes irreparable harm.

As Chief Justice Roberts' concurrence in *eBay* sets out, the "difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes… often implicates the first two factors of the traditional test." 547 U.S. at 395 (Roberts, J., concurring). However, he goes on to state that "[t]his historical practice… does not *entitle* a patentee to a permanent injunction or justify a *general rule* that such injunctions should issue." *Id*. Collision's arguments for a finding of irreparable harm as a matter of law run afoul of this guidance. This Court declines to find that, in light of Samsung's ongoing infringement, Collision is automatically entitled to a finding of irreparable harm.

### ii.    Irreparable Harm to Non-Practicing Entities

Samsung's first response to Collision's arguments on irreparable harm is that Collision's loss is not irreparable harm where Collision "never used its patents to sell products that would compete with Samsung's products in the same markets," and that Collision can therefore be adequately compensated via the reasonable royalty it sought. (Dkt. No. 357 at 11, citing *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1338 (Fed. Cir. 2012).) While Samsung does not say so outright, this argument verges on an assertion that a non-practicing entity cannot establish irreparable harm.[1]

It is true, as Samsung asserts, that "the Federal Circuit and courts in this District have [] held that non-practicing patent owners who license their patents but do not manufacture products rarely suffer irreparable harm from patent infringement." (Dkt. No. 357 at 12, first citing *Nichia Corp. v. Everlight Americas, Inc.*, 855 F.3d 1328, 1344 (Fed. Cir. 2017); then citing *ActiveVideo Networks*, 694 F.3d at 1338; then citing *Laserdynamics, Inc. v. Quanta Computer, Inc.*, 2010 WL 2574059, at *2 (E.D. Tex. June 22, 2010); and then citing *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F.Supp.2d 802, 854 (E.D. Tex. 2012).) However, this Court rejects the position that a non-practicing entity can *never* establish irreparable harm. As the Supreme Court clearly acknowledged in *eBay*, a plaintiff's "'lack of commercial activity in practicing the patents'" cannot, alone, prevent a plaintiff from receiving an injunction because "traditional equitable principles do not permit such broad classifications." 547 U.S. at 393. Samsung's posture all but invites the Court to go down the path of another impermissible bright-line rule. The Court declines such invitation.

Further, a party's status as non-practicing entity can be a transient one. Any currently non-

---

[1] While Samsung admitted, in its oral argument, that a non-practicing entity could suffer irreparable harm in certain (unexplained) circumstances (*see, e.g.*, Dkt. No. 397 at 82-83), the differences between their briefing and their argument persuade the Court of a need to address this matter.

practicing entity may have once practiced its patents, and may choose to do so again (or for the first time) in the future. The entity may pursue patent assertion as a means of raising the capital needed to convert its operations (or return to its operation) to practicing its patents. To be clear, there are not "two classes" of patents. A non-practicing entity holds patents with the same rights as that of any practicing patent owner. The identity of the patent holder does not impact the rights conferred by the patent granted.

The Supreme Court has long recognized that the rights of a patent holder are equivalent to the rights an owner holds in any other form of property when it comes to the owner's right to use, **or not use**, the property as they see fit. *See, e.g., Cont'l Paper Bag Co. v. E. Paper Bag Co.*, 210 U.S. 405, 429 (1908) ("[I]t is the privilege of any owner of property to use or not use it, without question of motive"). To differentiate between patent owners based on (non)use would be to create a lower second class of patent ownership, implying different and lesser rights. This distinction is not supported by the text of any statute, any decision of the Supreme Court, or any practice by the USPTO. The USPTO does not issue patents with a gold seal if the holder practices the patents, but issues patents with only a silver seal when they do not.

Indeed, the USPTO urges in the Statement of Interest that a non-practicing patentee can demonstrate irreparable harm under certain circumstances. (Dkt. No. 386 at 7.) In particular, the Statement of Interest puts forth that irreparable harm can be demonstrated by a non-practicing entity given that (1) patents can be difficult to value and (2) damages can be difficult to calculate. (*Id*. at 8-10.) The USPTO is correct in this regard.

### iii. Additional Bases for Irreparable Harm

Collision further asserts it has suffered irreparable harm because it has "been denied veto-power control of its patented technology," and because Samsung's infringement caused

8

competitive injury in the "design-win" competition it was engaged in with Samsung's in-house team, and thus "deprived Collision of the competitive benefits that come from a design win—the lock-in effect, the incumbency effect, and goodwill as the winning supplier." (Dkt. No. 346 at 15-18.) At the hearing, Collision clarified that it was "trying to… enter different technology companies' technology stacks. They want their designs to be incorporated into whoever they're talking to's product. In this case, it is Samsung." (Dkt. No. 397 at 27.) Collision asserts that it lost out on this "great validation for Collision" because of Samsung's infringement. (*Id*.)

Further, the Court properly considers ongoing infringement as a part of the irreparable harm analysis, despite its finding that such ongoing infringement does not *automatically* entitle Collision to a finding of irreparable harm as a matter of law.

Responding more directly to Collision's additional bases for irreparable harm, Samsung asserts that Collision's arguments about "design-win" competition are flawed. Samsung argues this point fails both because of Jared Fry's trial testimony, which attributed Collision's business struggles to *Nokia* (not Samsung) losing interest in collaborating with Collision, and because an injunction is forward-looking relief which requires a plaintiff to show they will be harmed in the *future*. (Dkt. No. 357 at 12, citing *Murthy v. Missouri*, 603 U.S. 43, 58 (2024).) Samsung additionally argues that the Federal Circuit's holdings regarding irreparable harm in design win competitions relate to situations where the plaintiff competed with the defendant in the same market for goods using the patent, which is inapplicable since Collision does not compete with Samsung. (Dkt. No. 357 at 13.) Samsung finally asserts that Collision's delay in filing suit, where (according to Samsung) Collision had constructive notice of the infringement by 2015 and did not seek relief until 2023, "shows that the harm it claims is not irreparable." (*Id*. at 14-15.)

The Court finds that Collision's loss of the design-win competition, taken alongside

9

Samsung's ongoing infringement, is sufficient to establish irreparable harm in this case. The Court considers the totality of the circumstances in reaching its conclusion. The Court also notes the struggle incumbent on any patent holder in protecting the right to exclude and the reality that Samsung continues to use the '492 patent against Collision's wishes. *See eBay*, 547 U.S. at 395 (acknowledging "the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes") (Roberts, J., concurring) (emphasis in original).

Accordingly, the Court finds that Collision has established that it has suffered irreparable harm in this case as required for injunctive relief to issue under *eBay*.

## B. Adequacy of Monetary Damages

Collision urges the same arguments (as for irreparable harm) to assert that monetary damages are inadequate to compensate for its injury in this case. Collision again posits that "traditional 18th-century equity practice makes clear that… remedies at law are inadequate to address patent infringement." (Dkt. No. 346 at 15.) Collision further asserts that the denial of veto-power control of its patented technology, and the competitive injury it has suffered from Samsung's infringement, also cannot be remedied by monetary damages. (*Id*. at 15-16.)

The United States similarly urges the same points as it highlighted for irreparable harm, that monetary damages may be inadequate due to the unique challenges which accompany valuing patents and determining monetary damages for infringement. (Dkt. No. 386 at 8-10.)

In response to Collision's arguments about traditional equity practice, Samsung argues that such cases are inapplicable given that "[p]atent practice is different today"—namely, the Federal Circuit now permits both an ongoing royalty for patent infringement in lieu of an injunction, and damages that reflect future use of the patent by the defendant. (Dkt. No. 357 at 8, first citing *Paice.*,

10

504 F.3d at 1314; and then citing *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1565 (Fed. Cir. 1985).) Accordingly, "[a]lthough money damages for future injury were non-existent, and thus inadequate, at Chancery, they exist and are adequate today. So Chancery's presumption of inadequacy does not apply." (Dkt. No. 357 at 8.) Samsung further asserts that "[a] plaintiff like Collision that has consistently sought (and received) money for patent licenses cannot argue that money will be insufficient to remedy any infringement," and that monetary damages are sufficient to remedy Collision's claims of design-win losses as well. (*Id*. at 16.) This argument, however, presupposes that if money damages have been adequate in the past, they will be again in the present case. This argument is unavailing.

The Court declines to find that patent infringement cannot ever be remedied by monetary damages alone, particularly in light of the fact that the Federal Circuit has since determined the Patent Act provides courts the power to award prospective monetary relief. *See Paice*, 504 F.3d at 1314. Similarly, the Court declines to follow Samsung's suggested rule that *any* plaintiff which licenses its patents and does not compete with the defendant is categorically unable to show an inadequacy of monetary damages. *See, e.g., eBay*, 547 U.S. at 393 ("[T]raditional equitable principles do not permit such broad classifications," as "a 'plaintiff's willingness to license its patents' … would be sufficient to establish that the patent holder would not suffer irreparable harm if the injunction did not issue"). Additionally, a plaintiff's ability to seek enhanced monetary damages, as provided for in Section 284 of the Patent Act, in and of itself does not mean the same plaintiff would not be entitled to injunctive relief.

The Court is aware that Collision brought this action seeking money damages as a remedy for past harms. Its First Amended Complaint seeks injunctive relief, as well, and presumptively, for future damages. (*See* Dkt. No. 76.) Collision also sought the potential enhancement of those

damages through their evidence of willfulness. Nothing in Collision's pleadings rises to the level of an admission that money damages are adequate in this case. As with the first *eBay* factor, this Court pays close heed to Chief Justice Roberts when he notes the difficulty of protecting the right to exclude with money damages only. *eBay*, 547 at 395. The Chief Justice also cites with approval the advice of Justice Holmes about understanding and properly applying these equitable standards by noting, "'a page of history is worth a volume of logic.'" *Id.* (quoting *New York Tr. Co. v. Eisner*, 256 U.S. 345, 349 (1921) (opinion for the Court by Holmes, J.)). While the Court also acknowledges the warning in Justice Kennedy's *eBay* concurrence that new forms of commerce and business practices might not always square with the *volume of logic* Justice Holmes referenced, the historical underpinnings of the injunction as an equitable remedy in patent cases must not be ignored or swept away. Considering the totality of the record, the briefing, and the oral arguments, the Court concludes that Collision has demonstrated it meets this factor.

### C. Balance of Hardships

Collision asserts that any hardship to Samsung from complying with a permanent injunction is immaterial under traditional principles of equity. (Dkt. No. 346 at 18 (citing *Liardet v. Johnson* (Ch. 1780) ("[As to the argument] that it will be a hardship to tie the Defendant up for ever from making this [infringing product,]… if the Plaintiffs have established their Right at Law, they are intitled to tie him up").).) Collision further asserts that their proposed injunction is "narrowly tailored to the specific technology found to infringe the '492 patent," and that the one-month grace period Collision proposes the injunction include would "give[] Samsung ample time to bring its infringement to an end." (Dkt. No. 346 at 18.) However, tailoring Collision's proposed injunction to the '492 patent is no concession when enforcement of only the '492 patent is what the Motion seeks.

12

Samsung responds that Collision has presented two historical cases, which reach opposite conclusions on whether a defendant's hardship is material, and that "[s]uch limiting and conflicting Founding-era authority does not provide any basis to depart from the mandatory traditional rule that the defendant's hardship is considered in granting permanent injunctions—much less a basis to ignore Supreme Court precedent" requiring the consideration of a balance of the hardships. (Dkt. No. 357 at 9, citing *eBay*, 547 U.S. at 391.) Samsung then asserts that imposing a permanent injunction in this case would pose severe hardships to thousands of its employees, both in the United States and abroad, that an injunction would "significantly disrupt related third-party businesses like Samsung's suppliers, customers, and retail sellers" by "depriv[ing them] of the benefit of their contracts with Samsung," and that customers would suffer from the limitation on consumer choice in the phone market an injunction would create. (Dkt. No. 357 at 17.)

However, the Court notes that Samsung's arguments on this factor clearly conflate a balance of the hardships between the parties with the public interest factor. Samsung's assertions that customers and third parties would suffer if an injunction were to be imposed are properly considered by the Court as part of the public interest factor. They have no bearing on balancing the hardships *Collision and Samsung* will face if an injunction were to be imposed.

Regarding Samsung's employee arguments, Samsung seems to suggest that the mere scale of its operations means the Court should not issue an injunction against it. Samsung asserts that it "has close to 20,000 full-time employees in the United States alone, … [and] 'assembly plants and sales networks in 88 countries and employees around 370,000 people.'" (Dkt. No. 357 at 17 (internal citation omitted).) The only argument Samsung makes for hardship *it* will face (as opposed to hardship its customers and third-parties will face), is the conclusory statement that "Collision's broad proposed order would ***impose burdens*** on each of those employees in each of

13

those countries." (*Id.* (emphasis added).) However, Samsung's employees are not Samsung the corporate entity. The Court also finds these arguments unpersuasive, given both the lack of specificity Samsung has provided as well as the fact that they do not apply to Samsung as an *entity*.

The Federal Circuit has expressly held, regarding this factor, that "[a] party cannot escape an injunction simply because it is smaller than the patentee or because its primary product is an infringing one." *Robert Bosch*, 659 F.3d at 1156. It stands to reason that the reverse is true as well. Samsung cannot avoid *ever* being enjoined because of its status as a global commercial enterprise. It points to no authority stating that the size of a company can or should be a material factor. For global companies like Samsung, there is no protective shield of being "too big to be enjoined," any more than there is a statutory shield of being "too big to fail" in the global financial sector. As the Federal Circuit's analysis in *Robert Bosch* demonstrates, the hardship each party alleges, and the appropriate balance to be struck between them, is to be assessed in the context of that party's circumstances and relationship to the harm stemming from either the granting or denial of an injunction.

However, Collision's briefing on this point is similarly deficient. Collision makes the conclusory argument that Samsung will not suffer any hardship. In its oral argument, Collision acts as though its bearing the brunt of the hardships is *a fait accompli*. (*See* Dkt. No. 379.) It then makes no effort to identify any particular or specific hardship it would face if an injunction were not to issue. (*See* Dkt. No. 346 at 18.)

Given the Supreme Court expressly instructs in *eBay* for courts to "consider[] the balance of hardships between plaintiff and defendant," 547 U.S. at 391, the Court declines Collision's invitation to adopt another categorical rule—that harm to an infringing defendant is immaterial in the permanent injunction analysis—which would essentially remove this factor from the Court's

14

consideration.

At the hearing on the Motion, Collision urged that "the hardship factor is largely going to be satisfied by having an injunction that is narrowly tailored to the infringement," and that Collision believes "Samsung could comply with this injunction." (Dkt. No. 397 at 23, 43.) Samsung rightly emphasized that Collision bears the burden on this factor. (*Id.* at 69.) It then argued such burden has not been met by Collision. (*Id.*)

The Court finds that both sides have made a rather poor showing on this issue. The lack of mutual specifics leave the Court little to go on. While Collision argues its proposed injunction is narrow and tailored, it must still meet its burden to show the balance of hardships between the parties falls on it. Ultimately, the burden is on the *plaintiff* to show that a remedy in equity is warranted considering the balance of the parties' hardships. *See eBay*, 547 U.S. at 391. Accordingly, the Court finds that Collision has not met its burden of establishing that the balance of the hardships favors injunctive relief, in light of its failure to identify any particular hardship it would face if the injunction were to be denied, and its bare assertions that Samsung would have no issue complying with the proposed "tailored" injunction. The hardships each would bear must be identified clearly and then compared fairly. Collision makes an argument that this factor can be "largely satisfied" by considering only the breadth and scope of the injunction it has proposed—but again, there is no presumption that Collision is entitled to relief or can automatically meet this factor through any showing other than a showing of the relative hardships between the parties.[2]

---

[2] In addition, Collision has made inconsistent arguments from trial to now in how necessary this technology is to Samsung and whether there are any alternatives. Samsung represented at the hearing that to date it has not successfully identified noninfringing alternatives to using this technology (where Collision argued at trial, to support its damages figure, that there are not adequate noninfringing alternatives in the market). (Dkt. No. 397 at 75-78.) It is insufficient for Collision to now make the bare assertion that the injunction is "narrowly tailored… and so imposes no cognizable harm on Samsung," as it "does not require Samsung to develop new single-user MIMO algorithms; rather, it would only require Samsung to limit its existing single user MIMO algorithms to a non-infringing subset." (Dkt. No. 346 at 18.) Collision cannot assert at trial that there are no noninfringing alternatives, and now succeed based on the conclusory suggestion that Samsung can easily operate around the injunction.

15

Collision has fallen short on this factor.

### D. Public Interest

Collision asserts that an injunction against Samsung would serve the public interest, as it would "correct th[e] dynamic" of "perpetual litigation [being] more attractive than licensing to accused infringers when the accumulated unpaid licensing fees cost more than litigation." (Dkt. No. 346 at 19.) In support of this position, Collision relies primarily on a pre-*eBay* district court decision which states that "[t]he actual market beats judicial attempts to mimic the market every time, making injunctions the normal and preferred remedy." (*Id.*, citing *In re Mahurkar Double Lumen Hemodialysis Catheter Pat. Litig.*, 831 F. Supp. 1354, 1397 (N.D. Ill. 1993) (Easterbrook, J.).)

Samsung responds that the public interest factor tilts in its favor here, as a permanent injunction will harm its employees as well as customers and third parties. (Dkt. No. 357 at 18.) Samsung asserts that "[a]n injunction would drive up the price of smart phones, limit consumer choice, prevent necessary repairs, and prevent wireless carriers from meeting consumer demand." (*Id.* at 19.) Samsung argues that because it accounts for 30% of the market share for smart phones in the United States (and is approximately 58% of the domestic non-iOS smart phone market), an injunction would create "severe practical and economic issues for would-be users and thus does not serve the public interest." (*Id.* at 20.) Samsung further states an injunction would "impose burdens" on each of its employees "in each of th[e] [88] countries" where Samsung has assembly plants and sales networks. (*Id.* at 17.) Samsung again seems to imply, "We are too big to be enjoined."

On the other hand, Collision again seems to urge a categorical rule that the public interest will *always* favor an injunction, since an injunction can be used as a tool by the Court to correct the behavior of parties who may prefer litigation to licensing where unpaid licensing fees might

16

cost more than the litigation.[3] Similarly, Samsung returns to its earlier argument that it is a global corporation such that an injunction against it will always harm the public unduly. Unfortunately, neither party addresses the steps either could take to mitigate possible public harm. However, the "touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a **workable balance** between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (emphasis added). Let this Court be clear, neither party is entitled to the categorical rule they each seek.

It is generally in the public interest to uphold and protect patent rights, but the burden nevertheless remains on a plaintiff "to show that the public interest would be better served though an injunction under the circumstances of **this** case." *Laserdynamics*, 2010 WL 2574059, at *3 (emphasis added). The burden is clearly on Collision to demonstrate "that that the public interest would not be *disserved* by a permanent injunction." *eBay*, 547 U.S. at 391 (emphasis added). Collision stating that its own proposed injunction is narrow and tailored, alone, is not sufficient.

At the hearing, Collision pointed to the power of an injunction to "correct" the fact that "Samsung assum[ed] it ha[d] the right to take [Collision's] technology… [by] forc[ing] Samsung to confront the reality of having to live without someone else's technology." (Dkt. No. 397 at 30.)

---

[3] Taking this argument together with Collision's previous assertions regarding irreparable harm and monetary damages being established as a matter of law, and the argument that harm to Samsung is immaterial in this analysis, Collision signals itself to be seeking a return to the Federal Circuit's pre-*eBay* practice of near-automatic injunctions once infringement is found. In particular, earlier in its brief Collision asserts that "injunctive relief should be ordinary relief in patent-infringement cases in U.S. federal courts today. 'Ordinary' does not mean automatic. Injunctions could still be denied for public interest reasons." (Dkt. No. 346 at 5.) It seems to be Collision's position that the public interest factor is the only area where courts should do in-depth analysis—yet in its public interest section, Collision argues that private licensing negotiations between the parties (which an injunction would force) are "[an] outcome [that is] superior **in every case**." (*Id*. at 19 (emphasis added).) While the Court has already declined to adopt Collision's position that ongoing infringement constitutes irreparable harm as a matter of law, it is worth noting the line Collision wrongly attempts to draw in the sand that the public interest consideration is the only factor that could potentially limit an injunction in a case of ongoing infringement, and yet the public interest factor will (per Collision) also always favor injunctive relief. Collision's briefing seems to say, "Heads I win, tales you lose."

17

Similar to its analysis on the balance of the hardships factor, the Court finds that Collision cannot point to a general idea that the enforcement of patent rights is usually in the public interest to meet its burden on this factor. Collision has made no showing that in *this* case, on *these particular facts*, the importance of upholding the patent system and encouraging future parties to negotiate with patent holders rather than to strategically infringe meets its burden to show that the public interest will not be disserved by an injunction. The Court does not find that Collision has met its burden on this factor.

IV.     **CONCLUSION**

For the reasons stated herein, the Court finds that Collision has not met each of the four factors required to establish it is entitled to injunctive relief under *eBay* in this case. Accordingly, the Court finds that Collision's Motion for Permanent Injunction should be and hereby is **DENIED**.

## So Ordered this

**May 17, 2026**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

18