**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COLLISION COMMUNICATIONS, INC., | § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | | CIVIL ACTION NO. 2:23-CV-00587-JRG |
| *Defendants*. | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the Motion for Supplemental Damages, Prejudgment, and Post-judgment Interest (the "Motion") filed by Plaintiff Collision Communications, Inc. ("Collision"). (Dkt. No. 343.) Having considered the Motion and all related briefing, the Court finds that it should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.      BACKGROUND

Collision filed the above-captioned case against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") on December 12, 2023. (Dkt. No. 1.) The case proceeded to trial on October 3, 2025. (Dkt. No. 307.) On October 10, 2025, the jury returned its verdict. (Dkt. No. 313.) The jury found infringement of all asserted claims and that none of the asserted claims were invalid. (*Id*. at 4-6.) The jury further found that Samsung's infringement was willful. (*Id*. at 9.) The jury awarded damages in the form of a reasonable royalty in the amount of $445,494,160.00, structured as a running royalty. (*Id*. at 8.) The Court entered its Final Judgment based on the verdict on November 12, 2025. (Dkt. No. 331.) Collision then filed the instant Motion on December 10, 2025. (Dkt. No. 343.)

## II.    LEGAL STANDARD

The Supreme Court has established that "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). In exercising that discretion, courts are to consider "the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Id.*, quoting *Devex*, 461 U.S. at 655.

Similarly, the amount of supplemental damages "is committed to the sound discretion of the district court." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008).

Finally, "[p]ost-judgment interest applies to patent cases and is mandatory." *Whirlpool Corp. v. TST Water LLC*, No. 2:15-cv-01528-JRG, 2018 WL 1536874, at \*12 (E.D. Tex. Mar. 29, 2018).

## III.    ANALYSIS

Collision seeks prejudgment interest, supplemental damages, and post-judgment interest. The Court takes up each request in turn below.[1]

### A.  Prejudgment Interest

Collision seeks an award of prejudgment interest at the prime rate, compounded quarterly as the running royalty accrues. (Dkt. No. 343 at 2-3.) Samsung responds that Collision is not entitled

---

[1] Samsung asserts, as a threshold matter, that the Court should defer ruling on interest and supplemental damages until after appeal. (Dkt. No. 354 at 1-2.) The Court does not find this argument compelling, where Samsung's only reason for arguing to delay a determination on the merits is that "[r]esolution of [post-trial] issues by either this Court or the Federal Circuit could eliminate the need for the Court to ever reach Collision's request for additional money remedies (or at least could drastically change their calculation)." (*Id.*) There is nothing particularly unique about this case that warrants deferring a consideration of the merits as to Collision's Motion.

to prejudgment interest, but in the event the Court should find it is, that such interest should be set at the T-Bill rate. (Dkt. No. 354 at 6-10.)

As a threshold matter, the Court does find that Collision is entitled to prejudgment interest. Samsung asserts that Collision should be denied prejudgment interest because "Collision waited many years to bring its case," and because "an award of nearly half a billion dollars already would make Collision more than 'whole' for Samsung's alleged infringement." (*Id* at 6, 8.) The Court does not find that Collision "delayed" in bringing suit to such a degree as would undercut its entitlement to prejudgment interest. The Court is further unpersuaded by Samsung's argument that the jury verdict already makes Collision whole. The jury verdict does not account for the "foregone use of money between the time of infringement and the date of judgment." *See Devex*, 461 U.S. at 655. Such foregone use of money is a necessary part of fully compensating Collision.

The Court further finds that such prejudgment interest should be set at the five-year T-Bill rate, compounded quarterly as the running royalty accrues.[2] This Court and many others typically award prejudgment interest set at the T-Bill rate, and the Court sees no compelling reason to depart from that practice in this case. *See, e.g.*, *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, No. H-03-2910, 2006 WL 3227315, at *5 (S.D. Tex. Nov. 6, 2006) ("[I]nterest awarded at the treasury bill rate is appropriate in patent cases, absent evidence that justifies a higher rate") (citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997)).

Accordingly, Collision's request for prejudgment interest is **GRANTED AS MODIFIED**, as set forth herein.

---

[2] The parties agree, and the Court confirms, that such interest should be applied as the running royalty is accrued so as to account for new accused products being sold in the marketplace over time. (*See* Dkt. No. 343 at 3; Dkt. No. 354 at 10 n.3.)

3

### B. Supplemental Damages

Collision requests supplemental damages for post-verdict sales of the accused products and for products not more than colorably different from the accused products at trial. Collision further asserts that the prejudgment interest award should apply to any supplemental damages award.

i.     Post-verdict sales

Collision provides the following figures based on the damages figure the jury awarded, derived from their damages expert's report and testimony at trial: Collision seeks a supplemental damages rate of 0.234% for infringing sales occurring between the verdict and December 12, 2025 (the expiration date for the '703 patent), and a rate of 0.085% of revenue (based only one the '492 patent) for remaining sales from December 13, 2025 to the present.[3] (Dkt. No. 343 at 6.) Samsung responds that it "does not oppose Collision's request for supplemental damages of post-verdict sales." (Dkt. No. 354 at 1 n.1.) Accordingly, this portion of Collision's Motion is **GRANTED**.

ii.     Products not more than colorably different

Next, Collision seeks supplemental damages "on products that are 'not more than colorably different' from the products at issue in the case." (Dkt. No. 343 at 6.) Collision asserts that the Court should "enter judgment determining that not-colorably-different-products incur the same effective royalty rate" presented above of 0.234% for sales prior to December 12, 2025, and a rate of 0.085% for subsequent sales. (*Id.* at 8.) Collision does not make any attempt in the Motion to state what these products would be, other than mentioning the Galaxy S24, a product released in January 2024 and upon which Collision did not take discovery and which was not included in its experts' reports. (*Id.* at 7.)

---

[3] Collision seeks this supplemental damages figure from December 13, 2025 up to "the date on which the Court issues Collision's requested injunction." (Dkt. No. 343 at 6.) Given that the Court has since declined Collision's request for an injunction (*see* Dkt. No. 400), the Court instead construes this request be for ongoing supplemental damages into the present.

Collision relies on the Federal Circuit's opinion in *SRI International, Inc. v. Cisco Systems, Inc.* to assert that the Court should reconsider its previous practice of declining to include products not considered by the jury at trial in a supplemental damages award. (*Id.* at 9, citing 930 F.3d 1295, 1312 (Fed. Cir. 2019).) While the Federal Circuit in *SRI International* did determine that it is permissible for a district court to award an ongoing royalty on post-verdict sales as to "products that were actually found to infringe and products that were not colorably different," it did not hold that a district court *must* include products which are not colorably different in a party's supplemental damages award. *See* 930 F.3d at 1312.

The Court does not find that the relief Collision seeks is appropriate in this case. Collision seeks to extend its damages award to products "that were not previously accused of infringing or otherwise identified in this lawsuit," which, as this Court has previously acknowledged, "raises many concerns." *See Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, No. 2:15-cv-00351-JRG, 2017 WL 6268735, at *5 (E.D. Tex. Dec. 8, 2017). Collision states outright that it does not yet know and "does not propose that the Court should determine whether any specific device is essentially the same in this judgment." (Dkt. No. 367 at 2). Additionally, as Samsung notes in response, the single example product Collision lists is the Galaxy S24, a product that was released in January 2024, only a month after this case was filed and well within the time that Collision could have sought to add these products to the case, collect discovery on these products, and include them in their infringement contentions. (Dkt. No. 354 at 3.)

The Court does not find that it should apply the jury's royalty rate to these products that were not before the jury or part of the trial, especially where Collision's single exemplar is a product

that could have been but was not included in this case. Accordingly, this portion of Collision's Motion is **DENIED**.[4]

### iii.    Prejudgment interest on supplemental damages

Collision further requests that the Court's prejudgment interest award apply to "all supplemental damages amounts," without providing individual analysis for its post-verdict sales versus products "not colorably different" supplemental damages. (Dkt. No. 343 at 10.) Samsung responds that for damages on post-verdict sales of the products found by the jury to infringe, "logic dictates that no prejudgment interest should apply to such sales as those sales representing damages from ongoing infringement that was not 'due' until after the verdict." (Dkt. No. 354 at 10.)

There is a one-month gap between the time of the jury's verdict, rendered on October 10, 2025, and the Court's entry of judgment on November 12, 2025. (*See* Dkt. Nos. 313, 331.) Accordingly, the Court finds that its award of prejudgment interest also applies to the supplemental damages figure for post-verdict sales during the above stated period between the verdict and the Court's entry of judgment.

### C.  Post-Judgment Interest

Finally, Collision seeks post-judgement interest "set at the lawful federal rate under the statute, calculated from the date of entry of judgment, at the one-year T-bill rate, compounded annually." (Dkt. No. 343 at 11.) "Collision requests that this amount apply to the entire amount of the judgment, including attorney's fees, costs, supplemental damages, and prejudgment interest." (*Id*.)

---

[4] Collision alternatively asserts that "[i]f the Court is inclined to omit supplemental damages on any not-more-than colorably-different products from the judgment, the Court should at least confirm that such products were not part of this case, and protect against any potential later procedural wrangling on claim preclusion issues with respect to such products." (Dkt. No. 343 at 10.) In response, Samsung asserts that "such a ruling is unnecessary here," given "[t]here is no question these non-adjudicated products were not part of the jury verdict, and there is no need for a Court order confirming that fact." (Dkt. No. 354 at 5.) Ultimately, both parties are saying the same thing—that these products were not a part of this case. The Court confirms that Collision's unspecified "not colorably different" products were never before the Court or the jury prior to the return of the jury's verdict.

6

In response, Samsung states that it "does not oppose Collision's request for… post-judgment interest." (Dkt. No. 354 at 1 n.1.)

Accordingly, in light of Samsung's non-opposition to Collision's request for post-judgement interest, the Court finds that it should be and hereby is **GRANTED**. Collision is entitled to post-judgment interest at statutory rate, per 28 U.S.C. § 1961. *See Whirlpool*, 2018 WL 1536874 at *12.

## IV. CONCLUSION

For the reasons stated herein, Collision's Motion Supplemental Damages, Prejudgment, and Post-judgment Interest (Dkt. No. 343) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above.

**So ORDERED and SIGNED this 16th day of July, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE